UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

0

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-08833-CAS(CWx) | Date | April 14, 2014 |
|---|---|---|---|
| Title | BARBARA WALDRUP V. COUNTRYWIDE FINANCIAL CORPORATION; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants |
|---|---|
| Mark Pifko<br>Roland Tellis | Douglas Thompson |

**Proceedings:** MOTION TO DISMISS PLAINTIFF'S COMPLAINT (Dkt. 14, filed January 24, 2014)

## I.    INTRODUCTION

On November 27, 2013, plaintiff Barbara Waldrup filed this putative class action against defendants Countrywide Financial Corporation ("CFC"), Countrywide Home Loans ("CHL"), Countrywide Bank, N.A. ("Countrywide"), Bank of America Corporation ("BOA"), LandSafe, Inc., and LandSafe Appraisal, Inc (collectively, "LandSafe").  Plaintiff asserts claims for (1) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 et seq., (2) violation of the Racketeer Influence and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c), (3) conspiracy to violate RICO, 18 U.S.C. § 1962(d), (4) fraud, and (5) unjust enrichment.  Plaintiff seeks to assert claims on behalf of the following proposed class:

> All residents of the United States of America who, during the period January 1, 2003 through December 31, 2008, obtained an appraisal from LandSafe in connection with a loan originated by Countrywide.

Compl. ¶ 60.

On January 24, 2014, defendants filed a motion to dismiss the complaint.  On February 28, 2014, plaintiff opposed the motion, and on March 14, 2014, defendants replied. On April 14, 2014, the Court held a hearing.  After considering the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

0

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-08833-CAS(CWx) | Date | April 14, 2014 |
|---|---|---|---|
| Title | BARBARA WALDRUP V. COUNTRYWIDE FINANCIAL CORPORATION; ET AL. | | |

## II.    BACKGROUND

Plaintiff Barbara Waldrup is a citizen of Texas.  Compl. ¶ 13.  In 2004, plaintiff obtained a loan from Countrywide to purchase a home.  Plaintiff alleges that, as part of this loan transaction, Countrywide required her to procure an appraisal of the property being purchased.  Countrywide directed plaintiff to get that appraisal from LandSafe, which charged plaintiff $400 for the appraisal.  Id. ¶ 53.  Later, in 2007, plaintiff refinanced her home for a second time through Countrywide.[1]  Countrywide again required plaintiff to seek an appraisal from LandSafe.  Plaintiff paid $320 for this second appraisal.  Id. ¶ 54.

Plaintiff alleges that these two appraisals were worthless.  Rather than supplying plaintiff with an accurate valuation of her property, LandSafe inflated the value of the property in order to ensure that the loans would be approved.  Plaintiff alleges that LandSafe performed these inflated appraisals at the behest of Countrywide, which in the mid-2000s sought to originate as many mortgages as possible to fill demand.  Id. ¶ 41.  Because a loan could not go forward if the property securing the loan was insufficiently valuable, Countrywide thus attempted to loosen appraisal standards in order to remove an impediment to rapid loan origination.  Id.  To this end, plaintiff alleges that Countrywide "developed an affiliation" with LandSafe, which served as a captive appraiser that would deliver the inflated appraisals Countrywide needed to justify its loans.  Id. ¶ 42.  Plaintiff asserts that LandSafe inflated the two appraisals it sold to her in 2004 and 2007 as part of this scheme to assist Countrywide in originating as many loans as possible.

Plaintiff contends that the details of Countrywide's scheme to procure inflated appraisals first came to light as the result of a whistleblower who was employed by LandSafe between 2004 and 2008.  Id. ¶¶ 43-44.  On May 13, 2009, this whistleblower, an individual named Kyle Lagow, filed a sealed *qui tam* complaint against Countrywide, BOA, LandSafe and others pursuant to the False Claims Act, 31 U.S.C. § 3729, et seq.  Id. ¶ 43.  Lagow's whistleblower complaint revealed the alleged relationship between Countrywide and LandSafe, and the resultant inflation of appraisal values.  Lagow's

