...

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL                    'O'

| Case No. | 2:13-cv-08833-CAS(CWx) | Date | July 23, 2014 |
|---|---|---|---|
| Title | BARBARA WALDRUP V. COUNTRYWIDE FINANCIAL CORPORATION ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS): MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT (Dkt. 23, filed May 5, 2014)

## I.   INTRODUCTION

On November 27, 2013, plaintiff Barbara Waldrup filed this putative class action against defendants Countrywide Financial Corporation ("CFC"), Countrywide Home Loans, Inc. ("CHL"), Countrywide Bank, N.A. ("Countrywide"), Bank of America Corporation ("BOA"), LandSafe, Inc., and LandSafe Appraisal, Inc (collectively, "LandSafe").  The operative first amended complaint ("FAC") asserts claims for (1) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 et seq., ("UCL"), (2) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c), (3) conspiracy to violate RICO, 18 U.S.C. § 1962(d), (4) fraud, and (5) unjust enrichment.  Plaintiff seeks to assert claims on behalf of the following proposed class:

> All residents of the United States of America who, during the period January 1, 2003 through December 31, 2008, obtained an appraisal from LandSafe in connection with a loan originated by Countrywide.

FAC ¶ 75.

Defendants previously moved to dismiss plaintiff's original complaint.  By order dated April 14, 2014, the Court found that plaintiff had stated claims for unjust enrichment, and under the UCL, but had failed to plead her fraud or RICO claims with particularity.  On May 22, 2014, after plaintiff had filed her amended complaint, defendants filed a motion to dismiss the FAC.  Dkt. 24.  On June 2, 2014, plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL     'O'

| Case No. | 2:13-cv-08833-CAS(CWx) | Date | July 23, 2014 |
|---|---|---|---|
| Title | BARBARA WALDRUP V. COUNTRYWIDE FINANCIAL CORPORATION ET AL. | | |

opposed the motion, dkt. 29, and on June 9, 2014, defendants replied, dkt, 32. On June 30, 2014, the Court held a hearing. After considering the parties' arguments, the Court finds and concludes as follows.

**II.    BACKGROUND**

Plaintiff Barbara Waldrup is a citizen of Texas. FAC ¶ 13. In 2004, plaintiff applied for a loan from Countrywide to purchase a home. Plaintiff alleges that, as part of this loan transaction, Countrywide required her to procure an appraisal of the property being purchased. Countrywide directed plaintiff to obtain that appraisal from LandSafe, which charged plaintiff $400 for the appraisal. Id. ¶¶ 55-56. Later, in 2007, plaintiff refinanced her home for a second time through Countrywide. Id. ¶ 62. Countrywide again required plaintiff to seek an appraisal from LandSafe. Id. ¶ 63. Plaintiff paid $320 for this second appraisal. Id. ¶ 64.

Plaintiff alleges that these two appraisals were not performed in accordance with applicable uniform standards, regulations and laws governing appraisals. Plaintiff alleges that LandSafe performed these inflated appraisals at the behest of Countrywide, which in the mid-2000s sought to originate as many mortgages as possible to fill demand. Id. ¶ 44. Because a loan could not be made unless it was justified by the appraised value of the property, plaintiff alleges that Countrywide loosened applicable appraisal standards. Id. To this end, plaintiff alleges that Countrywide "developed an affiliation" with LandSafe, which served as a captive appraiser that would deliver the appraisals Countrywide needed to justify its loans. Id. ¶ 42. Plaintiff asserts that LandSafe performed the two appraisals it sold to her in 2004 and 2007 as part of this scheme to assist Countrywide in originating as many loans as possible.

