UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL    'O'

| Case No. | 2:13-cv-08833-CAS(CWx) | Date | October 6, 2014 |
|---|---|---|---|
| Title | BARBARA WALDRUP V. COUNTRYWIDE FINANCIAL CORPORATION ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants | |
| Daniel Alberstone | Douglas Thompson | |

**Proceedings:**    MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT (Dkt. 39, filed September 3, 2014)

## I. INTRODUCTION

On November 27, 2013, plaintiff Barbara Waldrup filed this putative class action against defendants Countrywide Financial Corporation , Countrywide Home Loans, Inc., Countrywide Bank, N.A. (collectively, "Countrywide"), Bank of America Corporation ("BOA"), LandSafe, Inc., and LandSafe Appraisal, Inc (collectively, "LandSafe"). The operative second amended complaint ("SAC") asserts claims for (1) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 et seq., ("UCL"), (2) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c), (3) conspiracy to violate RICO, 18 U.S.C. § 1962(d), (4) fraud, and (5) unjust enrichment. Plaintiff seeks to assert claims on behalf of the following proposed class:

> All residents of the United States of America who, during the period January 1, 2003 through December 31, 2008, obtained an appraisal from LandSafe in connection with a loan originated by Countrywide.

SAC ¶ 80.

Defendants previously moved to dismiss plaintiff's original complaint and first amended complaint ("FAC"). By order dated April 14, 2014, the Court found that plaintiff's original complaint stated claims for unjust enrichment, and under the UCL, but had failed to plead her fraud or RICO claims with particularity. By order dated July 3, 2014, the Court again found that plaintiff had failed to plead her fraud or RICO claims

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:13-cv-08833-CAS(CWx) | Date | October 6, 2014 |
|---|---|---|---|
| Title | BARBARA WALDRUP V. COUNTRYWIDE FINANCIAL CORPORATION ET AL. | | |

with particularity, and that plaintiff had failed to allege damages in connection with these claims. The Court also dismissed plaintiff's unjust enrichment and UCL claims.

On September 3, 2014, after plaintiff had filed her second amended complaint, defendants filed a motion to dismiss and a request for judicial notice. Dkts. 39, 40. On September 15, 2014, plaintiff opposed both the motion and the request for judicial notice. Dkts. 41, 42. Defendants replied to both oppositions on September 22, 2014. Dkts. 43, 44.[1] Having considered the parties' arguments, the Court finds and concludes as follows.

## II.   BACKGROUND

Plaintiff Barbara Waldrup is a citizen of Texas. SAC ¶ 15. In 2004, plaintiff applied for a loan from Countrywide to purchase a home. Plaintiff alleges that, as part of this loan transaction, Countrywide required her to procure an appraisal of the property being purchased. Countrywide directed plaintiff to obtain that appraisal from LandSafe, which charged plaintiff $400 for the appraisal. Id. ¶¶ 58-64. Later, in 2007, plaintiff applied to refinance her home for a second time through Countrywide. Id. ¶ 66.

---

[1] Defendants' request for judicial notice contains six documents: plaintiff's 2004 Deed of Trust (Ex. A); plaintiff's 2004 Purchase Money Deed of Trust (Ex. B); plaintiff's 2004 appraisal (Ex. C); plaintiff's 2007 appraisal (Ex. D); California Civil Code § 1090.5 (Ex. E); and a redline comparison purporting to show the differences between the FAC and SAC (Ex. F). Request for Judicial Notice ("RJN"). The Court declines to take notice of exhibit F, since it is not generally known, nor is it capable of accurate and ready determination. Fed. R. Evid. 201(b). The Court takes judicial notice of exhibits A, B, and E, since they are matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). The Court does not, however, accept them for the truth of the matters asserted therein. Exhibits C and D—the appraisals—comprise evidence upon which the complaint "necessarily relies." See Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006). The Court takes notice of them because they are referred to expressly in plaintiff's complaint and, as sources of the alleged misrepresentations, are central to plaintiff's claims. See Id. Further, plaintiff does not appear to dispute the authenticity of the documents; rather, she disputes the legitimacy of their contents. Opp'n RJN at 4. Accordingly, the Court takes judicial notice of the appraisals, but does not accept them for the matters asserted therein.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:13-cv-08833-CAS(CWx) | Date | October 6, 2014 |
|---|---|---|---|
| Title | BARBARA WALDRUP V. COUNTRYWIDE FINANCIAL CORPORATION ET AL. | | |

Countrywide again required plaintiff to seek an appraisal from LandSafe. Id. ¶ 67. Plaintiff paid $320 for this second appraisal. Id. ¶ 72.

