UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:13-cv-08833-CAS(CWx) | Date | January 5, 2014 |
| Title | BARBARA WALDRUP V. COUNTRYWIDE FINANCIAL CORPORATION ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants | |
| Roland Tellis | Doug Thompson | |

**Proceedings:**     MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT (Dkt. 47, filed November 12, 2014)

## I.  INTRODUCTION

On November 27, 2013, plaintiff Barbara Waldrup filed this putative class action against defendants Countrywide Financial Corporation ("CFC"), Countrywide Home Loans, Inc. ("CHL"), Countrywide Bank, N.A. ("BANA")[1], Bank of America Corporation ("BAC"), LandSafe, Inc. ("LSI"), and LandSafe Appraisal, Inc ("LSA"). The operative third amended complaint ("TAC") asserts claims for (1) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 et seq., ("UCL"); (2) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c); (3) conspiracy to violate RICO, 18 U.S.C. § 1962(d); (4) fraud; and (5) unjust enrichment. Plaintiff asserts claims on behalf of the following proposed class:

> All residents of the United States of America who, during the period January 1, 2003 through December 31, 2008, obtained an appraisal from LandSafe in connection with a loan originated by Countrywide.

TAC ¶ 83.

---

[1] Bank of America, N.A. is the successor by merger to Countrywide Bank, FSB—formerly known as Countrywide Bank, N.A.—and thus the Court refers to this defendant as "BANA." See Mot. Dismiss at 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:13-cv-08833-CAS(CWx) | Date | January 5, 2014 |
|---|---|---|---|
| Title | BARBARA WALDRUP V. COUNTRYWIDE FINANCIAL CORPORATION ET AL. | | |

    Defendants previously moved to dismiss plaintiff's original complaint, first amended complaint, and second amended complaint ("SAC"). By order dated October 6, 2014, the Court denied defendants' motion to dismiss plaintiff's UCL and unjust enrichment claims, but granted defendants' motion to dismiss plaintiff's RICO and common law fraud claims. Dkt. 45. In so doing, the Court found that plaintiff had not pled her claims sounding in fraud with the particularity required by Rule 9(b), but granted plaintiff leave to amend her complaint. Id. at 7-8.

    Consistent with the Court's October 6, 2014 order, plaintiff filed her TAC on October 27, 2014. Dkt. 46. Defendants filed a motion to dismiss the TAC on November 12, 2014, as well as a request for judicial notice. Dkts. 47, 48.[2] Plaintiff filed oppositions to both the motion to dismiss and the request for judicial notice on December 15, 2014, dkts. 49, 50, and defendants replied on December 22, 2014, dkt. 51. The Court held a hearing on January 5, 2015. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

---

    [2] Defendants ask the Court to judicially notice eleven documents: the Deeds of Trust for plaintiff's property (Exs. A, B), the 2004 and 2007 appraisal reports of plaintiff's property (respectively, Exs. C, H), as well as various documents allegedly signed by plaintiff in connection with her home loan applications (Exs. D-G; I-K). The Court takes judicial notice of exhibits A and B, since they are matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). The Court does not, however, accept them for the truth of the matters asserted therein. Exhibits C and H—the appraisals—comprise evidence upon which the complaint "necessarily relies." See Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006). The Court takes notice of them because they are referred to expressly in plaintiff's complaint and, as sources of the alleged misrepresentations, are central to plaintiff's claims. See Id. However, the Court does not accept them for the truth of the matters asserted therein. The Court declines to judicially notice exhibits D-G and I-K. Although plaintiff mentions several of these documents in her TAC, the complaint does not "necessarily rely" on them. Further, these documents do not appear to be matters of public record, nor are they "generally known" or "capable of accurate and ready determination," Fed. R. Evid. 201(b).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-08833-CAS(CWx) | Date | January 5, 2014 |
| Title | BARBARA WALDRUP V. COUNTRYWIDE FINANCIAL CORPORATION ET AL. | | |

