UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**         **'O'**

| Case No. | 2:13-cv-08833-CAS(AGRx)<br>2:16-cv-04166-CAS(AGRx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | BARBARA WALDRUP v. COUNTRYWIDE FINANCIAL CORPORATION ET AL.<br><br>ELIZABETH WILLIAMS ET AL. v. COUNTRYWIDE FINANCIAL CORPORATION ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) - PLAINTIFF BARBARA WALDRUP'S MOTION TO CONSOLIDATE (2:13-cv-08833, dkt. 132, filed September 12, 2016)

(IN CHAMBERS) DEFENDANTS COUNTRYWIDE FINANCIAL CORPORATION, COUNTRYWIDE HOME LOANS, COUNTRYWIDE BANK, N.A., BANK OF AMERICA CORPORATION, LANDSAFE INC., AND LANDSAFE APPRAISAL, INC.'S MOTION TO STAY ACTION (2:16-cv-04166, dkt. 24, filed August 29, 2016)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the hearing date of November 14, 2016 is vacated, and the matter is hereby taken under submission.

**I.   INTRODUCTION**

Plaintiff Barbara Waldrup filed her class action complaint on November 27, 2013, against defendants Countrywide Financial Corporation, Countrywide Home Loans, Countrywide Bank, N.A., Bank Of America Corporation, Landsafe Inc., and Landsafe Appraisal, Inc. ("defendants"). 2:13-cv-08833 ("Waldrup") dkt. 1. Following motions to dismiss and amendments, Waldrup filed her operative Third Amended Complaint on October 27, 2014. Waldrup dkt. 46 ("Waldrup TAC"). The Waldrup TAC alleges five claims for relief: (1) violation of California's Unfair Competition Law ("UCL"), Cal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-08833-CAS(AGRx)<br>2:16-cv-04166-CAS(AGRx) | Date | November 14, 2016 |
| Title | BARBARA WALDRUP v. COUNTRYWIDE FINANCIAL CORPORATION ET AL.<br><br>ELIZABETH WILLIAMS ET AL. v. COUNTRYWIDE FINANCIAL CORPORATION ET AL. | | |

Bus. & Prof. Code §§ 17200, et seq.; (2) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c); (3) conspiracy to engage in racketeering in violation of RICO; (4) fraud; and (5) unjust enrichment. Id. Waldrup defines her class as "[a]ll residents of the United States of America who, during the period January 1, 2003 through December 31, 2008, obtained an appraisal from LandSafe in connection with a loan originated by Countrywide." Waldrup TAC ¶ 83.

On June 10, 2016, plaintiffs Elizabeth Williams, Rebecca Murphy, and Beckie Reaster ("Williams plaintiffs") filed their class action complaint against defendants. 2:16-cv-04166 ("Williams") dkt. 1. Also on June 10, 2016, the Williams plaintiffs filed a notice that the Williams and Waldrup actions are related cases. Williams dkt. 5. On June 16, 2016, this Court related the Williams case to the Waldrup case. Williams dkt. 9.

The Williams plaintiffs seek relief on behalf of a nationwide class that is identical to the class identified in the Waldrup TAC. Williams dkt. 1 ¶ 117 ("Williams Compl."). The Williams plaintiffs also assert claims on behalf of two subclasses of California and Florida residents. Id. Like Waldrup, the Williams plaintiffs allege claims under RICO, the UCL, and for unjust enrichment. Williams Compl. In addition, the Williams plaintiffs assert claims under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2607, and Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. §§ 501.201, et seq.

On August 29, 2016, defendants filed a motion to stay proceedings in the Williams action pending the adjudication of Waldrup's motion for class certification. Williams dkt. 24-1. The Williams plaintiffs filed their opposition to defendants' motion on October 13, 2016, Williams dkt. 27, and defendants filed their reply on October 28, 2016, Williams dkt. 28.

