Robert E. Boone III, SBN 132780
Douglas A. Thompson, SBN 155619
Linda C. Hsu, SBN 239880
Richard P. Steelman, Jr., SBN 266449
**BRYAN CAVE LLP**
120 Broadway, Suite 300
Santa Monica, California 90401-2386
Telephone:   (310) 576-2100
Facsimile:   (310) 576-2200
E-mail:       reboone@bryancave.com
              douglas.thompson@bryancave.com
              linda.hsu@bryancave.com
              ricky.steelman@bryancave.com

Attorneys for Defendants
Countrywide Financial Corporation; Countrywide Home
Loans, Inc. (erroneously sued as "Countrywide Home
Loans"); Bank of America, N.A., as successor by
April 27, 2009 de jure merger with Countrywide Bank, FSB (formerly known as
Countrywide Bank, N.A.); Bank of America Corporation;
LandSafe, Inc.; and LandSafe Appraisal Services, Inc.
(now known as "CoreLogic Valuation Solutions, Inc.")
(erroneously sued as "Landsafe Appraisal Inc.")

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| BARBARA WALDRUP, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTRYWIDE FINANCIAL CORPORATION, a Delaware corporation, COUNTRYWIDE HOME LOANS, a New York corporation; COUNTRYWIDE BANK, N.A., a national association, BANK OF AMERICA CORPORATION, a Delaware corporation, LANDSAFE INC., a Delaware corporation; LANDSAFE APPRAISAL INC., a California corporation,<br><br>Defendants. | Case No. 2:13-cv-08833 CAS (AGRx) (consolidated with Case Number:  2:16-cv-4166 CAS (AGRx))<br><br>**AMENDED STIPULATED PROTECTIVE ORDER** |

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

| 1 | ELIZABETH WILLIAMS, BECKIE REASTER, REBECCA MURPHY, individually, and on behalf of all others similarly situated, |
| 2 | |
| 3 | |
| 4 | Plaintiffs, |
| | vs. |
| 5 | |
| 6 | COUNTRYWIDE FINANCIAL CORPORATION, a Delaware corporation, COUNTRYWIDE HOME LOANS, a New York corporation, COUNTRYWIDE BANK, N.A., a national association, BANK OF AMERICA CORPORATION, a Delaware corporation, LANDSAFE, INC., a Delaware corporation, LANDSAFE APPRAISAL, INC., a California corporation, |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | Defendants. |
| 13 | |

14    Subject to the provisions of Rule 26 of the Federal Rules of Civil Procedure,

15  Plaintiffs Barbara Waldrup, Elizabeth Williams, Beckie Reaster, and Rebecca

16  Murphy ("Plaintiffs"), by and through their counsel Baron & Budd, P.C. and Hagens

17  Berman Sobol Shapiro LLP, and Defendants Countrywide Financial Corporation,

18  Countrywide Home Loans, Inc. (erroneously sued as "Countrywide Home Loans"),

19  Bank of America, N.A., as successor by merger with Countrywide Bank, FSB

20  (formerly known as Countrywide Bank, N.A.), Bank of America Corporation,

21  LandSafe, Inc., and LandSafe Appraisal Services, Inc. (erroneously sued as

22  "Landsafe Appraisal Inc.") (collectively, "Defendants"), by and through their

23  counsel Bryan Cave LLP, hereby stipulate and agree that discovery materials

24  produced or information otherwise disclosed during the course of discovery in both

25  the *Waldrup* action and the *Williams* action (collectively, the "Consolidated

26  Actions") may contain private consumer information, competitive information,

27  personnel information or other kinds of commercially sensitive and personal

28  information that the producing party, based on a good faith belief is subject to

**AMENDED STIPULATED PROTECTIVE ORDER**

confidentiality protection under relevant law, deems confidential. In order to reasonably preserve the confidentiality of such information the parties further stipulate and agree as follows:

1. This Stipulation shall apply to all materials, documents and information (including copies, excerpts and summaries of such materials, documents, and information) designated as "CONFIDENTIAL" or "RESTRICTED" under Paragraph 2 below, and produced by any party or non-party during the course of the Consolidated Actions, including materials, documents and information produced pursuant to Rules 26, 33, or 34 of the Federal Rules of Civil Procedure, or by informal request or agreement, answers to interrogatories and requests for admissions, documents subpoenaed in connection with deposition testimony, and deposition transcripts (hereinafter referred to collectively as "Discovery Materials"). The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items entitled to confidential treatment under applicable law.

