Robert E. Boone III, SBN 132780
Douglas A. Thompson, SBN 155619
Linda C. Hsu, SBN 239880
Richard P. Steelman, Jr., SBN 266449
**BRYAN CAVE LLP**
120 Broadway, Suite 300; Santa Monica, CA 90401-2386
Telephone: (310) 576-2100 / Facsimile: (310) 576-2200
E-Mail: reboone@bryancave.com; douglas.thompson@bryancave.com
linda.hsu@bryancave.com; ricky.steelman@bryancave.com

Attorneys for Defendants
Countrywide Home Loans, Inc. (erroneously sued as "Countrywide Home Loans"); Countrywide Financial Corporation; Bank of America, N.A., as successor by April 27, 2009 de jure merger with Countrywide Bank, FSB (formerly known as Countrywide Bank, N.A.); Bank of America Corporation; LandSafe, Inc.; and LandSafe Appraisal Services, Inc. (now known as "CoreLogic Valuation Solutions, Inc.") (erroneously sued as "Landsafe Appraisal Inc.")

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA WALDRUP, individually, and on behalf of other members of the general public similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTRYWIDE FINANCIAL CORPORATION, a Delaware corporation, COUNTRYWIDE HOME LOANS, a New York corporation; COUNTRYWIDE BANK, N.A., a national association, BANK OF AMERICA CORPORATION, a Delaware corporation, LANDSAFE INC., a Delaware corporation; LANDSAFE APPRAISAL INC., a California corporation, <br><br> Defendants. | Case No. 2:13-cv-08833-CAS-AGR (Lead Case) <br><br> (Consolidated with Case No. 2:16-cv-4166-CAS-AGR) <br><br> **DECLARATION OF RICHARD P. STEELMAN, JR. IN SUPPORT OF DEFENDANTS' APPLICATION TO FILE UNDER SEAL DEFENDANTS' OPPOSITION AND RELATED MOTIONS, DECLARATIONS, AND EXHIBITS** <br><br> **[L.R. 79-5.2.2. and in connection with previously entered Court orders entered on August 30, 2017 (*Waldrup* ECF No. 175 and *Williams* ECF no. 62)]** |
| ELIZABETH WILLIAMS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTRYWIDE FINANCIAL CORPORATION, *et al.*, <br><br> Defendants. | |

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

I, Richard P. Steelman, Jr., declare:

1.     I am a lawyer and associate in the law firm Bryan Cave LLP, counsel of record for defendants Countrywide Home Loans, Inc. (erroneously sued as "Countrywide Home Loans"), Countrywide Financial Corporation, Bank of America, N.A., as successor by April 27, 2009 de jure merger with Countrywide Bank, FSB (formerly known as Countrywide Bank, N.A.), Bank of America Corporation, LandSafe, Inc., and LandSafe Appraisal Services, Inc. (now known as "CoreLogic Valuation Solutions, Inc.") (erroneously sued as "Landsafe Appraisal Inc.") (collectively, "Defendants"). The facts set forth here are true based on my own personal knowledge. I submit this Declaration in connection with Local Rule 79-5.2.2(a) to support the application for filing under seal of the materials so designated in Defendants' Opposition to Plaintiffs' Motion for Class Certification (the "Opposition") and the Opposition's supporting documents, including declarations, exhibits, and related motions challenging Plaintiffs' experts and expert reports.

2.     On May 16, 2017, the Court entered Amended Stipulated Protective Orders. (*Waldrup* ECF No. 159; *Williams* ECF No. 50.) On August 30, 2017, the Court entered Orders granting Plaintiffs' Applications to File Under Seal Plaintiffs' Memorandum of Points and Authorities In Support of Class Certification (and related documents). (*See Waldrup* ECF No. 175; *Williams* ECF No. 62.)

3.     Courts recognize a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). However, it is equally clear that this right "is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Id.* Unless a court record falls within the limited category of records "traditionally kept secret," a "strong presumption in favor of access is the starting point." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir.

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

10643476

**1**

DECLARATION OF RICHARD P. STEELMAN, JR. IN SUPPORT OF DEFENDANTS' APPLICATION TO FILE
UNDER SEAL DEFENDANTS' OPPOSITION AND RELATED MOTIONS, DECLARATIONS, AND EXHIBITS
10643476

2006). This presumption may be overcome by a showing of compelling reasons justifying sealing of the records. *Foltz v. State Farm Mutual Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). As explained by the Ninth Circuit:

> In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.

