Daniel Alberstone (SBN 105275)
dalberstone@baronbudd.com
Roland Tellis (SBN 186269)
rtellis@baronbudd.com
Mark Pifko (SBN 228412)
mpifko@baronbudd.com
Evan Zucker (SBN 266702)
ezucker@baronbudd.com
BARON & BUDD, P.C.
15910 Ventura Boulevard, Suite 1600
Encino, California 91436
Telephone: (818) 839-2333
Facsimile: (818) 986-9698

Steve W. Berman (*pro hac vice*)
Thomas E. Loeser (SBN 202724)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Christopher R. Pitoun (SBN 290235)
HAGENS BERMAN SOBOL SHAPIRO LLP
301 North Lake Avenue, Suite 920
Pasadena, California 91101
Telephone: (213) 330-7150
Facsimile: (213) 330-7152

Attorneys for Plaintiffs
BARBARA WALDRUP, ELIZABETH WILLIAMS, BECKIE REASTER, REBECCA MURPHY individually, and on behalf of the certified classes

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| BARBARA WALDRUP, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br>vs.<br><br>COUNTRYWIDE FINANCIAL CORPORATION, a Delaware corporation, COUNTRYWIDE HOME LOANS, a New York corporation, COUNTRYWIDE BANK, N.A., a national association, BANK OF AMERICA CORPORATION, a Delaware corporation, LANDSAFE, INC., a Delaware corporation, LANDSAFE APPRAISAL, INC., a California Corporation,<br>Defendants. | Case Number: 2:13-cv-08833-CAS(AGRx)<br>CLASS ACTION<br><br>**JOINT SUBMISSION REGARDING THE CASE SCHEDULE AND DEFENDANTS' REQUEST FOR A SCHEDULING CONFERENCE**<br><br>District Court Judge: Christina A. Snyder<br>Magistrate Judge: Alicia G. Rosenberg<br><br>Action Filed: November 27, 2013<br>Trial Date: None Set |

|   |   |
|---|---|
| ELIZABETH WILLIAMS, BECKIE REASTER, REBECCA MURPHY, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>vs.<br><br>COUNTRYWIDE FINANCIAL CORPORATION, a Delaware corporation, COUNTRYWIDE HOME LOANS, a New York corporation, COUNTRYWIDE BANK, N.A., a national association, BANK OF AMERICA CORPORATION, a Delaware corporation, LANDSAFE, INC., a Delaware corporation, LANDSAFE APPRAISALS, INC., a California corporation,<br><br>Defendants. | consolidated with<br>Case Number: 2:16-cv-4166 CAS(AGRx) |

## JOINT SUBMISSION

Plaintiffs and Defendants, by and through their respective counsel of record, hereby jointly file this Submission regarding the case schedule and Defendants' request for a scheduling conference.

WHEREAS, on July 3, 2017, this Court set a case schedule, including discovery deadlines, expert deadlines, dispositive motion deadlines, as well as pre-trial and trial dates. (Dkt. 163);

WHEREAS, on January 18, 2018, while Plaintiffs' Motion for Class Certification was pending, the Court, in connection with a joint stipulation for a scheduling conference, vacated pending case deadlines, which "will be reset by the Court at a scheduling conference to take place following the Court's ruling on Plaintiffs' pending Motion for Class Certification" (Dkt. 243);

WHEREAS, on February 6, 2018, this Court granted Plaintiffs' motion for class certification (Dkt. 247);

WHEREAS, on February 22, 2018, Defendants filed a petition for interlocutory review of the Court's class certification order (9th Cir. Case No. 18-80024, Dkt. 1);

WHEREAS, on May 22, 2018, the Ninth Circuit denied the petition for permission to appeal the order granting class action certification (9th Cir. Case No. 18-80024, Dkt. 6, attached as Exhibit 1);

NOW, THEREFORE, the parties jointly submit their respective positions regarding the case schedule and class notice plan and Defendants request the setting of a scheduling conference at which the class notice plan and case schedule will be discussed.

