CIVIL MINUTES – GENERAL    'O'

| | | | |
|---|---|---|---|
| Case No. | 2:13-cv-08833-CAS(AGRx); consolidated with 2: 2:16-cv-04166-CAS(AGRx) | Date | September 17, 2018 |
| Title | BARBARA WALDRUP v. COUNTRYWIDE FINANCIAL CORPORATION; ET AL.; consolidated with ELIZABETH WILLAMS; ET AL. v. COUNTRYWIDE FINANCIAL CORPORATION; ET AL. | | |

Present: The Honorable    CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:    Attorneys Present for Defendants:

Not Present    Not Present

**Proceedings:** (IN CHAMBERS) - NON-PARTY AMBAC ASSURANCE CORPORATION'S MOTION TO INTERVENE AND UNSEAL COURT FILE (Dkt. 285, filed July 24, 2018)

## I. INTRODUCTION

On August 28, 2017, plaintiffs filed a motion for class certification. Dkt. 171. Subsequently, the parties, without objections, filed various applications to file under seal the class certification motion, related briefs, declarations, exhibits, and evidentiary objections (the "Sealed Documents"). Dkts. 172, 187, 202, 207, 215, 222, 230. The Court approved each of the applications to file under seal after finding good cause. Dkts. 175, 191, 204, 212, 218, 227, 234. On February 6, 2018, the Court granted plaintiffs' joint motion for class certification. Dkt. 247.

On July 24, 2018, non-party Ambac Assurance Corporation ("Ambac") moved to intervene and unseal records relating to the class certification order. Dkt. 285 ("Mot."). Defendants filed an opposition to Ambac's motion on August 27, 2018. Dkt. 299 ("Opp'n"). Ambac filed a reply on August 31, 2018. Dkt. 300 ("Reply"). The Court held a hearing on September 17, 2018. Having carefully considered the arguments of both parties, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:13-cv-08833-CAS(AGRx); consolidated with 2: 2:16-cv-04166-CAS(AGRx) | Date | September 17, 2018 |
|---|---|---|---|
| Title | BARBARA WALDRUP v. COUNTRYWIDE FINANCIAL CORPORATION; ET AL.; consolidated with ELIZABETH WILLAMS; ET AL. v. COUNTRYWIDE FINANCIAL CORPORATION; ET AL. | | |

## II. BACKGROUND

On April 20, 2015, plaintiffs filed a joint stipulated protective order wherein the parties agreed to preserve the confidentiality of information disclosed during the course of discovery that "may contain private consumer information, competitive information, personnel information or other kinds of commercially sensitive and personal information that the producing party, based on a good faith belief is subject to confidentiality protection under relevant law, deems confidential." Dkt. 54 at 2. On April 23, 2015, the Magistrate Judge made some minor changes to the stipulated protective order with respect to the process of filing under seal and challenging a "confidential" or "restricted" designation of discovery materials and ordered that the terms of the stipulated protective order would govern the handling of such documents produced or disclosed by the parties in the case. Dkt. 55 ("Protective Order").

On August 28, 2017, plaintiffs filed an application to file under seal their class certification motion and certain supporting documents. Dkt. 172. Plaintiffs' application explained that pursuant to the protective order, they could not file any information that defendants had designated as confidential or restricted. Id. at 1.

On October 2, 2017, defendants filed an application to file under seal their opposition to plaintiffs' class certification motion and related motions, declarations, and exhibits. Dkt. 187. In this application, defendants stated that for nondispositive motions such as the class certification motion brought by plaintiffs, "the strong presumption of access to information filed with the courts does not apply to materials filed with the court pursuant to a valid protective order," and that "no party has presented sufficiently compelling reasons why the information should not be sealed." Id. at 2. Defendants nonetheless asserted that all information designated as "confidential" and "restricted" should be sealed for the following "compelling reasons":

