UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL** **'O'**

| Case No. | 2:13-CV-08833-CAS-AGRx | Date | August 19, 2019 |
|---|---|---|---|
| Title | *WALDRUP v. COUNTRYWIDE FINANCIAL CORP; ET AL.* | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) - PLAINTIFFS' EX PARTE APPLICATION TO STAY ORDER COMPELLING DEPOSITIONS OF ABSENT CLASS MEMBERS (ECF No. 407, filed on August 14, 2019)

## I. INTRODUCTION & BACKGROUND

Barbara Waldrup et al. initiated this class action case against defendants Countrywide Financial Corp., Countrywide Home Loans, Bank of America, N.A., Bank of America Corp., Landsafe, Inc., and Land Safe Appraisal Services, Inc. on November 27, 2013. See Compl., ECF No. 1. Plaintiffs' operative Third Amended Complaint ("TAC") alleges (1) violations of California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200), (2) violations of the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. § 1962), (3) fraud, and (4) unjust enrichment, all arising out of defendants' roles performing and soliciting real estate appraisals.

On July 12, 2019, the Honorable Alicia Rosenberg, U.S. Magistrate Judge ("the Magistrate Judge"), ordered plaintiffs to make five absent class members available for deposition, and denied plaintiffs' request for a stay of that order. See ECF No. 390 ("July 12 Order"). Plaintiffs did not appeal the July 12 Order to this Court. Instead, plaintiffs requested a further teleconference with the Magistrate Judge to seek reconsideration of her decision. That teleconference took place on July 26, 2019. See Minutes of Discovery Teleconference, ECF No. 395. At the July 26, 2019 teleconference, the Magistrate Judge ordered defendants to produce documents related to the requested depositions for the Magistrate Judge's review. Id. Defendants did so, and on August 7, 2019, the Magistrate Judge issued an order concluding that the documents did not support reconsideration of the July 12 Order. See ECF No. 402 ("August 7 Order"). The August 7 Order further provided that, "pursuant to the Order dated July 12, 2019," each of the five absent class members

"shall appear for deposition for no more than two hours at a mutually agreeable date, time, and location." Id. On August 9, 2019, the Magistrate Judge held another teleconference and denied plaintiffs' further request to reconsider her denial of their request to stay the July 12 Order. See ECF No. 405 ("August 9 Order").

On August 14, 2019, plaintiffs filed the instant ex parte application to stay the depositions pending review of her order. See ECF No. 407 ("Application" or "App."). On August 16, 2019, defendants filed an opposition. See ECF No. 411 ("Opposition" or "Opp."). Having considered the parties' arguments, the Court finds and concludes that plaintiffs' ex parte application should be DENIED.

## II. LEGAL STANDARD

"Ex parte applications are permitted solely for extraordinary relief. Whether to grant them is within the discretion of the district court." Thomas v. Thomas Wylde, LLC, No. 17-CV-04158-JAK (PJWx), 2017 WL 8236279, at *1 (C.D. Cal. June 7, 2017). To justify such relief, an applicant must present evidence showing that it "will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." See Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995). The applicant must also demonstrate that he or she is "without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." Id.

## III. DISCUSSION

Plaintiffs' Application seeks emergency relief from the Magistrate Judge's order "granting Deposition of Five Absent Class Members." App. at 1. Plaintiffs characterize this request as relief from the August 9 Order denying reconsideration. But in substance, the Application seeks relief from the July 12 Order, which is the one that compelled plaintiffs to make the five absent class members available for deposition. Federal Rule of Civil Procedure 72(a) provides that a party must "serve and file objections to" a magistrate judge's order "within 14 days after being served with a copy." Fed. R. Civ. Proc. 72(a). Motions filed with the Magistrate Judge to reconsider an order do not toll the 14 day period to file objections. See IV Sols., Inc. v. Connecticut Gen. Life Ins. Co., No. CV 13-9026-GW(AJWX), 2014 WL 12613268, at *2 (C.D. Cal. Sept. 4, 2014) (concluding that the 14 day period to challenge the underlying discovery order was not tolled by the filing of a reconsideration motion); Obesity Research Inst., LLC v. Fiber Research Int'l, LLC, No. 15-CV-595-BAS (MDD), 2017 WL 3335736, at *3 (S.D. Cal. Aug. 4, 2017) (same). The

deadline for plaintiffs to challenge the July 12 Order accordingly expired on July 26, 2019, and the Application—which effectively seeks relief from the July 12 Order—is therefore denied as untimely.[1]

Plaintiffs acknowledge that "a party normally has [14] days to file" objections pursuant to Rule 72(a), but contend that emergency review by this Court is nevertheless necessary because the Magistrate Judge "refused to issue a stay" of her July 12 Order compelling the depositions. See App. at 2. This ignores that no objections were filed within fourteen days of the July 12 Order. Plaintiffs provide no reason why they did not file objections to the July 12 Order while pursuing a stay of that order simultaneously within the prescribed 14 day period. See, e.g., Fourth Age Ltd. v. Warner Bros. Digital Distribution Inc, No. CV-12-9912-ABC-SJHX, 2014 WL 12587039, at *2 (C.D. Cal. May 22, 2014) (concluding that the party seeking the district court's review of the magistrate judge's order and a stay of that same order in same motion should have instead sought a stay separately while the motion for review was pending) (cited in App. at 2). And while this Court could review the Magistrate Judge's August 9 Order denying plaintiffs' request to stay the July 12 Order pending review, any relief the Court could grant from that review

[1] The Court is also not persuaded that the Magistrate Judge's July 12, August 7, and August 9 orders are clearly erroneous or contrary to law. Plaintiffs contend that defendants do not carry their burden to establish that the requested depositions are necessary and not unduly burdensome. See App. at 1 (citing Clark v. Universal Builders, Inc., 501 F.2d 324, 341 (7th Cir. 1974)); see also Negrete v. Allianz Life Ins. Co. of N. Am., No. CV 05-6838 CAS, 2008 WL 8116992, at *2 (C.D. Cal. June 30, 2008) ("To depose absent class members," this Court has concluded that "a party must show that discovery is both necessary and for a purpose other than taking undue advantage of class members.") (citations omitted). According to plaintiffs, deposing the absent class members on issues related to their alleged improper solicitation of fraudulent appraisals "cannot possibly raise questions that predominate throughout an entire class of approximately 2.4 million members," rendering the depositions "needless" "harass[ment]" that "fail[s] to address any of the claims or defenses" at issue. Id. at 1-2. The Magistrate Judge's reasoning rejecting this argument—that the five depositions do not appear to be unduly burdensome in the context of the case, that the discovery is reasonably necessary to support defendants' denials, and that there is no indication that the requested discovery could be obtained from the named plaintiffs or any other source, among other reasons—is neither arbitrary nor contrary to law. See July 12 Order at 3-5.

would be illusory, since, as noted above, the Court cannot at this juncture review the underlying July 12 Order. Accordingly, the ex parte relief here requested is not warranted.

## IV. CONCLUSION

In accordance with the foregoing, the Court DENIES plaintiffs' ex parte application.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | CMJ | | |