---

[1] Although plaintiff's complaint alleges that this second loan transaction took place in 2008, this appears to be an error.  Plaintiff's opposition indicates that plaintiff sought to refinance her home in 2007.  Opp. 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

0

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-08833-CAS(CWx) | Date | April 14, 2014 |
|----------|------------------------|------|----------------|
| Title | BARBARA WALDRUP V. COUNTRYWIDE FINANCIAL CORPORATION; ET AL. | | |

complaint included allegations that LandSafe officers instructed appraisal managers that "LandSafe appraisers were there to help facilitate a Countrywide loan closing." Id. ¶ 49. Plaintiff asserts that the Countrywide scheme was not exposed until the Lagow complaint was first unsealed in May 2012. Id. ¶ 43.

## III.   LEGAL STANDARD

### A. Motion to Dismiss

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

0

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-08833-CAS(CWx) | Date | April 14, 2014 |
|----------|------------------------|------|----------------|
| Title | BARBARA WALDRUP V. COUNTRYWIDE FINANCIAL CORPORATION; ET AL. | | |

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials).  In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201.  In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6).  United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted.  Fed. R. Civ. P. 15(a).  However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

### B. Rule 9(b)

Federal Rule of Civil Procedure 9(b) requires that the circumstances constituting a claim for fraud be pled with particularity.  Federal Rule of Civil Procedure 9(b) applies not just where a complaint specifically alleges fraud as an essential element of a claim, but also where the claim is "grounded in fraud" or "[sounds] in fraud."  Vess v. Ciba-Geigy Corp. U.S.A., 317 F.3d 1097, 1103-04 (9th Cir. 2003).  A claim is said to be "grounded in fraud" or "'sounds in fraud'" where a plaintiff alleges that defendant engaged in fraudulent conduct and relies on solely on that conduct to prove a claim.  Id. "In that event, . . . the pleading of that claim as a whole must satisfy the particularity requirement of [Fed. R. Civ. P.] 9(b)."  Id.  However, where a plaintiff alleges claims grounded in fraudulent and non fraudulent conduct, only the allegations of fraud are subject to heightened pleading requirements.  Id. at 1104.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

*0*

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-08833-CAS(CWx) | Date | April 14, 2014 |
|---|---|---|---|
| Title | BARBARA WALDRUP V. COUNTRYWIDE FINANCIAL CORPORATION; ET AL. | | |

A pleading is sufficient under Fed. R. Civ. P. 9(b) if it "[identifies] the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations."  Walling v. Beverly Enters., 476 F.2d 393, 397 (9th Cir. 1973).  This requires that a false statement must be alleged, and that "circumstances indicating falseness" must be set forth.  In re GlenFed Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994).  Thus, Rule 9(b) requires a plaintiff to "identify the 'who, what, when, where and how of the misconduct charged,' as well as 'what is false or misleading about [the purportedly fraudulent conduct], and why it is false.'"  Cafasso, ex rel. United States v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting Ebeid ex rel. United States v. Lungwitz, 616 F.3d 993, 998 (9th Cir. 2010)).

## IV.   ANALYSIS

### A. Statute of Limitations

Defendants first argue that all of plaintiff's claims are barred by the applicable statutes of limitations.  Plaintiff's last appraisal occurred in June 2007, nearly six and a half years before the complaint was filed. Compl. ¶¶ 53-54.  Similarly, the complaint's class-action allegations are confined to consumers who obtained appraisals before December 31, 2008.  According to defendants, plaintiff's claims all have statutes of limitations that range between three and four years.  See Pincay v. Andrews, 238 F.3d 1106, 1108 (9th Cir. 2001) ("The statute of limitations for civil RICO actions is four years."); Cal. Bus. & Prof. Code § 17208 ("Any action to enforce any cause of action pursuant to [the UCL] shall be commenced within four years after the cause of action accrued."); Cal. Civ. Proc. Code § 338 (three year statute of limitations for "[a]n action for relief on the ground of fraud or mistake"); F.D.I.C. v. Dintino, 167 Cal. App. 4th 333, 348 (2008) (three year statute of limitations for unjust enrichment).  Accordingly, defendants contend that all of plaintiff's claims are time-barred.