Plaintiff contends that the details of Countrywide's scheme to procure appraisals first came to light as the result of a whistleblower who was employed by LandSafe between 2004 and 2008. Id. ¶¶ 46-47. On May 13, 2009, this whistleblower, an individual named Kyle Lagow, filed a sealed *qui tam* complaint against Countrywide, BOA, LandSafe and others pursuant to the False Claims Act, 31 U.S.C. § 3729, et seq. Id. ¶ 43. Lagow's whistleblower complaint revealed the alleged relationship between Countrywide and LandSafe, and the resultant inflation of appraisal values. Lagow's complaint included allegations that LandSafe officers instructed appraisal managers that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL          'O'

| Case No. | 2:13-cv-08833-CAS(CWx) | Date | July 23, 2014 |
|---|---|---|---|
| Title | BARBARA WALDRUP V. COUNTRYWIDE FINANCIAL CORPORATION ET AL. | | |

"LandSafe appraisers were there to help facilitate a Countrywide loan closing." Id. ¶ 52. Plaintiff asserts that the Countrywide scheme was not exposed until the Lagow complaint was first unsealed in May 2012. Id. ¶ 46.

## III.   LEGAL STANDARD

### A. Motion to Dismiss

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL        'O'

| Case No. | 2:13-cv-08833-CAS(CWx) | Date | July 23, 2014 |
|---|---|---|---|
| Title | BARBARA WALDRUP V. COUNTRYWIDE FINANCIAL CORPORATION ET AL. | | |

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

**B. Rule 9(b)**

Federal Rule of Civil Procedure 9(b) requires that the circumstances constituting a claim for fraud be pled with particularity. Federal Rule of Civil Procedure 9(b) applies not just where a complaint specifically alleges fraud as an essential element of a claim, but also where the claim is "grounded in fraud" or "[sounds] in fraud." Vess v. Ciba-Geigy Corp. U.S.A., 317 F.3d 1097, 1103-04 (9th Cir. 2003). A claim is said to be "grounded in fraud" or "'sounds in fraud'" where a plaintiff alleges that defendant engaged in fraudulent conduct and relies on solely on that conduct to prove a claim. Id. "In that event, . . . the pleading of that claim as a whole must satisfy the particularity requirement of [Fed. R. Civ. P.] 9(b)." Id. However, where a plaintiff alleges claims grounded in fraudulent and non fraudulent conduct, only the allegations of fraud are subject to heightened pleading requirements. Id. at 1104.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-08833-CAS(CWx) | Date | July 23, 2014 |
| Title | BARBARA WALDRUP V. COUNTRYWIDE FINANCIAL CORPORATION ET AL. | | |

A pleading is sufficient under Fed. R. Civ. P. 9(b) if it "[identifies] the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Walling v. Beverly Enters., 476 F.2d 393, 397 (9th Cir. 1973). This requires that a false statement must be alleged, and that "circumstances indicating falseness" must be set forth. In re GlenFed Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994). Thus, Rule 9(b) requires a plaintiff to "identify the 'who, what, when, where and how of the misconduct charged,' as well as 'what is false or misleading about [the purportedly fraudulent conduct], and why it is false." Cafasso, ex rel. United States v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting Ebeid ex rel. United States v. Lungwitz, 616 F.3d 993, 998 (9th Cir. 2010)).

## IV. ANALYSIS

### A. Fraud Claims

Plaintiff asserts claims for fraud and violations of RICO, 18 U.S.C. § 1962(c), (d). Plaintiff's RICO claims are explicitly predicated on allegations of mail and wire fraud. See FAC ¶¶ 110, 126. Because plaintiff's claims sound in fraud, Fed. R. Civ. P. 9(b) requires that plaintiff "state with particularity the circumstances constituting fraud or mistake." See also Vess, 317 F.3d at 1103-04. The Court previously found that plaintiff had not pled her fraud claims with particularity because her initial complaint equivocated between two different theories of fraud. The first potential theory of fraud asserted that the appraisals purchased by plaintiff were themselves a misrepresentation, and that the appraisals induced plaintiff to take out a mortgage. The second potential theory of fraud is that defendants made misrepresentations about the appraisals, and that plaintiff had been induced to purchase the appraisals. See dkt. 22 at 9. Because the prior complaint vacillated between these two theories of fraud, the Court found that plaintiff had not pled her fraud claims with particularity, as required by Rule 9(b). The Court noted that it was expressing no view about the potential viability of either or both of these theories of fraud. Id. at 11 n.4.