    Plaintiff alleges that these two appraisals were not performed in accordance with the Uniform Standards of Professional Appraisal Practice ("USPAP") and other applicable regulations and laws governing appraisals. Id. ¶ 72. Instead, the appraisals were "reports of a predetermined value that favored Countrywide's cause of rapidly closing loans." Id. ¶ 74. Plaintiff alleges that LandSafe performed these "inflated" and "predetermined" appraisals at the behest of Countrywide, which in the mid-2000s sought to originate as many mortgages as possible to fill demand. Id. ¶ 47. Because a loan could not be made unless it was justified by the appraised value of the property, plaintiff alleges that Countrywide loosened applicable appraisal standards. Id. To this end, plaintiff alleges that Countrywide "developed an affiliation" with LandSafe, which served as a captive appraiser that would deliver the appraisals Countrywide needed to justify its loans. Id. ¶ 48. Plaintiff asserts that LandSafe performed the two appraisals it sold to her in 2004 and 2007 as part of this scheme to assist Countrywide in originating as many loans as possible.

    Plaintiff contends that the details of Countrywide's scheme to procure appraisals first came to light as the result of a whistleblower who was employed by LandSafe between 2004 and 2008. Id. ¶¶ 49. On May 13, 2009, this whistleblower, an individual named Kyle Lagow, filed a sealed *qui tam* complaint against Countrywide, BOA, LandSafe and others pursuant to the False Claims Act, 31 U.S.C. § 3729, et seq. Id. Lagow's whistleblower complaint revealed the alleged relationship between Countrywide and LandSafe, and the resultant inflation of appraisal values. Lagow's complaint included allegations that LandSafe officers instructed appraisal managers that "LandSafe appraisers were there to help facilitate a Countrywide loan closing." Id. ¶ 55. Plaintiff asserts that the Countrywide scheme was not exposed until the Lagow complaint was first unsealed in May 2012. Id. ¶ 49.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:13-cv-08833-CAS(CWx) | Date | October 6, 2014 |
|---|---|---|---|
| Title | BARBARA WALDRUP V. COUNTRYWIDE FINANCIAL CORPORATION ET AL. | | |

### III.   LEGAL STANDARD

####   A.   Motion to Dismiss

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:13-cv-08833-CAS(CWx) | Date | October 6, 2014 |
|---|---|---|---|
| Title | BARBARA WALDRUP V. COUNTRYWIDE FINANCIAL CORPORATION ET AL. | | |

other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

      **B.**     **Rule 9(b)**

Federal Rule of Civil Procedure 9(b) requires that the circumstances constituting a claim for fraud be pled with particularity. Federal Rule of Civil Procedure 9(b) applies not just where a complaint specifically alleges fraud as an essential element of a claim, but also where the claim is "grounded in fraud" or "[sounds] in fraud." Vess v. Ciba-Geigy Corp. U.S.A., 317 F.3d 1097, 1103-04 (9th Cir. 2003). A claim is said to be "grounded in fraud" or "'sounds in fraud'" where a plaintiff alleges that defendant engaged in fraudulent conduct and relies on solely on that conduct to prove a claim. Id. "In that event, . . . the pleading of that claim as a whole must satisfy the particularity requirement of [Fed. R. Civ. P.] 9(b)." Id. However, where a plaintiff alleges claims grounded in fraudulent and non fraudulent conduct, only the allegations of fraud are subject to heightened pleading requirements. Id. at 1104.

A pleading is sufficient under Fed. R. Civ. P. 9(b) if it "[identifies] the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Walling v. Beverly Enters., 476 F.2d 393, 397 (9th Cir. 1973). This requires that a false statement must be alleged, and that "circumstances indicating

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:13-cv-08833-CAS(CWx) | Date | October 6, 2014 |
|---|---|---|---|
| Title | BARBARA WALDRUP V. COUNTRYWIDE FINANCIAL CORPORATION ET AL. | | |

falseness" must be set forth. In re GlenFed Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994). Thus, Rule 9(b) requires a plaintiff to "identify the 'who, what, when, where and how of the misconduct charged,' as well as 'what is false or misleading about [the purportedly fraudulent conduct], and why it is false." Cafasso, ex rel. United States v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting Ebeid ex rel. United States v. Lungwitz, 616 F.3d 993, 998 (9th Cir. 2010)).