## II.  BACKGROUND

Plaintiff Barbara Waldrup is a citizen of Texas.  TAC ¶ 15.  In 2004, plaintiff applied for a loan from CHL to purchase a home, dealing primarily with CHL loan officer Shawna Oakley.  Id. ¶ 58.  Plaintiff alleges that, as part of this loan transaction, CHL required her to procure an appraisal of the property being purchased, and directed plaintiff to obtain that appraisal from LSA, which charged plaintiff $400 for the appraisal.  Id. ¶¶ 59-64.  In 2007, plaintiff applied to refinance her loan through CHL, this time dealing primarily with two other, named loan officers.  Id. ¶ 68.  CHL again required plaintiff to seek an appraisal from LSA, CHL's "sole 'approved' appraisal vendor."  Id. ¶ 69.  Plaintiff paid $320 for this second appraisal.  Id. ¶ 70.  Plaintiff identifies the LSA appraisers with whom she dealt in 2004 and 2007 as Barry Johnson and David K. Dotson, respectively.  Id. ¶¶ 63, 71,

Plaintiff alleges that these two appraisals were not performed in accordance with the Uniform Standards of Professional Appraisal Practice ("USPAP") and other applicable regulations and laws.  See id. ¶ 77.  Instead, the appraisals were "reports of a predetermined value that favored Countrywide's cause of rapidly closing loans."  Id. ¶ 78.  Plaintiff alleges that LSA performed these "inflated" and "predetermined" appraisals at the behest of CHL,  which in the mid-2000s sought to originate as many mortgages as possible to fill demand.  Id. ¶¶ 45-48.  Because a loan could not be made unless it was justified by the appraised value of the property, plaintiff alleges that CHL loosened applicable appraisal standards.  Id.  To this end, plaintiff alleges that CHL "developed an affiliation" with LSA, which served as a captive appraiser that would deliver the appraisals CHL needed to justify its loans.  Id. ¶ 48.  Specifically, plaintiff alleges that through LSA,

> Countrywide [i.e., CHL and its related entities] could (1) use its market size to pressure appraisers to disregard the appraisal 'independence' requirements and permit Countrywide to rapidly close a loan; (2) punish appraisers who refused to 'play ball'; and (3) use fraudulent appraisal 'reviews' to revise legitimate appraisals to arrive at values needed to close a loan.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-08833-CAS(CWx) | Date | January 5, 2014 |
| Title | BARBARA WALDRUP V. COUNTRYWIDE FINANCIAL CORPORATION ET AL. | | |

Id. Plaintiff asserts that LSA performed the two appraisals it sold to her in 2004 and 2007 as part of this scheme to assist Countrywide in originating as many loans as possible.

Plaintiff contends that the details of Countrywide's scheme to procure appraisals first came to light as the result of a whistleblower who was employed by LSI between 2004 and 2008. Id. ¶ 49. On May 13, 2009, this whistleblower filed a sealed *qui tam* complaint against Countrywide entities, BOA, LandSafe entities and others pursuant to the False Claims Act, 31 U.S.C. § 3729, et seq. Id. The whistleblower complaint revealed the alleged relationship between the Countrywide entities and LandSafe entities, as well as the resultant inflation of appraisal values. Among other allegations, the complaint alleged that LandSafe officers instructed appraisal managers that "LandSafe appraisers were there to help facilitate a Countrywide loan closing." Id. ¶ 55. Plaintiff asserts that the appraisal scheme was not exposed until the whistleblower complaint was unsealed in May 2012. Id. ¶ 49.

Further, plaintiff alleges that CHL, Countrywide Bank (i.e., BANA), and their parent company CFC "together concocted the appraisal scheme." Id. ¶ 20. Plaintiff also alleges that, during the life of this alleged scheme, LSA was a wholly-owned subsidiary of LSI. Id. ¶ 34. Finally, plaintiff alleges that, as a result of a 2008 merger, BOA became a "successor-in-interest to the Countrywide family of businesses," id. ¶ 22, and continued the alleged scheme through the end of 2008, id. ¶ 32.

### III. LEGAL STANDARD

#### A. Motion to Dismiss

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL  'O'

| Case No. | 2:13-cv-08833-CAS(CWx) | Date | January 5, 2014 |
|---|---|---|---|
| Title | BARBARA WALDRUP V. COUNTRYWIDE FINANCIAL CORPORATION ET AL. | | |

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 2:13-cv-08833-CAS(CWx) | Date | January 5, 2014 |
|---|---|---|---|
| Title | BARBARA WALDRUP V. COUNTRYWIDE FINANCIAL CORPORATION ET AL. | | |

court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

### B.     Rule 9(b)

Federal Rule of Civil Procedure 9(b) requires that the circumstances constituting a claim for fraud be pled with particularity. Federal Rule of Civil Procedure 9(b) applies not just where a complaint specifically alleges fraud as an essential element of a claim, but also where the claim is "grounded in fraud" or "[sounds] in fraud." Vess v. Ciba-Geigy Corp. U.S.A., 317 F.3d 1097, 1103-04 (9th Cir. 2003). A claim is said to be "grounded in fraud" or "'sounds in fraud'" where a plaintiff alleges that defendant engaged in fraudulent conduct and relies solely on that conduct to prove a claim. Id. "In that event, . . . the pleading of that claim as a whole must satisfy the particularity requirement of [Fed. R. Civ. P.] 9(b)." Id. However, where a plaintiff alleges claims grounded in fraudulent and non fraudulent conduct, only the allegations of fraud are subject to heightened pleading requirements. Id. at 1104.