On September 12, 2016, Waldrup filed a motion to consolidate the Waldrup and Williams actions. Waldrup dkt. 132. Also on September 12, 2016, the Williams plaintiffs filed a notice of non-opposition to Waldrup's motion. Wiliams dkt. 26.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:13-cv-08833-CAS(AGRx)<br>2:16-cv-04166-CAS(AGRx) | Date | November 14, 2016 |
| Title | BARBARA WALDRUP v. COUNTRYWIDE FINANCIAL CORPORATION ET AL.<br><br>ELIZABETH WILLIAMS ET AL. v. COUNTRYWIDE FINANCIAL CORPORATION ET AL. | | |

Defendants filed their opposition to Waldrup's motion on October 13, 2016. Waldrup dkt. 140. Waldrup filed her reply on October 28, 2016. Waldrup dkt. 145.

## II.   LEGAL STANDARDS

Federal Rule of Civil Procedure 42(a) permits the Court to consolidate actions involving a common question of law or fact, and consolidation is proper when it serves the purposes of judicial economy and convenience. "The district court has broad discretion under this rule to consolidate cases pending in the same district." Investors Research Co. v. United States District Court for the Central District of California, 877 F.2d 777 (9th Cir. 1989). "In determining whether to consolidate, a court weighs the interest in judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation." Ferguson Corinthian Colleges Inc., No. 11-cv-0127-DOC, 2011 WL 1519352, at *2 (C.D. Cal. Apr. 15, 2011) (quotation marks omitted); see also Huene v. United States, 743 F.2d 703, 704 (9th Cir. 1984) ("The district court, in exercising its broad discretion to order consolidation of actions presenting a common issue of law or fact under Rule 42(a), weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause," in addition to any prejudice that may result."). "[T]ypically, consolidation is favored." Ho Keung Tse v. Apple, Inc., No. 12-cv02653-SBA, 2013 WL 451639, at *3 (N.D. Cal. Feb. 5, 2013).

A district court has discretionary power to stay proceedings in its own court. See Landis v. North American Co., 299 U.S. 248, 254 (1936). Accordingly, the court "may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." Leyva v. Certified Grocers of Cal. Ltd., 593 F.2d 857, 863 (9th Cir. 1979). However, case management concerns alone are not necessarily a sufficient ground to stay proceedings. See Dependable Highway Express v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007). "'[I]f there is even a fair possibility that the stay . . . will work damage to someone else,' the stay may be inappropriate absent a showing by the moving party of 'hardship or inequity.'" Id. (quoting Landis, 299 U.S. at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:13-cv-08833-CAS(AGRx)<br>2:16-cv-04166-CAS(AGRx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | BARBARA WALDRUP v. COUNTRYWIDE FINANCIAL CORPORATION ET AL.<br><br>ELIZABETH WILLIAMS ET AL. v. COUNTRYWIDE FINANCIAL CORPORATION ET AL. | | |

255). Further, "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of Landis." Lockyer v. Mirant Corp., 398 F.3d 1098, 1112 (9th Cir. 2005).

## IV.   DISCUSSION

The parties agree that the Waldrup and Williams actions present common questions of law and fact. See Waldrup dkt. 132; Williams dkt. 24-1 at 3–4. Indeed, defendants themselves note: "the *Williams* Complaint involves the same defendants, substantially the same claims, and alleged questions of law and fact as those set forth in the *Waldrup* TAC. Further, the majority of the allegations in the *Williams* Complaint are a copy/paste rehash of the allegations in the *Waldrup* TAC." Williams dkt. 24-1 at 4.

However, defendants argue that consolidation is not in the interests of judicial economy because consolidation would delay the adjudication of Waldrup's motion for class certification. Dkt. 140 at 6. Defendants contend that they "should not be subjected to additional discovery burdens." Id. at 6–7.[1] Defendants assert that consolidation would create due process concerns if defendants were not permitted challenge the Williams pleading under Federal Rules of Civil Procedure 9 or 12. Id. at 8. Defendants further argue that the assertion of two additional claims in the Williams action counsels against consolidation because the Court should determine whether Waldrup's class-wide claims can survive before determining whether to address state-specific claims predicated on the same underlying facts. Id. at 9. Lastly, defendants contend that a stay of the Williams action would not prejudice Waldrup or the Williams plaintiffs. Id. at 10–11.