2. Any information disclosed in discovery by a party or non-party may be designated as "CONFIDENTIAL" or as "RESTRICTED" by any party or non-party in good faith. For the purposes of this Stipulation, "CONFIDENTIAL" information shall mean information which constitutes, reflects or discloses confidential, competitively sensitive or proprietary information which the designating person wishes to maintain in confidence, including proprietary sales, marketing, licensing, operational or other proprietary information not otherwise publicly available. For purposes of this Stipulation, "RESTRICTED" means the following types of documents and information: (1) non-public communications with regulators or other governmental bodies that are intended to be kept confidential and/or are protected from disclosure by statute or regulation; (2) financial information not publicly filed with any federal or state regulatory authority or otherwise publicly available; (3)

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

2

**AMENDED STIPULATED PROTECTIVE ORDER**

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

1  trade secret information as defined under California Civil Code section 3426.1; (4)

2  tax, medical or other personal information (including, without limitation, social

3  security numbers) relating to any person or entity; (5) information, material and/or

4  other documents reflecting non-public business or financial strategies, and/or

5  confidential competitive information which, if disclosed, would result in prejudice or

6  harm to the disclosing party; (6) information pertaining to Defendants' customers

7  that is not publicly available, including private consumer information that contains

8  identifying, contact or private financial information provided by a consumer to a

9  financial institution and any "non-public personal information" as defined by the

10 Gramm-Leach-Bliley Act, 15 U.S.C. sections 6801 *et seq.*; and (7) information

11 relating to non-public administrative or regulatory proceedings.  Any party may seek

12 an amendment to the Protective Order to designate confidential documents and

13 information in addition to the categories described in this Paragraph 2 before

14 production of any such documents and information.  The parties agree to meet and

15 confer in good faith and attempt to reach an agreement on any request by a party to

16 designate such additional categories of confidential documents or information.  It is

17 the intent of the parties that information will not be designated as confidential for

18 tactical reasons and that nothing shall be so designated without a good faith belief

19 that it has been maintained in a confidential, non-public manner, and that there is

20 good cause why it should not be part of the public record of this case.

21     3.     "CONFIDENTIAL" and "RESTRICTED" Discovery Materials shall

22 not be disclosed by any means to any person or entity for any other purpose

23 whatsoever except the prosecution or defense of this case.

24     4.     "CONFIDENTIAL" Discovery Materials may only be disclosed to the

25 following persons:

26         a.     Attorneys of record or in-house counsel for the parties in the

27 Consolidated Actions and the staff of their respective law firms or in-house legal

28 departments working on this case, including all partners and associate attorneys of

**AMENDED STIPULATED PROTECTIVE ORDER**

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

1 such attorneys' law firms or in-house counsels' legal departments and all clerks,

2 employees, independent contractors, investigators, paralegals, assistants, secretaries,

3 staff and stenographic, computer, audio-visual and clerical employees and agents

4 thereof when operating under the direct supervision of such partners or associate

5 attorneys and who are actually working on the Consolidated Actions, all of whom

6 shall be bound by this Stipulation and accompanying Protective Order;

7         b.      Experts or consultants for each side retained for the purpose of

8 assisting counsel in the prosecution or defense of this consolidated litigation or

9 testifying at trial, to the extent deemed necessary in good faith by the retaining

10 counsel to enable a consultant or expert to evaluate the proposed retention and/or

11 provide such assistance or testimony (plus such clerical personnel of each such

12 consultant or expert required to carry out duties assigned to them by each consultant

13 or expert), and provided that the expert, consultant or other personnel are not

14 competitors of, or are employed by competitors of, the party that owns the

15 "CONFIDENTIAL" Discovery Materials, and will not gain any competitive

16 advantage by having access to the "CONFIDENTIAL" Discovery Materials;

17         c.      Named parties, or officers, directors, partners and employees

18 whom counsel in good faith believes are reasonably necessary to assist counsel in

19 this case;

20         d.      Persons noticed for depositions or designated as trial witnesses

21 (and their counsel, if any) to the extent reasonably deemed by counsel to be

22 necessary in good faith in connection with that person's testimony or counsel's

23 preparation of their case, and provided that such persons are not competitors of, or

24 employed by competitors of, the party that owns the "CONFIDENTIAL" Discovery

25 Materials, and will not gain any competitive advantage by having access to the

26 "CONFIDENTIAL" Discovery Materials;

27         e.      The Court and Court personnel to whom disclosure is reasonably

28 necessary for this consolidated litigation;

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

f.     Stenographic reporters and videographers engaged for depositions or other proceedings necessary for the conduct of this case;

g.     Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for the Consolidated Actions;

h.     Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions;

i.     Outside photocopying, data processing or graphic services employed by a party or its counsel to assist in this consolidated litigation; and

j.     Any person who created, authored or received the particular information sought to be disclosed to that person.