*Kamakana*, 447 F.3d at 1172. "[T]he common-law right of inspection has bowed before the power of a court to insure that its records are not used . . . as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598. The Supreme Court has acknowledged that the decision to seal documents is "one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

4.    Indeed, for nondispositive motions, such as the one brought here by Plaintiffs, the strong presumption of access to information filed with the courts does not apply to materials filed with the court pursuant to a valid protective order. *See, e.g., Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002). "When a court grants a protective order for information produced during discovery, it already has determined that 'good cause' exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Id*. Thus, "[w]hen a party attaches a sealed discovery document to a nondispositive motion, the usual presumption of the public's right of access is rebutted, so that the party seeking disclosure must present sufficiently compelling reasons why the sealed discovery document should be released." *Id*. Here, the "Confidential" and "Restricted" information sought by Plaintiffs and Defendants to be filed under seal is pursuant to the Protective Order,

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

10643476

2

DECLARATION OF RICHARD P. STEELMAN, JR. IN SUPPORT OF DEFENDANTS' APPLICATION TO FILE
UNDER SEAL DEFENDANTS' OPPOSITION AND RELATED MOTIONS, DECLARATIONS, AND EXHIBITS
10643476

1  compelling reasons to seal exist in the paragraphs 5 and 6 below of this Declaration,

2  and no party has presented sufficiently compelling reasons why the information

3  should not be sealed, particularly in the context of Plaintiffs' nondispositive motion.

4  Additionally, on August 30, 2017, this Court granted Plaintiffs' applications to file

5  material designated as "Confidential" and "Restricted" under the parties' Amended

6  Stipulated Protective Orders entered on May 16, 2017. (*Waldrup* ECF Nos. 159, 175;

7  *Williams* ECF No. 50, 62.)

8        5.     Furthermore, compelling reasons exist as to why the "Confidential" and

9  "Restricted" information should be sealed. First, the designated material must be

10  sealed because it is proprietary, highly sensitive confidential business and private

11  consumer information and also is proprietary policies, procedures, and business

12  practices that are confidential and have been developed through significant

13  investment and costs over multiple years the information proposed to be sealed

14  references. Second, the designated materials pertain to Defendants' strategic

15  business considerations and confidential business information regarding sale and

16  revenue. Third, the designated materials contain Defendants' confidential financial

17  information, and other confidential information regarding highly sensitive business

18  auditing and reporting that is non-public information. Fourth, the information

19  proposed to be sealed references Defendants' internal, highly sensitive, confidential,

20  and proprietary information regarding Defendants' business strategies and

21  opportunities that were not widely distributed and are not public information. Public

22  dissemination of the information would significantly harm Defendants' proprietary

23  business practices, policies, and business reporting models, and the failure to seal the

24  information would release confidential information of competitive value, thus

25  negatively impacting Defendants strategic business models and policies and

26  practices.

27        6.     Pursuant to Local Rule 79-5, compelling reasons exist for filing under

28

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

10643476

3

DECLARATION OF RICHARD P. STEELMAN, JR. IN SUPPORT OF DEFENDANTS' APPLICATION TO FILE
UNDER SEAL DEFENDANTS' OPPOSITION AND RELATED MOTIONS, DECLARATIONS, AND EXHIBITS
10643476

seal the following documents:

    i.  Defendants' Opposition to Plaintiffs' Motion for Class Certification (the "Opposition").

    ii.  Declaration of Richard P. Steelman, Jr. in Support of the Opposition and supporting Exhibits 1-13.

    iii.  Declaration of Patrick Ames and supporting Exhibits A, B, D, and E.

    iv.  Declaration of Susan M. Field and supporting Exhibit A.

    v.  Declaration of Rina Jariwala and supporting Exhibits A through P.

    vi.  Declaration of Lanisa Jenkins and supporting Exhibits B, D, E, F, G, H, and K.

    vii.  Declaration of Edward A. Larroca and supporting Exhibits A through H.

    viii.  Declaration of Charles H. Grice and supporting Exhibit A.