I.  **PLAINTIFFS' STATEMENT:**

Subject to Court approval, Plaintiffs submit the following proposed case schedule and trial date, and request that this schedule be entered by the Court or, in the alternative, that the Court set a scheduling conference to reset appropriate case deadlines:

| Event | Date |
| --- | --- |
| Deadline to file Proposed Class Notice Documents | July 11, 2018 |
| Deadline to exchange merits experts reports | August 31, 2018 |
| Deadline to complete mediation | September 15, 2018 |
| Deadline to complete fact discovery | September 15, 2018 |
| Deadline to complete depositions of experts concerning merits reports | September 21, 2018 |
| Deadline to exchange rebuttal expert reports | October 1, 2018 |
| Deadline to complete depositions of experts concerning rebuttal reports | October 19, 2018 |
| Deadline to file dispositive motions | October 29, 2018 |
| Deadline to file opposition to dispositive motions | November 26, 2018 |
| Deadline to file reply in support of dispositive motions | December 17, 2018 |
| Hearing on dispositive motions | January 7, 2019 |
| Trial Date (MILs/pretrial conference to be set consistent with standing order) | March 26, 2019 |

Plaintiffs also attach draft class notice postcard and long form notice documents. Attached as Exhibit 2 is Plaintiffs' proposed postcard notice and attached as Exhibit 3 is Plaintiffs' proposed long form notice. The parties have met and conferred regarding these notices and disagree about the appropriate approach. Plaintiffs believe the best notice practicable is effectuated by a mailed postcard that is readable and concise, but thorough,

that points a class member to a website containing a more information including long form notice and selected and approved case documents such as the complaint, answer and class certification order.  This practice is common in other class cases.  By way of example, similar procedures were used in the following cases:

- *Hale v. State Farm*, S.D. Ill., No. 12-cv-0660-DRH;
- *Gessele et al. v. Jack in the Box, Inc.*, D. Or., No. 3:10-cv-960;
- *First Impressions Salon, Inc., et al. v. National Milk Producers Federation*, S.D. Ill., No. 3:13-cv-00454;
- *In re: Citrus Canker Litigation*, 11th Cir., Fla., No. 03-8255 CA 13; and
- *Yarger, et al. v. ING Bank, FSB d/b/a ING Direct,* D. Del. Case No. 11-154-LPS.

Indeed as Judge Conti explained, a short-form notice is a preferable notice procedure to give the best practicable notice.  *Kagan v. Wachovia Securities LLC* 09-5337 SC, 2012 WL 1109987, *10 (N.D. Cal. Apr. 2, 2012) ("The Court also finds fault with the content of the proposed Class Notice. First, it is simply too long. The Court is concerned that few class members will read a fifteen-page, single-spaced Class Notice without having been given some initial hint as to why they should bother. The parties should provide an industry-standard short-form notice that directs them to the long-form notice for details.")

Defendants' notice plan is inconsistent with modern notice practice and fails to give the best practicable notice under the circumstances.

## II.     DEFENDANTS' STATEMENT:

Defendants request the setting of a scheduling conference in accordance with the Court's order (Dkt. 243). Defendants suggest that many of the issues addressed in this Statement require analysis and collaboration among the Court and the parties. Once the Court sets a scheduling conference date, Defendants can provide an updated Statement (if the Court so desires) to address any specific additional topics the Court may wish to cover and provide updates on pending developments that may impact the class notice plan and case schedule.  Defendants also request a separate hearing date to discuss the class notice plan, prior to which a joint class notice plan pleading will be filed.

### A. Class Notice Plan & Hearing

Defendants requested that Plaintiffs prepare a more fulsome class notice plan pleading for the Court's consideration to which the proposed notice, proposed FAQs for the claims administrator, and the like would be attached. Defendants suggested that this will enable the Court to better evaluate the fairness and effectiveness of the class notice plan. *See* FRCP 23(b)(3) (notice must be a "fair recital" of the required elements under FRCP 23(c)(2)(B)); *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 174 (1989) ("In exercising the discretionary authority to oversee the notice-giving process, courts must be scrupulous to respect judicial neutrality. To that end, trial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action"); *Adams v. Inter-Con Sec. Systems, Inc.*, 242 F.R.D. 530, 540 (N.D. Cal. 2007) (purpose of notice is to provide potential plaintiffs "with a neutral discussion of the nature of, and their rights in" the class action). Plaintiffs have declined to prepare a class notice plan pleading at this juncture. Defendants are happy to provide the Court with such a notice plan pleading if the Court so requests.

It is likely more efficient for the Court to set a hearing specifically to address the notice issues. Plaintiffs declined to jointly make such a request at this juncture.

Among the class notice plan issues Defendants wish to analyze with the Court at a separate, dedicated hearing are the following:

(1) Claims Administrator logistics and specific duties, including FAQs (if any);

(2) Whether Plaintiffs' postcard notice is the most effective notice or whether long-form notice should be mailed;

(3) Whether any website will be necessary at this juncture; and

(4) The specific content of and working plan for the proposed notice and whether the current proposed notices are fair.