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| Case No. | 2:13-cv-08833-CAS(AGRx); consolidated with 2: 2:16-cv-04166-CAS(AGRx) | Date | September 17, 2018 |
|---|---|---|---|
| Title | BARBARA WALDRUP v. COUNTRYWIDE FINANCIAL CORPORATION; ET AL.; consolidated with ELIZABETH WILLAMS; ET AL. v. COUNTRYWIDE FINANCIAL CORPORATION; ET AL. | | |

> First, the designated material must be sealed because it is proprietary, highly sensitive confidential business and private consumer information and also is proprietary policies, procedures, and business practices that are confidential and have been developed through significant investment and costs over multiple years the information proposed to be sealed references. Second, the designated materials pertain to Defendants' strategic business considerations and confidential business information regarding sale and revenue. Third, the designated materials contain Defendants' confidential financial information, and other confidential information regarding highly sensitive business auditing and reporting that is non-public information. Fourth, the information proposed to be sealed references Defendants' internal, highly sensitive, confidential, and proprietary information regarding Defendants' business strategies and opportunities that were not widely distributed and are not public information. Public dissemination of the information would significantly harm Defendants' proprietary business practices, policies, and business reporting models, and the failure to seal the information would release confidential information of competitive value, thus negatively impacting Defendants strategic business models and policies and practices.

Id. at 4–5 (citations omitted). Defendants also stated that no party or individual opposed the sealing application. Id. at 6.

Subsequently, plaintiffs filed applications to file under seal their oppositions to defendants' motions to strike plaintiffs' expert reports, dkt. 202, their reply in support of their motion for class certification, dkt. 207, and their response to defendants' objections to plaintiffs' evidence, dkt. 230. The applications repeated that, pursuant to the protective order, plaintiffs could not file any information that defendants had designated as confidential or restricted. Dkts. 202, 207, 230.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:13-cv-08833-CAS(AGRx); consolidated with 2: 2:16-cv-04166-CAS(AGRx) | Date | September 17, 2018 |
|---|---|---|---|
| Title | BARBARA WALDRUP v. COUNTRYWIDE FINANCIAL CORPORATION; ET AL.; consolidated with ELIZABETH WILLAMS; ET AL. v. COUNTRYWIDE FINANCIAL CORPORATION; ET AL. | | |

Defendants also filed applications to file under seal their reply brief in support of their motions to strike, dkt. 215, and their evidentiary objections to evidence submitted with plaintiffs' reply brief, dkt. 222. Defendants' applications repeated verbatim the reasons they set forth in their application to file under seal the opposition to the class certification motion. See Dkts. 187, 215, 222.

The Court granted the parties' applications to file under seal, each time finding that "good cause appear[ed] to seal the requested records." Dkts. 175, 191, 204, 212, 218, 227, 234. The Court also redacted its decision on plaintiffs' class certification motion pursuant to the terms of the protective order. Dkt. 247.

## III. MOTION TO INTERVENE

### A. Legal Standard

The Ninth Circuit has recognized that non-parties seeking access to judicial records in a civil case may do so by seeking permissive intervention pursuant to Fed. R. Civ. P. 24(b)(2). San Jose Mercury News, Inc. v. U.S. Dist. Ct., 187 F.3d 1096, 1100 (9th Cir. 1999). "A motion for permissive intervention pursuant to Rule 24(b) is directed to the sound discretion of the district court." Id. There are three prerequisites an applicant seeking permissive intervention under Rule 24(b)(2) must establish: "(1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." League of United Latin Amer. Citizens, 131 F.3d 1297, 1308 (9th Cir. 1997).