Plaintiff responds with two arguments.  First, plaintiff contends that under the "discovery rule," the various statutes of limitations did not begin to run until plaintiff discovered the alleged fraud at issue in this case.  Under California law, "the discovery rule 'permits delayed accrual [of a cause of action] until a plaintiff knew or should have known of the wrongful conduct at issue.'"  El Pollo Loco, Inc. v. Hashim, 316 F.3d 1032,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-08833-CAS(CWx) | Date | April 14, 2014 |
|---|---|---|---|
| Title | BARBARA WALDRUP V. COUNTRYWIDE FINANCIAL CORPORATION; ET AL. | | |

1039 (9th Cir. 2003) (quoting April Enter., Inc. v. KTTV and Metromedia, Inc., 147 Cal. App. 3d 805, 832 (1983)). Additionally, "[t]he discovery rule has been observed as a matter of federal law." Bibeau v. Pac. Nw. Research Found. Inc., 188 F.3d 1105, 1108 (9th Cir. 1999) (citing U. S. v. Kubrick, 444 U.S. 111, 120 (1979)).  As relevant here, plaintiff alleges that she first became aware that her appraisals were fraudulent in May 2012, when the Lagow whistleblower complaint alleging misconduct at LandSafe was first unsealed.  Compl. ¶ 43.  Plaintiff thus argues that the statutes of limitations should run from May 2012, and that her claims are therefore all timely.

Second, plaintiff argues in the alternative that the statutes of limitations should be equitably tolled under the doctrine of fraudulent concealment.  "Equitable estoppel, also termed fraudulent concealment, halts the statute of limitations when there is active conduct by a defendant, above and beyond the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from suing in time." Guerrero v. Gates, 442 F.3d 697, 706 (9th Cir. 2006) (quotations omitted).  Here, plaintiff contends that defendants "concealed the true character, quality, and nature of their fraudulent appraisal scheme." Compl. ¶ 57.  As a result, plaintiff was "kept ignorant of critical information required for the prosecution of their claims."  Id. ¶ 56.  Plaintiff assets that defendants' efforts to conceal their appraisal scheme should therefore equitably toll the statutes of limitations.

Defendants resist these arguments on the grounds that plaintiff has not pled facts showing her diligence in the period between when she first received her appraisals and the unsealing of the *qui tam* complaint in May 2012.[2]  Under both the discovery rule and the doctrine of fraudulent concealment, a plaintiff seeking to avoid the statute of limitations must plead with particularity facts showing the plaintiff's "inability to have made earlier discovery despite reasonable diligence." Camsi IV v. Hunter Tech. Corp., 230 Cal. App. 3d 1525, 1536-37 (1991). See, e.g., Baker v. Beech Aircraft Corp., 39 Cal. App. 3d 315, 321 (1974) ("In order to establish fraudulent concealment, the complaint must show: (1) when the fraud was discovered; (2) the circumstances under which it was discovered; and (3) that the plaintiff was not at fault for failing to discover it or had no actual or presumptive knowledge of the fact sufficient to put him on inquiry."); Anderson

---

[2] Defendants focus on the doctrine of fraudulent concealment and do not separately address the discovery rule.  Because both doctrines require the plaintiff to have acted diligently, the Court addresses plaintiff's two arguments collectively.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

0

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-08833-CAS(CWx) | | Date | April 14, 2014 |
|---|---|---|---|---|
| Title | BARBARA WALDRUP V. COUNTRYWIDE FINANCIAL CORPORATION; ET AL. | | | |

v. Brouwer, 99 Cal. App. 3d 176, 182 (1979) ("Formal averments or general conclusions to the effect the facts were not discovered until a stated date, and that plaintiff could not reasonably have made an earlier discovery, are useless . . . . The complaint must set forth specifically (1) the facts of the time and manner of the discovery; and (2) the circumstances which excuse the failure to have made an earlier discovery."). Defendants contend that plaintiff has not pled facts showing that she exhibited any diligence at all in investigating these claims prior to the unsealing of the whistleblower complaint in May 2012. Plaintiff received her appraisals in 2004 and 2007. If, as plaintiff alleges, these appraisals overstated the value of her home, plaintiff could have discovered that her home was worth less than the appraisal indicated without any need to wait for the revelations of the May 2012 unsealing of the whistleblower complaint.