Plaintiff's FAC explicitly commits to the second theory of fraud, alleging that defendants "misrepresented that they had ordered an 'appraisal' of Plaintiff's real property, that they had prepared an 'appraisal' of real property in accordance with the ethical and legal standards governing appraisals, and that [p]laintiff was required to pay for an 'appraisal' of real property prepared in accordance with the legal and ethical

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:13-cv-08833-CAS(CWx) | Date | July 23, 2014 |
|---|---|---|---|
| Title | BARBARA WALDRUP V. COUNTRYWIDE FINANCIAL CORPORATION ET AL. | | |

standards governing appraisals." FAC ¶ 139. Defendants again move to dismiss plaintiff's fraud claims, on three grounds. First, defendants contend that the FAC, like the initial complaint, is not pled with the particularity required by Rule 9(b). Second, defendants argue that plaintiff has not alleged how she was damaged by any alleged misrepresentations about her appraisals. Third, defendants assert that plaintiff has not alleged that she relied on any alleged misrepresentations about her appraisals.

The Court finds that plaintiff's fraud claims must be dismissed. As an initial matter, the Court concludes that the FAC is not pled with particularity, as required by Rule 9(b). The Court previously admonished plaintiff that "[i]f plaintiff intends to proceed under a theory that she was defrauded into purchasing the appraisal, she must state which misrepresentations induced her to purchase the appraisals, and why this reliance was justified." Dkt. 22 at 10. Although the FAC is replete with general allegations about various misconduct by the defendants—allegations all presumably taken from the unsealed whistleblower complaint—the complaint provides very little factual detail about plaintiff's actual interactions with the defendants. See FAC ¶¶ 55-70. The only allegations about the representations that allegedly led to plaintiff's purchase of the appraisal are as follows:

> 55. On or about July 16, 2004, Plaintiff applied for a loan with Countrywide Home Loans, Inc., through its FSL sub-prime division, in connection with her purchase of a home in Houston, Texas. Countrywide Home Loans represented to Plaintiff that, as a condition of her loan, she would be "required" to obtain an "appraisal" of the subject property and that she would be "required" to utilize LandSafe to perform the required "appraisal."
>
> 56. On or about July 16, 2004, Countrywide Home loans represented to Plaintiff that she would incur the sum of $400.00 for the required "appraisal" performed by Land[S]afe.

Id. ¶¶ 55-56; see also id. ¶¶ 63-64 (same allegations regarding 2007 transaction).[1] These

---

[1] At the hearing on June 23, 2014, plaintiff pointed to several other allegations in her FAC, namely that "on or about July 22, 2004, Landsafe . . . prepared a document for Plaintiff entitled 'Uniform Residential Appraisal Report' . . . which represented that it

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL                'O'

| Case No. | 2:13-cv-08833-CAS(CWx) | Date | July 23, 2014 |
|---|---|---|---|
| Title | BARBARA WALDRUP V. COUNTRYWIDE FINANCIAL CORPORATION ET AL. | | |

paragraphs simply do not provide an adequate amount of detail about the transactions at issue in this case: they do not specify, for instance, how and when Countrywide allegedly informed plaintiff that she would be "required" to obtain an appraisal. Similarly, the FAC is vague about how, when, or even if, plaintiff actually received the appraisals at issue. See id. ¶ 57 ("Plaintiff is informed and believes that Land[S]afe also transmitted the 2004 Appraisal, or made it available, directly to Plaintiff."); id. ¶ 65 (same). Finally, although the FAC provides a quite detailed review of the various appraisal standards that defendants allegedly violated "pursuant to Dependants' scheme of preparing phony 'appraisals,'" id. ¶ 70, the FAC is silent as to the basis for plaintiff's allegations that her particular appraisals were improper.[2]