## IV.  ANALYSIS

As a preliminary matter, the Court addresses the issue of damages. In the July 23, 2014 Order dismissing plaintiff's FAC, the Court found that "plaintiff ha[d] failed to allege how she was damaged by defendants' alleged misconduct, because the complaint is devoid of any allegation that defendants sold plaintiff inaccurate appraisals." Dkt. 36 at 8. The Court noted that plaintiff appeared to have "disclaim[ed] any theory of recovery based on an allegation that the appraisals did not correctly value her property." Id. Instead, the Court found that "plaintiff appears to assert that she was damaged by procedural irregularities that corrupted the process by which her property was appraised." Id. at 9.

In plaintiff's opposition to the instant motion, she asserts that she did not disclaim this theory of recovery in her FAC. Opp'n at 2. Specifically, plaintiff argues that she was

> simply noting that, because Defendants were not preparing legitimate opinions of value, but rather were simply adhering to a corrupt process designed to achieve a predetermined value which always exceeded the loan amount, Plaintiff and members of the putative class were still injured. The injury remains even if Defendants, on the off chance, produced an appraisal report which, by happenstance, included an accurate value of property. In other words, Plaintiff was attempting to focus the Court on the conduct of charging borrowers for a represented service (the preparation of a USPAP appraisal) which was never performed.

Id. at 2, n2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:13-cv-08833-CAS(CWx) | Date | October 6, 2014 |
|---|---|---|---|
| Title | BARBARA WALDRUP V. COUNTRYWIDE FINANCIAL CORPORATION ET AL. | | |

In essence, plaintiff alleges she was overcharged for her appraisals. Because Countrywide was allegedly indifferent to the appraisals' accuracy, instead directing captive appraisers to provide predetermined and inflated values, there was no reason for plaintiff to pay for the appraisals in the first place. Plaintiff's SAC comports with this theory. See SAC ¶ 75 ("Defendants produced so-called 'appraisal reports' which were *not* legitimate opinions of the value of Plaintiffs property. Rather, they were reports of a predetermined value that favored Countrywide's cause of rapidly closing loans."). The Court thus finds that plaintiff has adequately pled damages in the form of appraisal payments, at least with regard to her common law fraud claim.

### A.     Claims Sounding in Fraud

Plaintiff asserts claims for fraud and violations of RICO, 18 U.S.C. § 1962(c), (d). Plaintiff's RICO claims are expressly predicated on allegations of mail and wire fraud. See SAC ¶¶ 114, 133. Specifically, plaintiff alleges that defendants "misrepresented that they had prepared an 'appraisal' of real property that was performed in accordance with strict USPAP's legal and ethical standards governing appraisals." SAC ¶ 144. In reality, however, plaintiff alleges the "appraisals" were "reports of a predetermined value," id. ¶ 144, that were "not prepared in accordance with USPAP's legal and ethical standards but rather w[ere] inflated or otherwise manipulated," id. ¶ 145.

Because plaintiff's claims sound in fraud, Fed. R. Civ. P. 9(b) requires that plaintiff "state with particularity the circumstances constituting fraud or mistake." See also Vess, 317 F.3d at 1103-04. The Court previously found that plaintiff had not pled her fraud claims with particularity. Dkt. 36 at 6-8. Defendants again move to dismiss plaintiff's fraud claims on three grounds. First, defendants contend that the SAC, like the FAC, is not pled with the particularity required by Rule 9(b). Second, defendants argue that plaintiff has not alleged that she relied on any misrepresentations about her appraisals. Third, defendants assert that plaintiff has not alleged how she was damaged by any alleged misrepresentations about her appraisals.

The elements of fraud in California are: "(1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:13-cv-08833-CAS(CWx) | Date | October 6, 2014 |
|---|---|---|---|
| Title | BARBARA WALDRUP V. COUNTRYWIDE FINANCIAL CORPORATION ET AL. | | |

intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage." Robinson Helicopter Co. v. Dana Corp., 34 Cal. 4th 979, 990 (2004).

    The Court finds that plaintiff has not pled her fraud claims with the required specificity. Namely, plaintiff has not identified the specific corporate individuals who made the representations regarding the appraisals and the authority of those individuals to make such representations. See, e.g., Serna v. Bank of Am., N.A., 2012 WL 2030705 at *3 (C.D. Cal. June 4, 2012) ("The requirement of specificity in a fraud action against a corporation requires the plaintiff to allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written.") (internal quotation marks omitted). Plaintiff resists this conclusion, and cites Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 540 (9th Cir. 1989), for the proposition that the requirements of Rule 9(b) are relaxed in cases of corporate fraud where "plaintiffs will not have personal knowledge of all of the underlying facts." Opp'n at 7-8. The Court does not doubt that some of the underlying facts are exclusively "within the opposing party's knowledge," Moore, 885 F.2d at 540, and thus cannot be pled by plaintiff with particularity at this juncture. However, plaintiff does not explain why the identities of the LandSafe appraisers and Countrywide employees who allegedly transmitted the appraisals to plaintiff are not within her personal knowledge. See, e.g., SAC ¶ 62 ("LandSafe provided the 2004 Appraisal to Countrywide Home Loans and Countrywide Home Loans transmitted the 2004 Appraisal to Plaintiff.").[2] Accordingly, the Court finds that plaintiff has not pled her common law fraud and RICO claims with sufficient particularity.