A pleading is sufficient under Fed. R. Civ. P. 9(b) if it "[identifies] the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Walling v. Beverly Enters., 476 F.2d 393, 397 (9th Cir. 1973). This requires that a false statement must be alleged, and that "circumstances indicating falseness" must be set forth. In re GlenFed Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994). Thus, Rule 9(b) requires a plaintiff to "identify the 'who, what, when, where and how of the misconduct charged,' as well as 'what is false or misleading about [the purportedly fraudulent conduct], and why it is false." Cafasso, ex rel. United States v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting Ebeid ex rel. United States v. Lungwitz, 616 F.3d 993, 998 (9th Cir. 2010)).

### IV.    ANALYSIS

All six defendants move to dismiss plaintiff's two claims for violations of RICO. Mot. Dismiss at 1. However, only four defendants—CFC, LSI, BAC and BANA—move

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'

| Case No. | 2:13-cv-08833-CAS(CWx) | Date | January 5, 2014 |
|---|---|---|---|
| Title | BARBARA WALDRUP V. COUNTRYWIDE FINANCIAL CORPORATION ET AL. | | |

to dismiss the remainder of plaintiff's claims.[3]  Id.

### A. Claims for Violation of RICO

As noted in this Court's prior orders, plaintiff alleges RICO violations pursuant to 18 U.S.C. §§ 1962(c) and (d).  Section 1962, subpart c, makes it "unlawful for any person employed by or associated with any enterprise . . . to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity . . . "  The essential elements of a claim premised upon a violation of § 1962(c) are thus (1) conduct (2) of an enterprise (3) through a pattern of (4) racketeering activity. Sanford v. MemberWorks, Inc., 625 F.3d 550, 557 (9th Cir. 2010).  Racketeering activity is defined to include a number of predicate acts, including mail and wire fraud.  18 U.S.C. § 1961(1).  Mail fraud, in turn, requires proof that a defendant (1) formed a scheme to defraud, (2) used the mails in furtherance of that scheme, and (3) "did so with the specific intent to deceive or defraud."  Miller v. Yokohama Tire Corp., 358 F.3d 616, 620 (9th Cir. 2004).

In the instant motion, all defendants assert that plaintiff has not properly pled the existence of an "enterprise," and four defendants—CFC, LSI, BAC, and BANA—contend that plaintiff has inadequately pled the racketeering predicate act of mail fraud as to them.  By necessary implication, these four defendants also challenge the sufficiency of plaintiff's allegations of common law fraud.  The Court addresses each challenge in turn.

#### 1. RICO Enterprise

Plaintiff alleges the existence of a "Countrywide Enterprise" comprised of all six defendants.  TAC ¶ 113.  A RICO enterprise "includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity."  18 U.S.C. § 1961(4).  This definition of enterprise is broad and illustrative, not exhaustive.  See Boyle v. U.S., 556 U.S. 938, 944 n.2 (2009); Odom v. Microsoft Corp., 486 F.3d 541, 548 (9th Cir. 2007) (noting that "this

---

[3] Defendants CHL and LSA do not challenge plaintiff's claims for fraud, unjust enrichment, and violation of the UCL.  Mot. Dismiss at 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**    'O'

| Case No. | 2:13-cv-08833-CAS(CWx) | Date | January 5, 2014 |
|---|---|---|---|
| Title | BARBARA WALDRUP V. COUNTRYWIDE FINANCIAL CORPORATION ET AL. | | |

definition is not very demanding"). Enterprises include "any union or group of individuals associated in fact . . . associated together for the common purpose of engaging in a course of conduct." Boyle, 556 U.S. at 944 (quotations omitted). Under Boyle, an association-in-fact enterprise must have "a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose." Id. at 946.