---

[1] Notwithstanding this contention, defendants assert in their reply in support of their motion for a stay: "Given that the *Williams* Plaintiffs' RESPA and FDUTPA claims are already subsumed by the *Waldrup* TAC fact allegations, there is no additional investigation or discovery needed for the procedural purposes of assessing class certification." Williams dkt. 28 at 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**         **'O'**

| Case No. | 2:13-cv-08833-CAS(AGRx) 2:16-cv-04166-CAS(AGRx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | BARBARA WALDRUP v. COUNTRYWIDE FINANCIAL CORPORATION ET AL. ELIZABETH WILLIAMS ET AL. v. COUNTRYWIDE FINANCIAL CORPORATION ET AL. | | |

  Waldrup concedes that the consolidation of the Waldrup and Williams actions will likely require some modification to the current Waldrup scheduling order to allow discovery to be taken concerning the two additional claims in Williams. Waldrup dkt. 132 at 7. Nonetheless, Waldrup argues that conducting entirely separate discovery processes for each matter would waste even more judicial resources than any delay resulting from consolidation. Waldrup contends that consolidation is in the overall interests of judicial economy because the Court will be able to resolve similar legal and factual issues at once. Id. Waldrup further argues that a stay of the Williams action would be inefficient because, if the class in Waldrup is certified, upon the lifting of the stay in Williams, plaintiffs would be required to rebrief class certification and disseminate class notice for a second time. Waldrup dkt. 145 at 3.

  The Court agrees with Waldrup that consolidation ultimately serves the interests of judicial economy, even if consolidation initially delays the Court's consideration of Waldrup's class certification motion. In addition, "the law is clear that an act of consolidation does not affect any of the substantive rights of the parties." J. G. Link & Co. v. Cont'l Cas. Co., 470 F.2d 1133, 1138 (9th Cir. 1972). Therefore, consolidation does not divest defendants of the right to challenge the Williams' plaintiffs' complaint. See Judge William W. Schwarzer et al., California Practice Guide: Federal Civil Procedure before Trial § 16:140 (The Rutter Group 2016) ("[C]onsolidation does not affect any separate right or defense asserted in any of the consolidated actions."). The Court therefore **GRANTS** Waldrup's motion to consolidate and **DENIES** defendants' motion to stay the Williams action as moot. See Jones v. Travelers Cas. Ins. Co. of Am., No. 13-cv-02390-LHK, 2013 WL 4511648, at *3 (N.D. Cal. Aug. 22, 2013) (denying defendant's motion for a stay where "[t]he discovery between the two claims likely overlaps and even may be identical. Furthermore, the cost of having to move forward in litigation absent the requested stay is insufficient to justify a stay."). At this stage, the cases are consolidated for pre-trial purposes only. The Court further concludes that the Federal Rules of Civil Procedure set forth appropriate limitations on discovery and declines to grant defendants' request that the Court preclude additional discovery by the Williams plaintiffs except as it relates to their loans and appraisals. See Williams dkt. 28 at 5 n.3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:13-cv-08833-CAS(AGRx)<br>2:16-cv-04166-CAS(AGRx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | BARBARA WALDRUP v. COUNTRYWIDE FINANCIAL CORPORATION ET AL.<br><br>ELIZABETH WILLIAMS ET AL. v. COUNTRYWIDE FINANCIAL CORPORATION ET AL. | | |

## V.    CONCLUSION

In accordance with the foregoing, the Court **GRANTS** Waldrup's motion to consolidate the Waldrup and Williams actions. At this stage, the cases are consolidated for pre-trial purposes only. The Court **DENIES** defendants' motion to stay the Williams action as moot.

IT IS SO ORDERED.

                                                                    00  :  00
                                                Initials of Preparer    CMJ