5.     "RESTRICTED" Discovery Material may only be disclosed to the following persons:

a.     Attorneys of record or in-house counsel for the parties in the Consolidated Actions and the staff of their respective law firms or in-house legal departments working on this case, including all partners and associate attorneys of such attorneys' law firms or in house counsels' legal departments and all clerks, employees, independent contractors, investigators, paralegals, assistants, secretaries, staff and stenographic, computer, audio-visual and clerical employees and agents thereof when operating under the direct supervision of such partners or associate attorneys and who are actually working on the Consolidated Actions, all of whom shall be bound by this Stipulation and accompanying Protective Order;

b.     Experts or consultants for each side retained for the purpose of assisting counsel in the prosecution or defense of this consolidated litigation or testifying at trial, to the extent deemed necessary in good faith by the retaining counsel to enable a consultant or expert to evaluate the proposed retention and/or provide such assistance or testimony (plus such clerical personnel of each such

**AMENDED STIPULATED PROTECTIVE ORDER**

1  consultant or expert required to carry out duties assigned to them by each consultant

2  or expert), and provided that the expert, consultant or other personnel are not

3  competitors of, or employed by competitors of, the party that owns the Restricted

4  Discovery Materials, and will not gain any competitive advantage by having access

5  to the Restricted Discovery Materials;

6          c.      The Court and Court personnel to whom disclosure is reasonably

7  necessary for this consolidated litigation;

8          d.      Professional jury or trial consultants, mock jurors, and

9  Professional Vendors to whom disclosure is reasonably necessary for the

10  Consolidated Actions;

11          e.      Any mediator or settlement officer, and their supporting

12  personnel, mutually agreed upon by any of the parties engaged in settlement

13  discussions;

14          f.      Stenographic reporters and videographers engaged for

15  depositions or other proceedings necessary for the conduct of this case; and

16          g.      Any person who created, authored or previously received the

17  particular RESTRICTED information sought to be disclosed.

18      Except as permitted above, "RESTRICTED" Discovery Materials shall not be

19  furnished, shown or disclosed to the parties.  But such materials may be used to

20  examine any author(s) or recipient(s) of the document, employees of the designating

21  party, or expert witnesses for the designating party who have been provided the

22  "RESTRICTED" Discovery Materials.

23      6.      Nothing in this Stipulation and accompanying Protective Order shall

24  prohibit disclosure of "CONFIDENTIAL" or "RESTRICTED" Discovery Material

25  in response to compulsory process or the process of any governmental regulatory

26  agency.  If any person subject to this Stipulation and accompanying Protective

27  Order, including a person subject to a Confidentiality Agreement under this

28  Stipulation and accompanying Protective Order, is served with such process or

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

1  receives notice of any subpoena or other discovery request seeking

2  "CONFIDENTIAL" or "RESTRICTED" Discovery Material, such person shall

3  promptly (not more than three (3) working days after receipt of such process or

4  notice) notify the Designating Party of such process or request, shall cooperate with

5  respect to all reasonable procedures sought to be pursued by the Designating Party

6  whose protected material may be affected, and shall afford a reasonable opportunity

7  for the Designating Party to oppose the process or to seek a protective order.

8        7.     Before disclosing "CONFIDENTIAL" Discovery Materials to persons

9  within the categories in Paragraphs 4(b), (d), (g), (i) and (j) above, the attorney

10  disclosing the materials shall advise such persons of the restrictions of this

11  Stipulation and accompanying Protective Order and obtain written assurance in the

12  form attached as Exhibit A that such person will be bound by its provisions. By

13  signing this Stipulation, counsel shall bind the parties whom they represent. Counsel

14  for the party seeking to disclose "CONFIDENTIAL" Discovery Materials to any

15  person pursuant to Paragraphs 4(b), (d), (g), (i) and (j) shall be responsible for