    ix.  Declaration of Timothy Riddiough and supporting Exhibit A.

    x.  Declaration of Trevor E. Phillips and supporting Exhibit A.

    xi.  Defendants' Motion to Strike Portions of Report of Plaintiffs' Expert J. Philip Cook Filed In Support of Plaintiffs' Motion for Class Certification, the supporting declaration of Linda C. Hsu, supporting Exhibits A through E, and proposed order granting said motion.

    xii.  Defendants' Motion to Strike Portions of Plaintiffs' Expert Michael Lacour-Little's Report Filed In Support of Plaintiffs' Motion for Class Certification, the supporting declaration of Linda C. Hsu, and supporting Exhibits A through D, and proposed order granting said motion.

    xiii.  Defendants' Objections to Plaintiffs' Evidence In Support Of Plaintiffs' Motion for Class Certification and proposed order in connection to said Objections.

    xiv.  Declaration of Douglas A. Thompson and supporting Exhibit 2.

    First, the information in the the aforementioned documents has been

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

10643476

4

DECLARATION OF RICHARD P. STEELMAN, JR. IN SUPPORT OF DEFENDANTS' APPLICATION TO FILE UNDER SEAL DEFENDANTS' OPPOSITION AND RELATED MOTIONS, DECLARATIONS, AND EXHIBITS
10643476

1  designated as "Confidential" or "Restricted" by Defendants pursuant to the
2  Amended Stipulated Protective Orders entered on May 16, 2017, and this Court has
3  already authorized pursuant to Court orders the filing under seal of such designated
4  documents on August 30, 2017. (*See Waldrup* ECF No. 159, 175; *Williams* ECF No.
5  50, 62.) The information sought by Defendants and Plaintiffs to be filed under seal
6  has consistently been designated as "Confidential" or "Restricted" by Defendants
7  pursuant to the Amended Stipulated Protective Orders and contains confidential
8  testimony and/or information, including proprietary confidential business
9  information and consumer information. Defendants do not disclose such information
10 to the public and limit access internally to persons with a need to know the
11 information. Public disclosure of this information would reveal confidential
12 information of competitive value. *See Phillips*, 307 F.3d at 1213.

13      7.      The "Confidential" and "Restricted" Information in the above-
14 referenced documents in paragraph 6 is ubiquitous and cannot be reasonably
15 redacted without undue expense and effort, and, therefore it is entirely and/or
16 narrowly redacted in the publicly filed version. Defendants seek to file under seal for
17 the same reasons as Plaintiffs in their applications to this Court on August 28, 2017,
18 and as approved by this Court on August 30, 2017. Defendants are not aware of any
19 party or individual opposing the APPLICATION, particularly when the Court has
20 previously authorized the sealing of the same or similar material pursuant to
21 Plaintiffs' application to seal and the related Orders entered on August 30, 2017.
22 (*See Waldrup* ECF No. 175; *Williams* ECF No. 62.)

23      8.      Defendants have made a good-faith effort to reduce the amount of
24 documents and information excluded from the public record by publicly filing a
25 narrowly redacted copy of the above-referenced documents in paragraph 6 that omits
26 any reference to "Confidential" or "Restricted" information. However, because
27 portions of these above-referenced documents have been designated "Confidential"

28

10643476

**5**

**DECLARATION OF RICHARD P. STEELMAN, JR. IN SUPPORT OF DEFENDANTS' APPLICATION TO FILE UNDER SEAL DEFENDANTS' OPPOSITION AND RELATED MOTIONS, DECLARATIONS, AND EXHIBITS**

10643476

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

or "Restricted" by Defendants, those exhibits cannot all be reasonably redacted on a line-by-line basis without undue expense and effort. Good cause therefore exists for granting this Application. Defendants will file an unredacted version of the above-referenced documents under seal with the redactions noted by highlighting.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 2nd day of October, 2017, at Santa Monica, California.

_____
Richard P. Steelman, Jr.

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

**DECLARATION OF RICHARD P. STEELMAN, JR. IN SUPPORT OF DEFENDANTS' APPLICATION TO FILE UNDER SEAL DEFENDANTS' OPPOSITION AND RELATED MOTIONS, DECLARATIONS, AND EXHIBITS**
10643476