Defendants offered to continue to meet and confer with Plaintiffs on these issues, but Plaintiffs have refused at this juncture. In light of these circumstances, Defendants offer the Court their preliminary versions of Plaintiffs' two proposed notice documents. *See* Ex. 4 (Defendants' preliminary long-form notice) and 5 (Defendants' preliminary postcard notice). Defendants respectfully reserve their rights to suggest additional revisions to the

proposed notices in connection with a separate class notice plan hearing and the Court's views.

### B. Case Schedule & Ongoing Discovery

Defendants contend that Plaintiffs' proposed schedule above is impracticable. Plaintiffs requested ESI document production from a third tranche of Defendants' custodians listed in Defendants' Rule 26 Supplemental Disclosures—potentially more than 100 custodians. Plaintiffs requested Judge Rosenberg's involvement in a discovery telephonic hearing set for July 12, 2018 (Dkt. 277). Defendants offered to negotiate search terms and discuss potential additional custodians. Defendants also raised proportionality considerations regarding the burden and expense of ESI discovery thus far, the potential for expense burden-shifting, re-evaluating previous search terms which did not perform efficiently, and an additional specified number of third tranche custodians. Plaintiffs declined to meet and confer further on these topics. The scope of the third tranche of ESI custodians will significantly impact the case schedule and cannot be completed in the time suggested by Plaintiffs.

Defendants offer an alternative proposed schedule in section B.5 below. Defendants' proposed schedule is more realistic given the discovery required to be completed and anticipated expert activity and motion practice. Defendants outline below other substantial issues which will impact the case schedule.

    1.   <u>Plaintiffs' Proposed Trial Plan Impacts Discovery & Case Schedule.</u>

Defendants served written discovery requests on each of the named plaintiffs requesting that Plaintiffs prepare a trial plan (Plaintiff Waldrup on September 29, 2017; Plaintiffs Williams, Reaster, and Murphy on December 20, 2017). In response, Plaintiffs served written objections to each of the requests. Plaintiffs did not respond to Defendants' October 2, 2017 meet and confer letter regarding the Waldrup trial plan discovery request. At the December 4, 2017 class certification hearing, the Court stated: "[Y]ou'll get [a trial plan] down – the road. . . . [Y]ou're entitled to a trial plan and at the appropriate time, I'm going to ask them to provide one." (*See* December 4, 2017 Hearing Transcript at 12:18-22, 16:8-9). Plaintiffs made no objection. (*See id.*)

Accordingly, Defendants renew their request that the Court, in connection with any scheduling order, specifically designate a date by which Plaintiffs must provide a trial plan. Defendants contend that date should be before the cut-off of fact discovery, before the cut-off for expert discovery, and before the motion cut-off. The scope of ongoing discovery will be impacted by Plaintiffs' Trial Plan as will expert reports, any motion to decertify the class, and the duration and timing of any trial. Defendants' proposed schedule below (section B.5.) provides a specific date by which Plaintiffs must provide a trial plan.

2. <u>Merits Expert Report Timing Impacts the Case Schedule.</u>

Plaintiffs' proposed mutual exchange of expert reports—approximately 45 days from now—is impracticable. First, the Parties' discovery (including Plaintiffs' requested third tranche of ESI custodian document production) will be ongoing. The Parties should not be required to finalize expert strategy and reports prior to the close of fact discovery. Second, the expert report exchange should not be mutual. In a case of this magnitude and complexity, Plaintiffs should be required to disclose their experts first, then Defendants, and then rebuttal experts (if any). In fact, that is what the Court ordered for exchanging class certification experts (Dkt. 52) and the Advisory Committee interprets Rule 23 as suggesting that expert disclosures generally should be staggered according to the parties' respective burdens of proof (*see* advisory committee note to FRCP 23 (1993)).

3. <u>Defendants' Potential Third Party and Class Member Discovery Impacts the Case Schedule.</u>

Defendants continue to analyze their discovery plan. To support Defendants' defenses to the class claims in connection with certain findings in the certification order, additional substantial third party discovery, especially from appraisers and class members, may be necessary. That discovery cannot be completed in the 60 days allotted in Plaintiffs' proposed schedule, especially since the existing deposition schedule runs through August 2018.

4. <u>Determination re Consolidation for Trial Impacts Case Schedule.</u>

The Court's November 14, 2016 order consolidated the two cases for the purposes of discovery and class certification only (Waldrup Dkt. 148; Williams Dkt. 31). Whether the matters should remain consolidated for motion practice and trial is a question the Court

should consider and address. The case schedule(s) will be impacted by any such determination.