### B. Discussion

Ambac seeks to intervene for the limited purpose of moving to unseal court records "as a member of the public seeking access to court records." Mot. at 8. Defendants characterize Ambac's motion to intervene as a "transparent attempt to avoid an adverse discovery ruling in another case." Opp'n at 1. Defendants oppose the motion on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL        'O'

| Case No. | 2:13-cv-08833-CAS(AGRx); consolidated with 2: 2:16-cv-04166-CAS(AGRx) | Date | September 17, 2018 |
|---|---|---|---|
| Title | BARBARA WALDRUP v. COUNTRYWIDE FINANCIAL CORPORATION; ET AL.; consolidated with ELIZABETH WILLAMS; ET AL. v. COUNTRYWIDE FINANCIAL CORPORATION; ET AL. | | |

equitable grounds and argue that the Ambac's motion to intervene was untimely. Id. at 7–11.

Although neither party discusses the jurisdictional and commonality requirements for limited purpose intervention, the Court finds these requirements are met in this case. As Ambac seeks to intervene only to challenge the protective order, an independent basis for jurisdiction is not required. See Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.3d 470, 473 (9th Cir. 1992) (holding that an independent jurisdictional basis is not required where intervenors do not seek to litigate a claim on the merits and the district court retains the power to modify the protective order). And Ambac's purpose of intervening to challenge the confidentiality of judicial records provides a sufficient nexus of law.[1] Accordingly, Ambac need only meet the timeliness requirement of Rule 24(b). In determining

---

[1] With respect to the commonality requirement, district courts in the Ninth Circuit have disagreed about whether to impose this requirement on an intervenor seeking to challenge a protective order. Compare Sherwin-Williams Company v. JB Collision Services, Inc., 2017 WL 6027005, at *2 (S.D. Cal. Dec. 5, 2017), and Doe v. City of San Diego, 2014 WL 1921742, at *1 (S.D. Cal. May 14, 2014), with Smilovits v. First Solar Incorporated, 2016 WL 5682723, at *2–3 (D. Ariz. Sept. 30, 2016). Other circuit courts have held that the public's interest in the confidentiality of the judicial records provides the common question of law between the parties to the original suit and the would-be intervenor. See Flynt v. Lombardi, 782 F.3d 963, 966–67 (8th Cir. 2015); Jessup v. Luther, 227 F.3d 993, 997–99 (7th Cir. 2000); Pansy v. Borough of Stroudsburg, 23 F.3d 772, 778 (3d Cir. 1994); E.E.O.C. v. National Children's Center, Inc., 146 F.3d 1042, 1045–46 (D.C. Cir. 1998). The Court is persuaded by the reasoning set forth by the other circuit courts and concludes that the commonality requirement is met when a party seeks to intervene to challenge the validity of a confidentiality order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL    'O'

| Case No. | 2:13-cv-08833-CAS(AGRx); consolidated with 2: 2:16-cv-04166-CAS(AGRx) | Date | September 17, 2018 |
|---|---|---|---|
| Title | BARBARA WALDRUP v. COUNTRYWIDE FINANCIAL CORPORATION; ET AL.; consolidated with ELIZABETH WILLAMS; ET AL. v. COUNTRYWIDE FINANCIAL CORPORATION; ET AL. | | |

timeliness, the Court "consider[s] three factors: '(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay.'" San Jose Mercury News, 187 F.3d at 1100–01 (quoting League of United Latin American Citizens, 131 F.3d at 1302. The length of delay is measured from "when the intervenor first became aware that its interests would no longer be adequately protected by the parties." Id. at 1101.

Defendants challenge the timeliness of Ambac's motion solely on the basis of the third factor—the reason for and length of delay—arguing that Ambac waited nearly a year after first receiving notice that certain documents attached to plaintiffs' class certification had been filed under seal before filing a motion to intervene, and that the delay is "obviously due to the fact that it waited to see if it would prevail in its effort to reopen discovery . . ." Opp'n at 10. Ambac argues that it was not aware that its interests would no longer be adequately protected by the parties until February 6, 2018, when the Court issued the redacted order certifying the proposed class and removed all references to the evidence subject to the protective order. Reply at 16. Only then, Ambac contends, was it apparent that the "Sealed Documents contained the vast majority of the evidence that was relied on by the Court—indicating that these documents directly implicate the merits of Plaintiffs' claims." Id. Ambac claims that it initiated meet-and-confer efforts regarding its intention to move to intervene and unseal records four months later on June 11, 2018. Id.