The Court finds this argument unpersuasive. Although plaintiffs must act diligently to invoke the discovery rule or the doctrine of fraudulent concealment, diligence does not mean investigating any and all potential wrongdoing. A "plaintiff is not barred because the means of discovery were available at an earlier date provided he has shown that he was not put on inquiry by [the] circumstances." Hobart v. Hobart Estate Co., 26 Cal. 2d 412, 439 (1945). Here, plaintiff has alleged that she was not placed on inquiry notice of the alleged fraud until the unsealing of the whistlebower complaint in May 2012. This allegation may or may not be true—perhaps plaintiff knew enough prior to May 2012 that due diligence would require further investigation of her appraisals. But "we leave the question of whether a plaintiff knew or should have become aware of a fraud to the jury." Beneficial Standard Life Ins. Co. v. Madariaga, 851 F.2d 271, 275 (9th Cir. 1988).

Bibeau v. Pac. Nw. Research Found. Inc., 188 F.3d 1105 (9th Cir. 1999), is instructive. In Bibeau, the plaintiff alleged that as a state prisoner in the 1960s, his genitalia were exposed to high amounts of radiation as part of medical experiments conducted under the auspices of the Atomic Energy Commission. Id. at 1107. Over thirty years later, plaintiff brought numerous claims against the doctors and organizations who had performed the experiments. The district court granted summary judgment in favor of the defendants, finding that all of plaintiff's claims were barred by the applicable statutes of limitations.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

0

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-08833-CAS(CWx) | Date | April 14, 2014 |
|---|---|---|---|
| Title | BARBARA WALDRUP V. COUNTRYWIDE FINANCIAL CORPORATION; ET AL. | | |

The Ninth Circuit reversed. It began by explaining that "[b]ecause it is inequitable to bar someone who has no idea he has been harmed from seeking redress, the statute of limitations has generally been tolled by the 'discovery rule.'" Id. at 1108. But "[t]here is a twist to the discovery rule: The plaintiff must be diligent in discovering the critical facts. As a result, a plaintiff who did not actually know that his rights were violated will be barred from bringing his claim after the running of the statute of limitations, if he should have known in the exercise of due diligence. Id. (quoting Herrera–Diaz v. United States, 845 F.2d 1534, 1537 (9th Cir. 1988)). Applying this standard, the district court in Bibeau "held that [the plaintiff] had failed to diligently investigate his symptoms." Id. As indicated above, however, whether a plaintiff acted diligently is a question of fact. See Simmons v. United States, 805 F.2d 1363, 1368 (9th Cir. 1986). And although the district court in Bibeau purported felt comfortable resolving this question of fact by granting summary judgment, "the district court did not specify *when* Bibeau was, or should have been, aware of the fact that he had been injured by the [e]xperiments." The Ninth Circuit found this "telling," because it "highlight[ed] the fact-intensive nature of the issue the district court resolved in granting summary judgment." And in the Ninth Circuit's view, the fact-intensiveness of the diligence question precluded summary judgment. Instead, "[a] trier of fact could find that a reasonable person would not necessarily have connected Bibeau's symptoms to the [e]xperiments." Id. at 1109.

This is all the more true here, where this case is at the motion to dismiss stage, rather than on summary judgment. Accordingly, the Court declines to find as a matter of law that plaintiff cannot avail herself of either the discovery rule or the doctrine of fraudulent concealment.

**B. Fraud Claims**

Plaintiff assets claims for fraud, violation of RICO, and conspiracy to violate RICO. Plaintiff's RICO claims are explicitly predicated on allegations of mail and wire fraud. See Compl. ¶¶ 95, 111. Because plaintiff's claims sound in fraud, Fed. R. Civ. P. 9(b) requires that plaintiff "state with particularity the circumstances constituting fraud or mistake." See also Vess, 317 F.3d at 1103-04.