     Plaintiff is correct that because her claim is based on fraudulent omissions, it need not be pled with the level of particularity required of a standard fraud claim. Falk v. Gen. Motors Corp., 496 F. Supp. 2d 1088, 1098 (N.D. Cal. 2007). But while the requirements of Rule 9(b) are relaxed for fraudulent omission claims, they are not eliminated. See In re Apple & AT & TM Antitrust Litig., 596 F. Supp. 2d 1288, 1310 (N.D. Cal. 2008) ("Where the claim is one of fraud by omission . . . , the pleading standard is lowered on account of the reduced ability in an omission suit 'to specify the time, place, and specific content' relative to a claim involving affirmative misrepresentations."). And even under

---

been prepared 'in accordance with the Uniform Standards of Professional Appraisal Practice . . . .'" FAC ¶ 57. Similarly, plaintiff emphasized paragraph 58 of the complaint, which alleges: "On or about August 2, 2004, Countrywide Home Loans represented to Plaintiff that Landsafe had performed a Uniform Residential Appraisal Report of the home which Plaintiff was planning on purchasing, and . . . represented that she would be charged an 'appraisal' fee of $400.00 for the 2004 Appraisal." But these allegations all describe actions performed after plaintiff had gone forward with the appraisal, and thus do not provide any factual detail about the representations that allegedly induced plaintiff to purchase the appraisal.

    [2] Plaintiff contends that, as a consumer, she should not be required to have detailed knowledge of appraisal standards. Opp. 11. The Court finds this unpersuasive: even if plaintiff does not have detailed knowledge of appraisal standards, she still must explain the basis for her allegation that her two appraisals were not properly performed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    'O'

| Case No. | 2:13-cv-08833-CAS(CWx) | Date | July 23, 2014 |
|---|---|---|---|
| Title | BARBARA WALDRUP V. COUNTRYWIDE FINANCIAL CORPORATION ET AL. | | |

a relaxed standard, the Court finds that Rule 9(b) requires that a claim for fraudulent omissions be pled with more detail than plaintiff has provided here.

The Court also finds that plaintiff has failed to allege damages, one of the elements required for a claim for fraud. The elements of fraud in California are: "(1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage." Robinson Helicopter Co. v. Dana Corp., 34 Cal. 4th 979, 990 (2004). "In an action for common law fraud, damage is an essential element of the cause of action. Misrepresentation, even maliciously committed, does not support a cause of action unless the plaintiff suffered consequential damages." Small v. Fritz Companies, Inc., 30 Cal. 4th 167, 202 (2003) (alterations, quotations, and citations omitted); see also First Pac. Bancorp, Inc. v. Bro, 847 F.2d 542, 547 (9th Cir. 1988) ("Absent damages, [a] RICO claim can not be sustained.").

The Court finds that plaintiff has failed to allege how she was damaged by defendants' alleged misconduct, because the complaint is devoid of any allegation that defendants sold plaintiff inaccurate appraisals. Indeed, plaintiff appears to expressly disclaim any theory of recovery based on an allegation that the appraisals did not correctly value her property. Plaintiff's opposition states, for example: "[It] matters not that defendants' so-called 'appraisals' might, in some cases, have included an 'accurate' market value for a particular property." Opp. 2; see also id. at 12 ("the damages does not stem from the value represented in the 'appraisals.' In fact whether the valuation in the 'appraisals is accurate or not is irrelevant . . . ."). In light of this concession, the Court is unable to discern how plaintiff believes she has been damaged. "'Appraisal' is defined as 'an act of estimating or evaluating,' 'a valuation of property by the estimate of an authorized person.' To 'appraise' is 'to set a value on' or 'estimate the amount of,' 'to judge and analyze the worth.'" Unetco Indus. Exch. v. Homestead Ins. Co., 57 Cal. App. 4th 1459, 1468 (1997). If plaintiff purchased an appraisal of her property, and the appraisal correctly valued that property, then plaintiff received exactly what she paid for.[3]