    **B.**     **Unjust Enrichment**

    Under California law, the elements of unjust enrichment are "receipt of a benefit and unjust retention of the benefit at the expense of another." Burger v. Home Depot USA, Inc., 741 F.3d 1061, 1070 (9th Cir. 2014) (citing Lectrodryer v. SeoulBank, 77 Cal. App. 4th 723, 726 (2000)). In dismissing plaintiff's FAC, the Court found that plaintiff had not stated claims for unjust enrichment because it "appear[ed] that plaintiff ha[d] disclaimed any allegation that the appraisals which she received were inflated or

---

    [2] As discussed *supra*, defendants submitted plaintiff's two appraisals and the Court has taken judicial notice of them, albeit not for the truth of their contents.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL       'O'

| Case No. | 2:13-cv-08833-CAS(CWx) | Date | October 6, 2014 |
|---|---|---|---|
| Title | BARBARA WALDRUP V. COUNTRYWIDE FINANCIAL CORPORATION ET AL. | | |

otherwise inaccurate." Dkt. 36 at 10. However, plaintiff has not disclaimed this allegation in her SAC.

Instead, plaintiff expressly alleges that defendants "prepared manipulated and/or inflated appraisals on home loans originated by Countrywide . . . [and] then charged [p]laintiff and members of the Class between $300 and $600 for phony, manipulated so-called USPAP appraisals." SAC ¶ 137, 138. As discussed above, plaintiff essentially alleges that she was overcharged for her appraisals—indeed, she alleges that she paid for a service she did not receive. Id. ¶ 75. See Opp'n at 14 ("[B]ecause Defendants intentionally manipulated and inflated the 'value' of her property . . . they did not actually perform the appraisal service she had bargained for in paying Landsafe's 'appraisal' fees.").

Defendants contend, as they have before, that plaintiff cannot state a claim for unjust enrichment because she "received the benefit of her bargain by obtaining the required appraisals for which she paid." Mot. Dism. at 19. However, plaintiff alleges that she paid for an appraisal that would comply with USPAP protocol—i.e., an appraisal that would not contain an inflated, predetermined value. Taking these allegations as true, plaintiff did not receive the benefit of her bargain and defendants have been unjustly enriched by retaining plaintiff's appraisal payments. Accordingly, dismissal of plaintiff's unjust enrichment claim is not warranted.

### C. UCL

Defendants argue that plaintiff has not adequately alleged unlawful, unfair, or fraudulent conduct sufficient to support a claim under the UCL. The UCL prohibits "unfair competition," which is defined as any "unlawful, unfair or fraudulent business act or practice." To establish a violation of the UCL, a plaintiff may establish a violation under any one of these prongs. An unlawful business practice is one that is "prohibited by law, where possible sources of law are defined broadly." Multimedia Patent Trust v. Microsoft Corp., 525 F. Supp. 2d 1200, 1217 (S.D. Cal. 2007) (citation omitted). As discussed above, the Court concludes that plaintiff has adequately alleged a claim for unjust enrichment. This claim for unjust enrichment, in turn, supplies a basis for a claim under the "unlawful" prong of the UCL. See Korea Supply Co. v. Lockheed Martin Corp., 29 Cal.4th 1134, 1143 (2003) (explaining that the UCL "'borrows' violations from

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL      'O'

| Case No. | 2:13-cv-08833-CAS(CWx) | Date | October 6, 2014 |
|---|---|---|---|
| Title | BARBARA WALDRUP V. COUNTRYWIDE FINANCIAL CORPORATION ET AL. | | |

other laws by making them independently actionable as unfair competitive practices"). The Court therefore does not address whether plaintiff has sufficiently alleged a claim under the "unfair" or "fraudulent" prongs of the UCL.

## V.    CONCLUSION

In accordance with the foregoing, the Court hereby dismisses without prejudice plaintiff's second, third, and fourth claim. Defendants' motion to dismiss is otherwise DENIED. Plaintiff shall have until **October 27, 2014**, to file an amended complaint addressing the deficiencies identified herein.

IT IS SO ORDERED.

|  | 00 | : | 15 |
|---|---|---|---|
| | Initials of Preparer | | CMJ |