Additionally, "to establish liability under § 1962(c) one must allege and prove the existence of two distinct entities: (1) a 'person'; and (2) an 'enterprise' that is not simply the same 'person' referred to by a different name." Cedric Kushner Promotions, Ltd. v. King, 533 U.S. 158, 161 (2001). This so-called "distinctiveness" requirement is satisfied, for example, where "[t]he corporate owner/employee, a natural person, is distinct from the corporation itself, a legally different entity with different rights and responsibilities due to its different legal status." Id. at 163. In Cedric Kushner, the corporate owner ("RICO person") had allegedly used his wholly owned corporation ("RICO enterprise") as a "vehicle" for the commission of unlawful acts. Id. at 164-65. The Supreme Court distinguished—and declined to consider the merits of—lower court decisions finding the distinctiveness requirement was not met, where the alleged enterprise consisted of the corporation as the RICO "person," and "the corporation, together with all its employees and agents" as the "enterprise." Id. at 164. The Court cited with approval to McCullough v. Suter, 757 F.2d 142, 144 (7th Cir. 1985), which found that formal or practical separation would suffice to render an enterprise distinct from an individual. Cedric Kushner, 553 U.S. at 163.

As the Ninth Circuit has held before and after Cedric Kushner, the RICO enterprise need only be "different from, not the same as or part of, the person whose behavior [RICO] was designed to prohibit." Living Designs, Inc. v. E.I. Dupont de Nemours & Co., 431 F.3d 353, 362 (9th Cir. 2005) (quoting Rae v. Union Bank, 725 F.2d 478, 481 (9th Cir. 1984)). Stated otherwise, the enterprise must be either "formally or practically separable from the person." Id. (citing United States v. Benny, 786 F.2d 1410, 1416 (9th Cir. 1986)); see also River City Markets, Inc. v. Fleming Foods W., Inc., 960 F.2d 1458, 1461 (9th Cir. 1992) (noting that "an individual cannot associate or conspire with himself" but "can associate with a group of which he is a member, with the member and the group remaining distinct entities"); Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1534 (9th Cir. 1992) (holding that formal or practical separation is sufficient).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     **'O'**

| Case No. | 2:13-cv-08833-CAS(CWx) | Date | January 5, 2014 |
|---|---|---|---|
| Title | BARBARA WALDRUP V. COUNTRYWIDE FINANCIAL CORPORATION ET AL. | | |

Defendants contend that plaintiff has not satisfied the distinctiveness requirement, urging this Court to follow non-binding precedent holding that parent and subsidiary corporations lack sufficient distinctiveness to constitute a RICO enterprise. Mot. Dismiss at 7. Defendants direct the Court's attention to In re Countrywide Fin. Corp. Mortgage-Backed Sec. Litig., 2012 WL 10731957 (C.D. Cal. June 29, 2012), where a court in this district—relying on Sixth Circuit authority—held that "a corporation may not be liable . . . for participating in the affairs of an enterprise that consists only of its own subdivisions, agents, or members." Id. at *8 (quoting Shields v. UnumProvident Corp., 415 F. App'x 686, 691 (6th Cir. 2011)).

In contrast, plaintiffs direct the Court to Watts v. Allstate Indem. Co., 2009 WL 1905047 (E.D. Cal. July 1, 2009) and In re Countrywide Fin. Corp. Mortgage Mktg. & Sales Practices Litig., 601 F.Supp.2d 1201 (S.D. Cal. 2009). In In re Countrywide Fin. Corp. Mortgage Mktg. & Sales Practices Litig., the court relied on out-of-circuit precedent to conclude that parent and subsidiary corporations mays satisfy the distinctiveness requirements if plaintiffs allege "something more" than mere legal distinctiveness, noting that the Ninth Circuit had not yet decided this issue. 601 F.Supp.2d at 1213-1214 (citing authority from the First, Third, Seventh, and Eighth Circuits). The court also declined to adopt the reasoning of Cedric Kushner and Sever, discussed supra, concluding that those two cases did not directly address the parent-subsidiary issue and arose from a sufficiently "different set of circumstances" to render their guidance inapposite. Id. at 1214, n.3.