16  retaining the executed originals of all such Confidentiality Agreements and

17  certifying that such individuals have complied with the requirements of the

18  Protective Order.

19        8.     Before disclosing "RESTRICTED" Discovery Materials to persons

20  within the categories in Paragraphs 5(b), (d) and (g) above, the attorney disclosing

21  the materials shall advise such persons of the restrictions of this Stipulation and

22  accompanying Protective Order and obtain written assurance in the form attached as

23  Exhibit A that such person will be bound by the provisions of the Protective Order.

24  By signing this Stipulation, counsel shall bind the parties whom they represent.

25  Counsel for the party seeking to disclose "RESTRICTED" Discovery Materials to

26  any person pursuant to Paragraphs 5(b), (d) and (g) shall be responsible for retaining

27  the executed originals of all such Confidentiality Agreements and certifying that

28  such individuals have complied with the requirements of the Protective Order.

**AMENDED STIPULATED PROTECTIVE ORDER**

9. All "CONFIDENTIAL" Discovery Materials shall be designated and stamped "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" prior to their production. All "RESTRICTED" Discovery Materials shall be designated and stamped "RESTRICTED – ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER" prior to their production. In the event that a party inadvertently fails to designate any "CONFIDENTIAL" or "RESTRICTED" Discovery Materials, the producing party may thereafter make such a designation by notifying the receiving party in writing, and the initial failure to so mark material shall not be deemed a waiver of its confidentiality.

10. In connection with the taking of any deposition in the Consolidated Actions:

a. The party who noticed or requested the deposition shall, prior to the commencement of testimony at such deposition, serve a copy of the Protective Order in the Consolidated Actions upon the officer reporting the deposition. Such officer shall acknowledge service of a copy of the Protective Order in the Consolidated Actions, and shall agree that he/she, his/her employees, and his/her agents shall be bound by the terms of the Order, and shall make no use or disclosure of "CONFIDENTIAL" or "RESTRICTED" Discovery Materials unless expressly permitted by the terms of the Protective Order in the Consolidated Actions, or by the express consent of all parties and any designating person who are or may become subject to the provisions of the Protective Order in the Consolidated Actions. Such officer shall provide copies of the deposition transcript or deposition exhibits only to attorneys for the parties and, if the deposition is of a third person or entity, to that deponent or his/her attorney unless otherwise agreed by the disclosing entity.

b. Counsel for any party hereto may, either during any such deposition or within thirty days of receipt of the transcript, designate any specific portion of the deposition transcript along with the deposition exhibits, as "CONFIDENTIAL" or "RESTRICTED" Discovery Material. If the deposition is of

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

AMENDED STIPULATED PROTECTIVE ORDER

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

1    a third person or entity not joined herein, that third person or entity may use the same

2    designation process set forth in this Paragraph.

3                c.        Relating to deposition testimony, the witness or his counsel shall

4    invoke the provisions of the Protective Order in the Consolidated Actions by stating

5    on the record during the deposition that specific testimony relating to or containing

6    "CONFIDENTIAL" or "RESTRICTED" information given at the deposition is

7    designated "CONFIDENTIAL" or "RESTRICTED." No person shall attend those

8    portions of the depositions designated "CONFIDENTIAL" or "RESTRICTED"

9    unless such person is an authorized recipient of "CONFIDENTIAL" or

10   "RESTRICTED" information under the terms of this Protective Order, or in the

11   event the parties have agreed to use "CONFIDENTIAL" or "RESTRICTED"

12   Discovery Material to examine a non-party witness who has refused to sign the form

13   specified in Paragraph 7 or 8, above, whichever is applicable. Any court reporter

14   who transcribes "CONFIDENTIAL" or "RESTRICTED" testimony in the

15   Consolidated Actions at a deposition shall agree, before transcribing any such

16   testimony, that all "CONFIDENTIAL" or "RESTRICTED" testimony is and shall

17   remain as such and shall not be disclosed except as provided in this Protective Order;

18   copies of any transcript, reporter's notes, or any other transcription records of any

19   such testimony prepared by the court reporter, will be marked "CONFIDENTIAL"

20   or "RESTRICTED," as appropriate, and will be retained in absolute confidentiality

21   and safekeeping by such reporter or delivered to the attorneys of record or filed

22   under seal with the Court.