### 5. Case Schedule: Defendants' Proposal.

Defendants' proposed schedule accounts for the items outlined above. If, however, the scope of a third tranche of ESI custodians is more than Defendants propose, Defendants' proposal may no longer be practicable. In addition, Defendants' proposed schedule includes additional proposed dates not contained in Plaintiffs' proposal:

(i) Date for Plaintiffs to provide a trial plan; and

(ii) Date / Cut-Off for a Motion for Decertification.

Subject to Court approval and the conditions regarding the scope of ESI custodian production, Defendants submit the following proposed case schedule and request that such a schedule be entered by the Court:

| Event | Date |
| --- | --- |
| Deadline to submit Proposed Class Notice Plan | July 16, 2018 |
| Hearing on Proposed Class Notice Plan | July 23, 2018 |
| Deadline for Plaintiffs to provide trial plan | October 29, 2018 |
| Deadline to complete fact discovery | December 14, 2018 |
| Deadline for Plaintiffs to provide merits experts reports | January 31, 2019 |
| Deadline to complete depositions of Plaintiffs' experts concerning merits reports | February 28, 2019 |
| Deadline for Defendants to provide merits experts reports | March 29, 2019 |
| Deadline to complete depositions of Defendants' experts concerning merits reports | April 26, 2019 |
| Deadline to exchange rebuttal expert reports | May 24, 2019 |
| Deadline to complete depositions of experts concerning rebuttal reports | June 21, 2019 |
| Deadline to file dispositive motions | July 31, 2019 |
| Deadline to file opposition to dispositive motions | August 30, 2019 |
| Deadline to file reply in support of dispositive motions | September 30, 2019 |

| Event | Date |
|---|---|
| Hearing on dispositive motions (10:00 a.m.) | November 4, 2019 |
| Deadline to complete mediation | November 22, 2019 |
| Deadline to file motion to decertify class | January 31, 2020 |
| Deadline to file opposition to motion to decertify class | February 28, 2020 |
| Deadline to file reply in support of motion to decertify class | March 31, 2020 |
| Hearing on Motion to Decertify Class (10:00 a.m.) | April 27, 2020 |
| Scheduling Conference (or Pretrial conference / Hearing on Motions in Limine (11:00 a.m.) | May 18, 2020 |
| Trial Date for Waldrup case | TBD post-ruling on motion for decertification (and any related 23(f) appeal petition) |

Dated: July 11, 2018    BARON & BUDD, P.C.

By: _____/s/ Mark Pifko_____
Mark Pifko

Daniel Alberstone
Roland Tellis
Mark Pifko
Evan Zucker
BARON & BUDD, P.C.
15910 Ventura Boulevard, Suite 1600
Encino, California  91436
Telephone:  (818) 839-2333
Facsimile:   (818) 986-9698

Christopher R. Pitoun
HAGENS BERMAN SOBOL SHAPIRO LLP
301 North Lake Avenue, Suite 920
Pasadena, California 91101
Telephone:  (213) 330-7150
Facsimile:   (213) 330-7152

|   |   |
|---|---|
| 1 | Steve W. Berman |
| 2 | Thomas E. Loeser |
|   | HAGENS BERMAN SOBOL SHAPIRO LLP |
| 3 | 1918 Eighth Avenue, Suite 3300 |
|   | Seattle, WA 98101 |
| 4 | Telephone:  (206) 623-7292 |
| 5 | Facsimile:   (206) 623-0594 |
| 6 | Attorneys for Plaintiffs |
|   | BARBARA WALDRUP, ELIZABETH |
| 7 | WILLIAMS, BECKIE REASTER, |
|   | REBECCA MURPHY individually, and on |
| 8 | behalf of the certified classes |

Dated:  July 11, 2018        BRYAN CAVE LLP

By:    /s/ Linda Hsu
　　　Linda Hsu

BRYAN CAVE LEIGHTON PAISNER LLP
120 Broadway, Suite 300
Santa Monica, CA 90401
Telephone:  (310) 576-2100
Facsimile:   (310) 576-2200

Attorneys for Defendants Countrywide Home Loans, Inc. (erroneously sued as "Countrywide Home Loans"); Countrywide Financial Corporation; Bank of America, N.A., as successor by April 27, 2009 de jure merger with Countrywide Bank, FSB (formerly known as Countrywide Bank, N.A.); Bank of America Corporation; LandSafe, Inc.; and LandSafe Appraisal Services, Inc. (now known as "CoreLogic Valuation Solutions, Inc.") (erroneously sued as "Landsafe Appraisal Inc.")

<u>Local Rule 5-4.3.4 Attestation</u>

I attest that all counsel of record concur in this filing's content and has authorized the filing.

Dated: July 11, 2018								By:    <u>/s/ Mark Pifko</u>
                                                       Mark Pifko