The Court is persuaded that the length of delay should be measured from the day the Court released its redacted order certifying the proposed class. But even assuming that the delay should be measured from the day that plaintiffs' filed their first application to seal, Ambac's delay of less than a year in filing the present motion is insignificant given that "delays measured in years have been tolerated where an intervenor is pressing the public's right of access to judicial records." San Jose Mercury News, 187 F.3d at 1101.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| Case No. | 2:13-cv-08833-CAS(AGRx); consolidated with 2: 2:16-cv-04166-CAS(AGRx) | Date | September 17, 2018 |
|---|---|---|---|
| Title | BARBARA WALDRUP v. COUNTRYWIDE FINANCIAL CORPORATION; ET AL.; consolidated with ELIZABETH WILLAMS; ET AL. v. COUNTRYWIDE FINANCIAL CORPORATION; ET AL. | | |

Defendants also argue that allowing Ambac to evade adverse discovery orders in its other cases against defendants would "undermine the ability of courts to manage discovery."[2] Opp'n at 8. Defendants note that "[i]n determining whether intervention is appropriate," a court should be "guided primarily by practical and equitable considerations." Donnelly v. Flickman, 159 F.3d 405, 409 (9th Cir. 1998). Yet this statement is incomplete, as the Ninth Circuit continued on to say, "We generally interpret the requirements broadly in favor of intervention." Id. These requirements have been interpreted especially broadly when a party seeks to intervene to access judicial records. See 7C Wright, Miller & Kane, Federal Practice and Procedure § 1911 (3d ed. 2018).

Further, defendants do not cite to any contrary authority where a motion to intervene to unseal records has been denied because of the motivations of the would-be intervenor. Rather, the Second Circuit has instructed that the weight of the presumption of access is not affected "by the motive of the person seeking access." United States v. Amodeo, 71 F.3d 1044, 1050 (2d Cir. 1995). And where personal motives may be involved, "these considerations are best weighed" in considering whether to keep the documents under seal "as part of an assertion by a person or firm of a right of privacy based on an anticipated injury as a result of disclosure." Id.

The Court thus finds that the strong presumption of access to judicial records outweighs defendants' concerns about Ambac's motivations in seeking to unseal the class

---

[2] The Court does not agree that unsealing records in the present case would undermine the ability of other courts to manage discovery. The question of whether the public has a right to access judicial documents in the present case has no bearing on another court's management of the discovery process, and nothing in the record suggests that Ambac has somehow delayed the discovery process in their other cases against defendants pending the outcome of the present motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| Case No. | 2:13-cv-08833-CAS(AGRx); consolidated with 2: 2:16-cv-04166-CAS(AGRx) | Date | September 17, 2018 |
|---|---|---|---|
| Title | BARBARA WALDRUP v. COUNTRYWIDE FINANCIAL CORPORATION; ET AL.; consolidated with ELIZABETH WILLAMS; ET AL. v. COUNTRYWIDE FINANCIAL CORPORATION; ET AL. | | |

certification documents. Accordingly, the Court grants Ambac's motion to intervene for the purpose of moving to unseal court documents.

## III.   MOTION TO UNSEAL

### A.   Legal Standard

Courts have historically recognized a general right to inspect and copy public records and documents, including judicial records and documents. See Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing Nixon v. Warner Commc'n, Inc., 435 U.S. 589, 597 & n.7 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." Id. (quoting Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003)). This strong presumption of access to judicial records applies to dispositive pleadings and related attachments, id. at 1179, as well as motions that are "more than tangentially related to the underlying cause of action," Center for Auto Safety v. Chrysler Group, LLC, 809 F.3d 1092, 1099 (9th Cir. 2016). To overcome the presumption of access, the party seeking to seal a document attached to a dispositive motion must articulate "compelling reasons" supported by specific factual findings. Kamakana, 447 F.3d at 1178.