Here, the Court finds that plaintiff has not stated her fraud claims with the requisite particularity. To explain why, the Court begins with plaintiff's common law claim for fraud. To state a claim for fraud under California law, a plaintiff must allege "(a)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-08833-CAS(CWx) | Date | April 14, 2014 |
|---|---|---|---|
| Title | BARBARA WALDRUP V. COUNTRYWIDE FINANCIAL CORPORATION; ET AL. | | |

misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damages." Kearns v. Ford Motor Co., 567 F.3d 1120, 1126 (9th Cir.2009) (quoting Engalla v. Permanente Medical Group, Inc., 15 Cal. 4th 951, 974 (1997)). Starting with the first element— misrepresentation—the plaintiff alleges that "[defendants concealed and suppressed material facts, namely, the fact they had created phony appraisals of real property in order to rapidly close real estate loans which were then sold to other investors." Compl. ¶ 124.

This allegation, however, is susceptible of at least two distinct interpretations. On the one hand, paragraph 124 could be interpreted to allege that defendants misrepresented that the appraisals were accurate. On the other hand, paragraph 124 could be read to allege that defendants misrepresented the value of plaintiff's house. Put more simply: on the first interpretation, the misrepresentation is about the appraisal, while on the second interpretation, the misrepresentation is the appraisal.

This distinction is critical, because the two readings each correspond to a different theory of fraud. On the first reading, defendants defrauded plaintiff by promising that if she paid them a fee of roughly $400, defendants would provide plaintiff with an accurate appraisal. Plaintiff relied upon this representation when she decided to purchase the appraisal, and was damaged when she received an inaccurate—and thus presumably less valuable—appraisal. On the second reading of paragraph 124, defendants defrauded plaintiff by the very act of communicating the appraisal—i.e., by informing plaintiff that her house was worth a certain amount. Plaintiff then relied upon those representations when she decided to borrow money against her property, and was damaged when the value of her house turned out to be insufficient to support the loan.

This ambiguity is fatal to plaintiff's complaint as currently pled because plaintiff equivocates between these two theories of fraud. In paragraph 126 of the complaint, for example, plaintiff alleges that "had the true nature of the Defendants' manipulation been disclosed to Plaintiff and members of the Class, they would not have paid for the phony appraisals." Similarly, in her opposition to defendants' motion to dismiss, plaintiff states that "this case is *not* about whether Plaintiff would have proceeded with her 2004 or 2007 home loan in the absence of the Countrywide Enterprise's phony, inflated "appraisals" of her property. The core issue in this case is that, if the Countrywide Enterprise had

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

0

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-08833-CAS(CWx) | Date | April 14, 2014 |
|---|---|---|---|
| Title | BARBARA WALDRUP V. COUNTRYWIDE FINANCIAL CORPORATION; ET AL. | | |

_disclosed_ the true nature of the phony, inflated "appraisals" conducted on Plaintiff's property, then _she would not have paid for them._  Opp. 16 (emphasis in original).  These allegations and arguments advance the first reading of plaintiff's theory of fraud, in which the misrepresentation is about the appraisals, and plaintiff claims she was defrauded out of her appraisal fees.

By contrast, paragraph 52 of plaintiff's complaint alleges that "Defendants intended to use the fraudulent appraisal to induce borrowers and homeowners to complete loan transactions which were profitable to Countrywide, all to the financial detriment of consumers.  Similarly, paragraph 127 of the complaint alleges that "Defendants knew their concealment and suppression of material facts was false, misleading, and were fully aware that the phony appraisals would be utilized by borrowers to make decisions concerning loan transactions."  These allegations are consistent with plaintiff's second theory of fraud, in which the misrepresentation is the appraisal, and plaintiff claims she was defrauded into taking out a home loan.[3]

By vacillating between these two alternative theories of fraud, plaintiff fails to identify the "who, what, when, where and how of the misconduct charged."  Cafasso, ex rel. United States, 637 F.3d at 1055.  If plaintiff intends to proceed under a theory that she was defrauded into purchasing the appraisal, she must state which misrepresentations induced her to purchase the appraisals, and why this reliance was justified.  If, on the other hand, plaintiff claims that the appraisal itself was the misrepresentation at issue,

---

[3] A further example of this ambiguity can be found in paragraph 97, which alleges that:

> Every member of the Countrywide enterprise participated in the process of misrepresenting the true nature of the purported appraisals, thereby allowing them to increase their revenues.  The Countrywide Enterprise earned millions of dollars in wrongful profits as a result.