---

[3] In its order on defendants' previous motion to dismiss, the Court rejected a similar contention that plaintiff could not assert a claim for unjust enrichment because plaintiff had received the appraisal she paid for. See dkt. 22 at 12. The Court rejected this contention because plaintiff's original complaint alleged that the appraisals were

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:13-cv-08833-CAS(CWx) | Date | July 23, 2014 |
|---|---|---|---|
| Title | BARBARA WALDRUP V. COUNTRYWIDE FINANCIAL CORPORATION ET AL. | | |

Plaintiff resists this conclusion, arguing that she paid for an "independent, objective valuation of her property," opp. 11, and that an accurate appraisal could nonetheless fail to be independent and objective. Put differently, plaintiff appears to assert that she was damaged by procedural irregularities that corrupted the process by which her property was appraised, regardless of whether that process ultimately yielded a correct valuation of her property. The Court finds this argument unpersuasive. Even if the Court were to accept plaintiff's contention that an appraisal can be both accurate and "illegitimate," plaintiff still has not explained what loss she suffered as a result of the alleged "illegitimacy" of her appraisal. Plaintiff cites no authority, and the Court has not located any, for the proposition that a plaintiff can be damaged by procedural irregularities in an appraisal unconnected to any error in the result of the appraisal. Accordingly, the Court finds that plaintiff has not properly alleged damages, as required to state a claim for fraud, or for a violation of RICO.

### B. Unjust Enrichment and UCL

The Court previously found that plaintiff had stated a claim for unjust enrichment, based on her assertion that she paid fees for inflated appraisals. The Court also found that plaintiff had stated a claim under the UCL, based on her claim for unjust enrichment. Defendants again move to dismiss these claims, arguing that they rely on the "underlying" fraud claims. Defendants also renew their argument that CFC, BOA, and LandSafe Appraisal Inc, should be dismissed because they are parent companies which are not liable for the acts of their subsidiaries. The Court previously rejected these arguments, and sees no occasion to revisit that conclusion now.

On the other hand, the Court found that plaintiff had stated claims for unjust enrichment and under the UCL because plaintiff asserted that "the appraisals she received

---

"inflated"—that is, that the appraisals did not correctly value plaintiff's property. See, e.g., dkt. 1 ¶ 117 ("Defendants knowingly, fraudulent, systematically, and uniformly procured and prepared fabricated and inflated on home loans . . . ."). As discussed above, the FAC omits these allegations that the appraisals were "inflated," cf. FAC ¶ 133 (referring to "manipulated" appraisals), and plaintiff has disclaimed any contention that the appraisal is inaccurate.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL  'O'

| Case No. | 2:13-cv-08833-CAS(CWx) | Date | July 23, 2014 |
|---|---|---|---|
| Title | BARBARA WALDRUP V. COUNTRYWIDE FINANCIAL CORPORATION ET AL. | | |

were inflated, and thus worthless." Dkt. 22 at 12. Because plaintiff had paid fees in exchange for these allegedly worthless appraisals, she had conferred a benefit on defendants, who then allegedly unjustly retained plaintiff's fees. But as discussed above, it now appears that plaintiff has disclaimed any allegation that the appraisals which she received were inflated or otherwise inaccurate. As such, the FAC no longer properly alleges that the plaintiff paid fees for "worthless" appraisals. Accordingly, the Court finds that plaintiff has failed to allege that defendants were unjustly enriched by her payment of appraisal fees, as required to state a claim for unjust enrichment, or under the UCL. The Court therefore dismisses these claims as well.

## V. CONCLUSION

In accordance with the foregoing, the Court hereby dismisses the FAC without prejudice. Plaintiff shall have leave to amend her complaint to address the deficiencies identified herein no later than **August 18, 2014**. The parties are directed to notify the Court of further developments concerning Ms. Waldrup's bankruptcy and its effect on the control and proper disposition of this case.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | CMJ | | |