The Watts court, however, held that "a corporate parent is distinct from its corporate subsidiary such that one may be 'associated with' the other for purposes of a claim under 18 U.S.C. section 1962(c)." 2009 WL 1905047, at *6. In so doing, the court rejected the "something more" test articulated by the In re Countrywide Fin. Corp. Mortgage Mktg. & Sales Practices Litig. court, reasoning that Cedric Kushner and Sever "control this case." Id. at *5-*6. As the court explained:

> [Cedric Kushner v.] King held that the only distinctiveness required was 'a legally different entity with different rights and responsibilities due to its different legal status.' 533 U.S. at 163. Sever adopted a similar test, and held that formal distinctiveness was itself sufficient, regardless of whether

Case 2:13-cv-08833-CAS-AGR   Document 52   Filed 01/05/15   Page 10 of 13   Page ID #:1290

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'

| Case No. | 2:13-cv-08833-CAS(CWx) | Date | January 5, 2014 |
|---|---|---|---|
| Title | BARBARA WALDRUP V. COUNTRYWIDE FINANCIAL CORPORATION ET AL. | | |

there was also practical separation. 978 F.2d at 1534 (quoting Benny, 786 F.2d at 1416). A separately-incorporated subsidiary satisfies the tests articulated by both King and Sever.

Id. at *6. Plaintiff urges the Court to adopt the Watts rule and, in the alternative, asserts that she has adequately alleged "something more" as required by In re Countrywide Fin. Corp. Mortgage Mktg. & Sales Practices Litig.

The Court concludes that plaintiff has adequately alleged the existence of a RICO enterprise, and finds the reasoning of Watts more persuasive than that of In re Countrywide Fin. Corp. Mortgage Mktg. & Sales Practices Litig. As the Watts court recognized, the Ninth Circuit recently reiterated that courts "should not read the statutory terms of RICO narrowly," Odom, 486 F.3d at 547, explaining that although "[t]here has been some judicial resistance to RICO, manifested in narrow readings of its provisions by lower federal courts[,] [i]n four notable cases [one of which was Cedric Kushner], the Supreme Court has corrected these narrow readings," id. at 545. See Watts, 2009 WL 1905047, at *6. Accordingly, the Court finds that the formal, legal separation of the defendant entities satisfies the RICO distinctiveness requirement. Accord Negrete v. Allianz Life Ins. Co. of N. Am., 926 F.Supp.2d 1143, 1151 (C.D. Cal. 2013) (discussing conflicting authority and finding that the "formal separation [of parent and subsidiary companies] is alone sufficient to support a finding of distinctiveness").[4]

---

[4] Even assuming plaintiff is required to satisfy the "something more" test, the Court concludes that she has. Specifically, plaintiff alleges that the relationship between defendant entities permitted defendants to manipulate the appraisal process, functionally eliminating checks and balances within the industry that are intended to keep the appraisal process independent and objective. See, e.g., TAC ¶¶ 48, 116. This is precisely the "something more" found sufficient by the court in In re Countrywide Fin. Corp. Mortgage Mktg. & Sales Practices Litig. 601 F. Supp. 2d at 1214 (finding "something more" requirement satisfied where plaintiffs alleged that Countrywide's "decision to operate through the LandSafe Defendants facilitated the activity of the enterprise by removing a potential for 'checks and balances' from the loan process").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL                    'O'

| Case No. | 2:13-cv-08833-CAS(CWx) | Date | January 5, 2014 |
|---|---|---|---|
| Title | BARBARA WALDRUP V. COUNTRYWIDE FINANCIAL CORPORATION ET AL. | | |

### 2. RICO Predicate Acts

Plaintiffs allege a pattern of racketeering activity comprised of mail and wire fraud, asserting that "[e]very member of the Countrywide Enterprise participated in the process of misrepresenting and concealing the fraudulent nature of the purported appraisals." TAC ¶ 120. Defendants CFC, LSI, BAC, and BANA contend that plaintiffs' RICO claims fail because plaintiffs have not alleged how "each [defendant] made representations and concealments," as required by Rule 9(b). Mot. Dismiss at 10 (emphasis in original). Plaintiff responds that these four defendants have been adequately apprised of the allegations against them and, moreover, that Rule 9(b)'s pleading requirements are relaxed where, as here, the fraud consists of concealments and omissions. Opp'n Mot. Dismiss at 15. Both parties assert that the following passage from the Court's October 6, 2014 order supports its position:

> [P]laintiff has not identified the specific corporate individuals who made the representations regarding the appraisals and the authority of those individuals to make such representations. See, e.g., Serna v. Bank of Am., N.A., 2012 WL 2030705 at *3 (C.D. Cal. June 4, 2012) ("The requirement of specificity in a fraud action against a corporation requires the plaintiff to allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written.") (internal quotation marks omitted). Plaintiff resists this conclusion, and cites Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 540 (9th Cir. 1989), for the proposition that the requirements of Rule 9(b) are relaxed in cases of corporate fraud where "plaintiffs will not have personal knowledge of all of the underlying facts." Opp'n at 7-8. The Court does not doubt that some of the underlying facts are exclusively "within the opposing party's knowledge," Moore, 885 F.2d at 540, and thus cannot be pled by plaintiff with particularity at this juncture. However, plaintiff does not explain why the identities of the LandSafe appraisers and Countrywide employees who allegedly transmitted the appraisals to plaintiff are not within her personal knowledge.