23               d.        Counsel for the person being deposed shall, within thirty days

24   after the transcript has been received by such counsel, be permitted to designate any

25   portions of the transcript which contain testimony concerning "CONFIDENTIAL" or

26   "RESTRICTED" Discovery Materials and not so designated during deposition

27   testimony, which portions after such designation shall be treated as

28   "CONFIDENTIAL" or "RESTRICTED" Discovery Materials. In the event a party

**AMENDED STIPULATED PROTECTIVE ORDER**

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

1  discloses information later designated "CONFIDENTIAL" or "RESTRICTED" to an

2  entity or person not listed in Paragraphs 4 or 5, as applicable, that party will have

3  those documents returned to the party and take all reasonable and appropriate steps

4  to ensure that the material does not become publicly available.

5       11.      When a party to this Stipulation designates the testimony (including

6  proposed testimony) of a person being deposed as "CONFIDENTIAL" or

7  "RESTRICTED" Discovery Material, and objection is made to such designation,

8  such testimony shall not be withheld because such objection has been made to the

9  "CONFIDENTIAL" or "RESTRICTED" designation.  Such testimony shall be

10 treated as "CONFIDENTIAL" or "RESTRICTED" Discovery Material, as

11 designated, until a stipulation or order on motion that it should not be so treated.

12      12.      A privilege or protection is not waived by disclosure connected with

13 the consolidated litigation pending before the court.  If a party inadvertently

14 produces information that it later discovers, or in good faith later asserts, to be

15 privileged or otherwise protected from disclosure, the producing party must

16 immediately notify all parties in writing of the inadvertent production and the basis

17 for the privilege or other protection from production, and request in writing the

18 return or confirmed destruction of the privileged or protected information.  Within

19 five days of receiving such notification, and in compliance with the receiving parties'

20 ethical obligations under the law, all receiving parties who have not already reviewed

21 such materials or who have reviewed the materials but do not contest the

22 applicability of the privilege asserted must return or confirm destruction of all such

23 materials, including copies and/or summaries thereof.  However, should a receiving

24 party contest the applicability of a privilege asserted with respect to an inadvertently

25 produced document which the receiving party has already reviewed, the receiving

26 party may temporarily retain the document or documents at issue for the sole purpose

27 of contesting the applicability of the privilege asserted.  Within two (2) business days

28 of the issuance of a court order deeming the contested documents at issue privileged,

**AMENDED STIPULATED PROTECTIVE ORDER**

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

1    however, the receiving party must return or confirm destruction of all such materials,

2    including copies and/or summaries thereof.

3        13.    All "CONFIDENTIAL" and "RESTRICTED" Discovery Materials

4    submitted to or filed with the Court in the Consolidated Actions shall be lodged or

5    submitted for filing under seal pursuant to Local Rule 79-5 of the United States

6    District Court for the Central District of California.  If filing under seal is ordered,

7    such materials shall only be available to the Court and persons authorized by the

8    Protective Order in the Consolidated Actions.  A party that seeks to file under seal

9    any "CONFIDENTIAL" or "RESTRICTED" Discovery Materials must comply with

10   the local rules, standing orders, and/or chambers guidelines applicable to filing

11   sealed documents.  If a Party's request to file "CONFIDENTIAL" or

12   "RESTRICTED" documents or information under seal is denied by the court, then

13   the filing party may file the information or documents in the public record unless

14   otherwise instructed by the court.

15       14.    Nothing in this Order shall prevent or otherwise restrict counsel from

16   rendering advice to their client and, in the course thereof, relying generally on the

17   examination of CONFIDENTIAL and/or RESTRICTED Discovery Materials;

18   provided, however, that in rendering such advice and otherwise communicating with

19   such client, counsel shall not make specific disclosure of any item so designated

20   except pursuant to paragraph 15 or 16 below.  Plaintiffs' Counsel are prohibited from

21   disclosing CONFIDENTIAL and/or RESTRICTED Discovery Materials or other

22   information designated "CONFIDENTIAL" pertaining to any other actual or

23   potential plaintiff or any actual or purported class member with any other actual or

24   potential plaintiff.

25       15.    Nothing in this Order in the Consolidated Actions shall restrict the use

26   or disclosure by any party of its own CONFIDENTIAL and/or RESTRICTED

27   Discovery Materials.

28

**AMENDED STIPULATED PROTECTIVE ORDER**

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

16.     Except for persons identified in subparagraphs 4(a),(c),(e), (h) and 5(a),(c),(e), (g) above, no person authorized under the terms of this Order to receive access to CONFIDENTIAL and/or RESTRICTED Discovery Materials shall be granted access to them until such person has read this Order and agrees in writing to be bound by it per the form attached hereto as Exhibit A. Upon order of this Court, for good cause shown, these written agreements (Exhibit A) shall be available for inspection by counsel for other parties or nonparties.