Compelling reasons "sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." Kamakana, 447 F.3d at 1179 (quoting Nixon, 435 U.S. at 598). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL    'O'

| Case No. | 2:13-cv-08833-CAS(AGRx); consolidated with 2: 2:16-cv-04166-CAS(AGRx) | Date | September 17, 2018 |
|---|---|---|---|
| Title | BARBARA WALDRUP v. COUNTRYWIDE FINANCIAL CORPORATION; ET AL.; consolidated with ELIZABETH WILLAMS; ET AL. v. COUNTRYWIDE FINANCIAL CORPORATION; ET AL. | | |

The Ninth Circuit, however, has "carved out an exception to the presumption of access to judicial records for a *sealed discovery document* attached to a *non-dispositive* motion, such that the usual presumption of the public's right of access is rebutted." Id. at 1179 (internal quotations, citations, and alterations omitted) (emphasis in original). Where the Court has sealed a discovery document to a non-dispositive motion upon a particularized showing of good cause, "the usual presumption of the public's right of access is rebutted, so that the party seeking disclosure must present sufficiently compelling reasons why the sealed discovery document should be released." Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1213 (9th Cir. 2002).

  **B.** **Discussion**

  **1.** **Applicable Standard**

The threshold issue here is whether the Court should apply the "compelling reasons" or "good cause" standard to the sealed documents at issue. The "compelling reasons" standard applies when "the motion at issue is more than tangentially related to the underlying cause of action." Center for Auto Safety, 809 F.3d at 1099. Ambac contends that the "compelling reasons" standard applies because the documents related to class certification "require[d] the court to address the merits of a case." Mot. at 9 (quoting Center for Auto Safety, 809 F.3d at 1099). Several courts in this Circuit have since applied the standard from Center for Auto Safety to find that materials filed in connection with class certification motions are subject to the "compelling reasons" test. See e.g., Cohen v. Trump, 2016 U.S. Dist. LEXIS 69985, at *11 (C.D. Cal. May 27, 2016) ("A class certification motion is [] more than tangentially related to the merits of a case."); Corvello v. Wells Fargo Bank N.A., 2016 U.S. Dist. LEXIS 11647, at *3 (N.D. Cal. Jan. 29, 2016) (requiring compelling reasons to seal the plaintiffs' motion for class certification); Opperman v. Path, Inc., 2016 U.S. Dist. LEXIS 17222, at *20 (N.D. Cal. Feb. 11, 2016) (same). The Court agrees that the sealed documents related to the class

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL        'O'

| Case No. | 2:13-cv-08833-CAS(AGRx); consolidated with 2: 2:16-cv-04166-CAS(AGRx) | Date | September 17, 2018 |
|---|---|---|---|
| Title | BARBARA WALDRUP v. COUNTRYWIDE FINANCIAL CORPORATION; ET AL.; consolidated with ELIZABETH WILLAMS; ET AL. v. COUNTRYWIDE FINANCIAL CORPORATION; ET AL. | | |

certification motion required the Court to address the merits of the case and thus the parties "seeking to seal a judicial record [bear] the burden of overcoming [the strong presumption of access] by meeting the 'compelling reasons' standard." Kamakana, 447 F.3d at 1178.

### 2.    Whether to Keep the Class Certification Materials Sealed

Under the stringent compelling reasons standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" Center for Auto Safety, 809 F.3d at 1096–97 (quoting Kamakana, 447 F.3d at 1179). "The court must then 'conscientiously balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret." Id. (quoting Kamakana, 447 F.3d at 1179).