It is unclear whether these "wrongful profits" are supposed to refer to the appraisal fees, which plaintiff alleges ranged between $300 and $600, or alternatively to the presumably much larger fees that Countrywide earned by originating home mortgages.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

*0*

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-08833-CAS(CWx) | Date | April 14, 2014 |
|----------|------------------------|------|----------------|
| Title | BARBARA WALDRUP V. COUNTRYWIDE FINANCIAL CORPORATION; ET AL. | | |

then she must, for example, allege what damages resulted.  If plaintiff intends to proceed on both theories, she must state as much and do so explicitly.  Cf. Hirshfield v. Briskin, 447 F.2d 694, 697 (7th Cir. 1971).  But as it stands, plaintiff mixes and matches the two theories throughout her complaint, and has thus failed to plead her claim for fraud with the particularity required by Rule 9(b).  Accordingly, that claim must be dismissed without prejudice.[4]  And because plaintiff's RICO claims exhibit the same oscillation between alternative theories of fraud, those claims must be dismissed as well.  See Odom v. Microsoft Corp., 486 F.3d 541, 555 (9th Cir. 2007) (explaining RICO claims sound in fraud must be pled with particularity).

### C. Unjust Enrichment

Plaintiff asserts a claim for unjust enrichment. Plaintiff contends that defendants charged her fees of $320 and $400 for her appraisals, and that her payment of these fees unjustly enriched defendants because the appraisal she received in exchange was worthless.  Compl. ¶¶ 117-119.  Defendants seek dismissal of this claim on four grounds.

First, defendants argue that California law does not recognize a separate cause of action for unjust enrichment.  This argument is squarely controverted by recent Ninth Circuit precedent.  "The elements of unjust enrichment are 'receipt of a benefit and unjust retention of the benefit at the expense of another.'"  Berger v. Home Depot USA, Inc., 741 F.3d 1061, 1070 (9th Cir. 2014) (quoting Lectrodryer v. SeoulBank, 77 Cal. App. 4th 723, 726 (2000)).

Second, defendants contend that the unjust enrichment claim "sounds in fraud," and thus must be pled with particularity under Rule 9(b).  The Court finds this contention unpersuasive.  Unlike plaintiff's claims for fraud and for violations of RICO, plaintiff's claim for unjust enrichment turns solely on her allegation that she paid fees for a worthless appraisal.  To prevail on this claim, plaintiff need not show that plaintiff made any particular representations upon which she relied in purchasing the appraisal.  Accordingly, Rule 9(b) does not apply, and the claim may be pled generally under the normal Rule 8 pleading standard.

---

[4] The Court expresses no view on the potential viability of either or both of these theories of fraud as pled in an amended complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

$O$

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-08833-CAS(CWx) | Date | April 14, 2014 |
|---|---|---|---|
| Title | BARBARA WALDRUP V. COUNTRYWIDE FINANCIAL CORPORATION; ET AL. | | |

Third, defendants argue that plaintiff paid for two appraisals and was given two appraisals, and thus received the benefit of her bargain. This argument fails. Plaintiff asserts not that she did not receive her paid-for appraisal, but instead that the appraisals she received were inflated, and thus worthless. Taking these allegations as true, plaintiff did not receive the benefit of her bargain.

Lastly, defendants state that plaintiff paid the appraisal fees to defendant CHL only, and that the other defendants therefore could not be unjustly enriched. Plaintiff, however, alleges that the defendants acted as a collective enterprise for purposes of obtaining plaintiff's appraisal fees. See, e.g., compl. ¶ 91. Because plaintiff alleges that the defendants acted as a collective enterprise, it is at the very least an outstanding issue of fact which defendant currently retains the fees paid by plaintiff. Indeed, the parties appear to dispute whether plaintiff paid the appraisal fees to CHL or to LandSafe directly. Accordingly, dismissal of the non-CHL defendants is not warranted.