Dkt. 45 at 8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:13-cv-08833-CAS(CWx) | Date | January 5, 2014 |
|---|---|---|---|
| Title | BARBARA WALDRUP V. COUNTRYWIDE FINANCIAL CORPORATION ET AL. | | |

      Plaintiff correctly construes the intent of the Court's October 6, 2014 order, and the Court thus finds that she has adequately alleged fraud against all six defendants. Consistent with the Court's instruction, plaintiff has amended her complaint to include the identities of the CHL and LSA agents with whom she dealt in obtaining both the 2004 and 2007 appraisals, as well as their authority to make the allegedly fraudulent misrepresentations at issue. See TAC ¶¶ 58-72. Absent discovery, however, it appears that plaintiff cannot point to the specific fraudulent misrepresentations or omissions allegedly made by the four parent company defendants as part of the alleged scheme. See Moore, 885 F.2d at 540; Terra Ins. Co.o. v. New York Life Inv. Mgmt., LLC, 2009 WL 2365883, at *3 (N.D. Cal. July 30, 2009) ("In cases of corporate fraud . . . the pleading standard is relaxed since the circumstances may make it difficult to attribute particular fraudulent conduct to each defendant as an individual."); In re TFT LCD (Flat Panel) Antitrust Litig., 586 F. Supp. 2d 1109, 1120 (N.D. Cal. 2008) ("[I]t is generally inappropriate to resolve the fact-intensive allegations of fraudulent concealment at the motion to dismiss stage, particularly when the proof relating to the extent of the fraudulent concealment is alleged to be largely in the hands of the alleged conspirators."). Consistent with the purpose of Rule 9(b), the Court finds that plaintiff has adequately alleged fraud since the TAC gives "defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007); see also Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997) ("[W]e cannot make Rule 9(b) carry more weight than it was meant to bear.").

      Because the Court finds that plaintiff has adequately pled her substantive RICO claim under 18 U.S.C. § 1962(c), the Court also finds that plaintiff has adequately pled her derivative claim for conspiracy to violate RICO pursuant to § 1962(d). Accordingly, the Court DENIES defendants' motion to dismiss plaintiff's RICO claims.

    **B.**     **Common Law Fraud**

      Defendants CFC, LSI, BAC, and BANA challenge the adequacy of plaintiff's fraud allegations on the same basis that they challenge plaintiff's RICO claim—namely, they assert that plaintiff has not satisfied the heightened pleading standard of Rule 9(b). Accordingly, for the reasons discussed above, the Court DENIES defendants' motion to dismiss plaintiff's common law fraud claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    'O'

| Case No. | 2:13-cv-08833-CAS(CWx) | Date | January 5, 2014 |
|---|---|---|---|
| Title | BARBARA WALDRUP V. COUNTRYWIDE FINANCIAL CORPORATION ET AL. | | |

### C.   UCL and Unjust Enrichment

Defendants CFC, LSI, BAC, and BANA also ask the Court to dismiss the unjust enrichment and UCL claims, asserting that plaintiff has failed to allege "specific wrongdoing" by these four entities.  Mot. Dismiss. at 10-11.  In bringing this motion, these defendants essentially ask the Court to reconsider its October 6, 2014 order denying defendants' prior motion to dismiss both these claims from plaintiff's SAC.  See Dkt. 45 at 9-10.  The Court declines to reconsider its decision.  Accordingly, the Court DENIES defendants' motion to dismiss plaintiff's unjust enrichment and UCL claims.

## V.   CONCLUSION

In accordance with the foregoing, the Court hereby DENIES in its entirety defendants' motion to dismiss plaintiff's third amended complaint.

IT IS SO ORDERED.

|  |  | 00 | : | 06 |
|---|---|---|---|---|
|  | Initials of Preparer | CMJ | | |