17.     All CONFIDENTIAL and/or RESTRICTED Discovery Materials produced in this consolidated litigation, whether by a party or nonparty, and whether pursuant to Federal Rule of Civil Procedure, subpoena, agreement or otherwise, and all information contained therein or derived therefrom, shall be used solely for the preparation and trial of the Consolidated Actions (including any appeals and retrials), and may not be used for any other purpose, including business, governmental or commercial, or any other administrative or judicial proceedings or actions.

18.     The provisions of this Order shall continue to apply to all CONFIDENTIAL and/or RESTRICTED Discovery Materials and information after the Consolidated Actions have been terminated.  After final disposition of the Consolidated Actions (which is defined as the later of (1) dismissal of all claims and defenses in the Consolidated Actions, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of the Consolidated Actions, including the time limits for filing any motions or applications for extension of time pursuant to applicable law), within 120 days of a written request by the designating party, the receiving parties, at their election, shall either return or destroy all CONFIDENTIAL and/or RESTRICTED Discovery Materials documents, as well as all copies, extracts and summaries thereof, except that counsel for each party may maintain in its files motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product,

and consultant and expert work product, even if such material contains protected material or other paper filed with the Court; alternatively, the parties and/or any producing party may agree upon appropriate methods of destruction. Work product and attorney-client privileged material is exempt from this provision. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the party who produced or designated the documents not more than 150 days after final termination of the Consolidated Actions. The producing party agrees to make CONFIDENTIAL and/or RESTRICTED Discovery Materials available to the opposing counsel if requested for the purpose of establishing a claim or defense on behalf of the counsel in a controversy between counsel and the party, to establish a defense to a criminal charge or civil claim against counsel based upon conduct in which the party was involved, to respond to allegations in any proceeding concerning the counsel's representation of the party, or pursuant to court order.

19. Counsel may at any time request the producing party to eliminate the "CONFIDENTIAL" or "RESTRICTED" designation of any discovery materials. The producing party must respond in writing to any such request within fourteen (14) days of its receipt. If the producing party declines to reclassify discovery materials following such a request, counsel for the non-designating Party may submit and seek an order reclassifying the materials in compliance with the procedures of Local Rule 37-2. This Order shall be without prejudice to the right of any non-designating Party to bring before this Court at any time, subject to the procedure of Local Rule 37-2, the question of whether any particular information is properly designated. The burden of proving that information is properly designated pursuant to this Order shall be on the designating party.

20. In the event a party objects to the other party's designation of any material as "CONFIDENTIAL" or "RESTRICTED" under this Order in the Consolidated Actions, the objecting party shall consult with the designating party to attempt to resolve their differences. If the parties are unable to reach an accord as to

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

the proper designation of the material, the objecting party may bring a motion, subject to the procedures of Local Rule 37-2 to the Court for a ruling that the material shall not be so designated. If such a motion is made, the designating party has the burden of establishing that the designation is proper. If no such motion is made, the material will retain its designation. Any documents or other material that have been designated "CONFIDENTIAL" or "RESTRICTED" shall be treated as such until such time as the Court or any magistrate to whom this matter is assigned rules that such materials should not be treated as designated, or in the case of "RESTRICTED" Discovery Material, should instead be treated as "CONFIDENTIAL."

21.     This Order may be modified by the Court upon stipulation of the Parties or on the motion of any party. This Order shall remain in effect after the termination of this consolidated litigation by final judgment, dismissal or otherwise.

22.     Nothing contained in this Order, nor any action taken in compliance with it, shall:

a.     Operate as an admission by any party that any particular document or information is, or is not, confidential;

b.     Operate as an admission by any party that any particular document is, or is not, subject to discovery or admissible in evidence at the trial of the Consolidated Actions;

c.     Prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of CONFIDENTIAL and/or RESTRICTED Discovery Materials documents and information sought.

23.     This Order is intended to provide a mechanism for the handling of CONFIDENTIAL and/or RESTRICTED Discovery Materials, the disclosure or production of which there is no objection to other than confidentiality. Each party reserves the right to object to any disclosure of information or production of any documents it deems confidential on any other ground it may deem appropriate. Any

**AMENDED STIPULATED PROTECTIVE ORDER**

party may move for relief from, or general or particular modification of, the mechanism for maintaining confidentiality herein set forth or the application of this Order, in any particular circumstance.

24.     Non-parties who are required to produce confidential information in response to a subpoena, and who in good faith believe that such material contains confidential information, may rely on this Order and apply it to their production.

25.     Independent experts and consultants authorized to view information or documents designated as "CONFIDENTIAL" or "RESTRICTED" under the terms of the Protective Order may retain custody of such copies as are necessary for their participation in this consolidated litigation.  Other appropriate recipients receiving "CONFIDENTIAL" or "RESTRICTED" Discovery Materials from counsel shall not retain copies of such materials but shall instead, return such materials to counsel who disclosed the "CONFIDENTIAL" or "RESTRICTED" Discovery Materials to the recipient within a reasonable period of time after counsel has determined in good faith that the recipient's assistance in the consolidated litigation is no longer needed. The parties and any other person obtaining access to "CONFIDENTIAL" Discovery Materials pursuant to the Protective Order in the Consolidated Actions agree that the Court shall retain jurisdiction following judgment or dismissal to enforce the terms hereof.

26.     The attorneys of record are responsible for employing reasonable measures to control the duplication of, access to, and distribution of copies of CONFIDENTIAL and/or RESTRICTED Discovery Materials.  Parties shall not duplicate any such materials except for working copies and for filing in court under seal.  The attorneys of record further are responsible for employing reasonable measures to control the dissemination or revelation of confidential information.

27.     If some of the same information or materials that have been designated as "CONFIDENTIAL" or "RESTRICTED" under the terms of this Order are found in a publicly available forum without violating the Order in the Consolidated

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

**AMENDED STIPULATED PROTECTIVE ORDER**

Actions, then such information or materials shall no longer be subject to the restrictions of the Order in the Consolidated Actions.

IT IS SO STIPULATED THROUGH COUNSEL OF RECORD.

Dated: May 9, 2017

**BARON & BUDD, P.C.**

By: */s/ Mark P. Pifko*

Mark P. Pifko
Attorneys for Plaintiffs

Dated: May 9, 2017

**HAGENS BERMAN SOBOL SHAPIRO LLP**

By: */s/ Christopher Pitoun*

Christopher Pitoun
Attorneys for Plaintiffs

Dated: May 9, 2017

**BRYAN CAVE LLP**

By: */s/ Linda C. Hsu*

Linda C. Hsu
Attorneys for Defendants

Local Rule 5-4.3.4 Attestation

I attest that all counsel of record concur in this filing's content and has authorized the filing.

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: May 16, 2017

The Hon. Alicia G. Rosenberg
United States Magistrate Judge

**AMENDED STIPULATED PROTECTIVE ORDER**

1.  I, _____, of _____, declare under penalty of perjury under the laws of the United States of America, that I have read the Protective Order entered in Waldrup v. Countrywide Financial Corporation, et al., Case No. 2:13-cv-08833 (consolidated with Williams v. Countrywide Financial Corporation, et al., Case No. 2:16-cv-4166), and agree to be bound by its terms with respect to any documents, material, or information designated or marked "CONFIDENTIAL" and/or "RESTRICTED" that are furnished to me.

2.  I agree: (i) not to disclose to anyone any CONFIDENTIAL and/or RESTRICTED Discovery Materials other than as permitted by the Protective Order and (ii) not to make copies of any documents, materials, or information marked "CONFIDENTIAL" and/or "RESTRICTED" furnished to me except as permitted by the Protective Order.

3.  I agree to return all documents or materials designated as "CONFIDENTIAL" and/or "RESTRICTED" to the attorney who presented this Acknowledgement to me within 60 days after the conclusion of this consolidated litigation, whether by dismissal, final judgment, or settlement.

4.  I consent to venue and jurisdiction in the United States District Court for the Central District of California with regard to any proceedings to enforce the terms of the Protective Order, even if such enforcement proceedings occur after termination of the Consolidated Actions. I hereby appoint _____ of _____ as my California agent for service of process in connection with the Consolidated Actions or any proceedings related to enforcement of this Protective Order.

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

1  Date: _____

2  City and State where sworn and signed: _____

3  Printed Name: _____

4

5  Signature: _____

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**AMENDED STIPULATED PROTECTIVE ORDER**

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386