The parties stipulated to a blanket protective order prior to engaging in discovery, and "[s]uch blanket orders are inherently subject to challenge and modification, as the party resisting disclosure generally has not made a particularized showing of good cause with respect to any individual document." San Jose Mercury News, 187 F.3d at 1103. Further, a "'good cause' showing will not, without more, satisfy a 'compelling reasons' test." Kamakana, 447 F.3d at 1180. Here, the parties never made a particularized showing of good cause with respect to any particular document, testimony, or piece of information, and defendants only made "'[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning,'" in their applications to file the Sealed Documents. See Beckman, 966 F.2d at 476 (quoting Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3d Cir. 1986)); Dkts. 187, 215, 222.

Although the Court found that there was good cause to seal the materials at the time it was presented with the parties' unopposed applications to file under seal, the Court did not apply the "compelling reasons" standard nor required the parties to make a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| | | | |
|---|---|---|---|
| Case No. | 2:13-cv-08833-CAS(AGRx); consolidated with 2: 2:16-cv-04166-CAS(AGRx) | Date | September 17, 2018 |
| Title | BARBARA WALDRUP v. COUNTRYWIDE FINANCIAL CORPORATION; ET AL.; consolidated with ELIZABETH WILLAMS; ET AL. v. COUNTRYWIDE FINANCIAL CORPORATION; ET AL. | | |

particularized showing of how the Sealed Documents met this standard.[3] A showing of "good cause" will generally not satisfy the "compelling reasons" standard because different interests are at stake—the balance is "sharply" tipped "in favor of production when a document, formerly sealed for good cause under Rule 26(c), becomes part of a judicial record." Kamakana, 447 F.3d at 1180.

Under Ninth Circuit precedent, the Court must unseal the portions of the Sealed Documents that do not meet the compelling reasons test.[4] The Court finds that defendants have not presented sufficiently particularized compelling reasons to keep all the Sealed Documents under seal. The Court refers the issue of which documents should remain under seal to the magistrate judge assigned to this case. The parties will have the opportunity to redact sensitive personal information, or to identify specific documents, testimony, or information they believe should remain under seal and explain how they

---

[3] Defendants argue in their opposition brief that the Court held multiple times that compelling reasons existed to seal the materials related to the class certification motion. Opp'n at 4–5. The Court never made such a finding and instead only found "good cause" to grant the parties' applications to file under seal. See Dkts. 175, 191, 204, 212, 218, 227, 234.

[4] Defendants argue that under Local Rule 7-18, which governs motions for reconsideration, the Court may only reconsider its decisions to grant the parties' sealing applications in order to correct a manifest injustice. Opp'n at 11. Defendant does not cite to any authority requiring the Court to treat Ambac's motion to unseal as a motion for reconsideration. Rather, as Ambac points out, the Ninth Circuit has consistently held that the party seeking to maintain documents under seal has the burden of demonstrating compelling reasons for doing so. See Reply at 8 (citing In Re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig., 686 F.3d 1115, 1120 (9th Cir. 2012); Foltz, 331 F.3d at 1136–37; Cohen, 2016 U.S. Dist. LEXIS 69985, at *11). Accordingly, the Court declines to apply the standard governing a motion for reconsideration to Ambac's motion to unseal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| Case No. | 2:13-cv-08833-CAS(AGRx); consolidated with 2: 2:16-cv-04166-CAS(AGRx) | Date | September 17, 2018 |
|---|---|---|---|
| Title | BARBARA WALDRUP v. COUNTRYWIDE FINANCIAL CORPORATION; ET AL.; consolidated with ELIZABETH WILLAMS; ET AL. v. COUNTRYWIDE FINANCIAL CORPORATION; ET AL. | | |

satisfy the "compelling reasons" standard. The Court reminds the parties that under the "compelling reasons" standard, the parties cannot simply detail the types of harm that would result from disclosure but must provide a specific factual showing or explanation of how each of the documents in question would cause harm.

## IV.    CONCLUSION

In accordance with the foregoing, the Court hereby **GRANTS** Ambac's motion to intervene for the purpose of unsealing judicial records. Ambac's motion to unseal court file is hereby referred to the magistrate judge assigned to this case.

    IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |

**Cc:**     **Magistrate Judge Alicia G. Rosenberg**