**D. UCL**

Plaintiff asserts a claim under California's UCL. The defendants argue that this claim should be dismissed on three grounds, which the Court discusses in turn. First, defendants contend that plaintiff cannot state a claim under the UCL because the UCL does not apply extraterritorially. The UCL "contains no express declaration that it was designed or intended to regulate claims of nonresidents arising from conduct occurring entirely outside of California." Norwest Mortgage, Inc. v. Superior Court, 72 Cal. App. 4th 214, 222 (1999). Plaintiff is a Texas citizen, and the property at issue is located in Texas. Compl. ¶¶ 13, 53. Similarly, LandSafe and LandSafe Appraisal are both headquartered in Plano, Texas. BOA is a Delaware corporation doing business out of North Carolina, and Countrywide Bank is a national banking association headquartered in Virginia. Id. ¶¶ 17-19, 20. Because both the parties and the conduct at issue are located outside California, defendants argue that plaintiff cannot state a claim under the UCL. Plaintiff responds that the alleged fraudulent appraisal scheme originated with Countrywide Financial and Countrywide Home Loans, which are both headquartered in Calabasas, California. Id. ¶¶ 15-16.

The Court finds that defendants' argument about the geographic scope of the UCL is premature. Plaintiff brings this case as a putative class action which, if certified, could

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

0

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-08833-CAS(CWx) | Date | April 14, 2014 |
|----------|------------------------|------|----------------|
| Title | BARBARA WALDRUP V. COUNTRYWIDE FINANCIAL CORPORATION; ET AL. | | |

potentially include class members from all 50 states.  The Court accordingly defers consideration of defendants' argument until class certification, when this case will be better positioned to address the geographic scope of the misconduct alleged in the complaint.

Second, defendants argue that plaintiff lacks standing to bring a claim under the UCL.  "A plaintiff must have suffered an 'injury in fact' and have 'lost money or property as a result of such unfair competition' to have standing to pursue either an individual or a representative claim under the California unfair competition law."  Hall v. Time Inc., 158 Cal. App. 4th 847, 849 (2008).  Here, plaintiff alleges that she paid two appraisal fees of $400 and $320 dollars, and that the appraisals she received in exchange were worthless.  Compl. ¶¶ 53-54.  Based on these direct allegations that she "lost money or property," the Court finds that plaintiff has standing under the UCL.

Lastly, defendants argue that plaintiff has not adequately alleged unlawful, unfair, or fraudulent conduct sufficient to support a claim under the UCL.  The UCL prohibits "unfair competition," which is defined as any "unlawful, unfair or fraudulent business act or practice."  To establish a violation of the UCL, a plaintiff may establish a violation under any one of these prongs.  An unlawful business practice is one that is "prohibited by law, where possible sources of law are defined broadly."  Multimedia Patent Trust v. Microsoft Corp., 525 F. Supp. 2d 1200, 1217 (S.D. Cal. 2007) (citation omitted).  As discussed above, the Court concludes that plaintiff has adequately alleged a claim for unjust enrichment.  This claim for unjust enrichment, in turn, supplies a basis for a claim under the "unlawful" prong of the UCL.  See Korea Supply Co. v. Lockheed Martin Corp., 29 Cal.4th 1134, 1143 (2003) (explaining that the UCL "'borrows' violations from other laws by making them independently actionable as unfair competitive practices").  The Court therefore does not address whether plaintiff has sufficiently alleged a claim under the "unfair" or "fraudulent" prongs of the UCL.

## V.    CONCLUSION

In accordance with the foregoing, the Court hereby dismisses without prejudice plaintiff's second, third, and fourth claim.  Defendants' motion to dismiss is otherwise

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

0

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-08833-CAS(CWx) | Date | April 14, 2014 |
|---|---|---|---|
| Title | BARBARA WALDRUP V. COUNTRYWIDE FINANCIAL CORPORATION; ET AL. | | |

DENIED.  Plaintiff shall have until **May 5, 2014**, to file an amended complaint addressing the deficiencies identified herein.

　　IT IS SO ORDERED.

|  | 00 | : | 09 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |