**CIVIL MINUTES – GENERAL**     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:13-CV-08833-CAS (AGRx)<br>2:16-CV-04166-CAS (AGRx) | Date | March 30, 2020 |
| Title | Waldrup, et al. v. Countrywide Financial Corp., et al.<br>Williams, et al. v. Countrywide Financial Corp., et al. | | |

Present: The Honorable    **CHRISTINA A. SNYDER**

| Catherine Jeang | Laura Elias | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:

Daniel Alberstone
Mark Pifko
Roland Tellis
Evan Zucker
Christopher Pitoun
Steve Berman
Elizabeth Williams, Pro Per

Attorneys Present for Defendants:

Douglas Thompson
Linda Hsu
Craig Singer
Brooks Brown
Thomas Hefferon

**Proceedings:**     TELEPHONE HEARING:

PLAINTIFFS' MOTION FOR REMOVAL OF ELIZABETH WILLIAMS AS NAMED PLAINTIFF AND CLASS REPRESENTATIVE (Docket No. 13-CV-08833, ECF No. 458) (filed February 19, 2020)

PLAINTIFFS' MOTION FOR REMOVAL OF ELIZABETH WILLIAMS AS NAMED PLAINTIFF AND CLASS REPRESENTATIVE (Docket No. 16-CV-04166, ECF No. 218) (filed February 19, 2020)

## I. INTRODUCTION & BACKGROUND

Plaintiff Elizabeth Williams, together with Barbara Waldrup, Beckie Reaster, and Rebecca Murphy, are named plaintiffs and Court-appointed class representatives in this class action against defendants Countrywide Financial Corp., Countrywide Home Loans, Bank of America, N.A., Bank of America Corp., Landsafe, Inc., and Land Safe Appraisal Services, Inc. Plaintiffs allege that defendants fraudulently solicited and performed real

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:13-CV-08833-CAS (AGRx) <br> 2:16-CV-04166-CAS (AGRx) | Date | March 30, 2020 |
| Title | Waldrup, et al. v. Countrywide Financial Corp., et al. <br> Williams, et al. v. Countrywide Financial Corp., et al. | | |

estate appraisals in violation of California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200), and the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. § 1962). Plaintiff Waldrup also asserts claims under Texas law for unjust enrichment.

Following multiple mediation sessions supervised by Court-appointed mediator Eric D. Green and numerous conferences between counsel, the parties agreed upon and executed a memorandum of understanding reflecting the terms of a proposed settlement on November 4, 2019. See ECF No. 453.[1] Counsel for the parties subsequently prepared and submitted a formal settlement agreement for preliminary approval with the Court on February 19, 2020. See ECF No. 457 (the "Settlement Agreement"). Pursuant to the agreement, defendants agreed to pay $250 million in cash (plus up to an additional $2.5 million for settlement administration costs) which will be disbursed to approximately 2.3 million members of the settlement class without requiring the submission of proofs of claim by class members. Id. It is estimated that each class member will receive at least 22% of the appraisal fee they paid to defendants. Id. In addition, each class representative is proposed to receive an incentive compensation award of $15,000. Id. The parties further agreed to cap an attorneys' fee award to plaintiffs' counsel at 25% of the common fund. Id.

Three of the four class representatives—Waldrup, Reaster, and Murphy—signed the Settlement Agreement. Williams—whose signature is not required for the settlement agreement to become effective, see Settlement Agreement at § 6.19—did not. On February 19, 2020, class counsel filed the instant motion to (i) remove Williams as a class representative and (ii) withdraw from representing Williams in any capacity other than as class counsel, if she chooses to remain in the class. See ECF No. 458 ("Mot."). Defendants filed a brief in support of the motion on March 9, 2020. See ECF No. 463 ("Defs.' Resp."). Williams, appearing *in propria persona*, filed an opposition on March 16, 2020, that was not received by the Court or the parties until March 29, 2020. See ECF No. 473 ("Opp."). On March 23, 2020, plaintiffs filed a reply, noting the absence (at that time) of any opposition. See ECF Nos. 469 ("Reply").

---

[1] All docket citations are to the Waldrup matter, No. 13-CV-08833, unless otherwise noted.

| | **CIVIL MINUTES – GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:13-CV-08833-CAS (AGRx) <br> 2:16-CV-04166-CAS (AGRx) | Date | March 30, 2020 |
| Title | Waldrup, et al. v. Countrywide Financial Corp., et al. <br> Williams, et al. v. Countrywide Financial Corp., et al. | | |

The Court held a telephonic hearing on March 30, 2020, and heard argument *in camera* from Williams and class counsel. Having considered the parties' arguments, the Court finds and concludes as follows.

## II. DISCUSSION

The Court "in its discretion may remove a named plaintiff as a class representative, should it be demonstrated that the named plaintiff does not meet the criteria of Rule 23(a)," unless such removal "would unfairly prejudice the parties or the class." Lancaster v. Tilton, No. C79-01630 WHA, 2007 WL 1807953, at *2 (N.D. Cal. June 21, 2007) (citing In re United States Fin. Sec. Litig., 69 F.R.D. 24, 38 (S.D. Cal. 1975)). Rule 23(a)(4) requires a class representative to "fairly and adequately protect the interests of the class." See Fed. R. Civ. Proc. 23(a)(4). Adequacy entails a two-prong inquiry: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" Evon v. Law Offices of Sidney Mickell, 688 F.3d 1015, 1031 (9th Cir. 2012) (quoting Hanlon v. Chrysler Corp., 150 F.3d 1011, 1020 (9th Cir. 1998)). "[E]vidence of a fundamental conflict between [a class representative's] position and that of many class members" precludes a finding of adequacy. See Brown v. Am. Airlines, Inc., 285 F.R.D. 546, 559 (C.D. Cal. 2011).

Class counsel contends that the settlement represents the best possible settlement of the class claims, and that Williams should be removed as class representative because the nature of her opposition to the settlement places her in fundamental conflict with members of the class. Williams denies the existence of any conflict, and contends that the settlement fails to sufficiently compensate her, or the class, for their injuries. She also objects, in general, on grounds that class representatives were not adequately involved in the settlement negotiations.

Based on the presentations made by the parties in their papers and at the hearing held *in camera*, the Court finds that the attorney-client relationship between class counsel and Williams has broken down. Given that breakdown, and given class counsel's reasoned belief that the settlement is fair, adequate, and reasonable, if not the best settlement available for the class, the Court concludes that there would be a conflict with the class if Williams remained a class representative in this case. See, e.g., Nunez v. BAE Sys. San Diego Ship Repair Inc., 292 F. Supp. 3d 1018, 1059-61 (S.D. Cal. 2017) (concluding that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:13-CV-08833-CAS (AGRx) <br> 2:16-CV-04166-CAS (AGRx) | Date | March 30, 2020 |
|---|---|---|---|
| Title | Waldrup, et al. v. Countrywide Financial Corp., et al. <br> Williams, et al. v. Countrywide Financial Corp., et al. | | |

"because Nunez continues to object to the Settlement" that plaintiff's counsel found to be in the class's best interest "he stands in direct conflict with the Class and thus cannot continue to serve as an adequate Class Representative"). The Court is also concerned that Williams' objections may be premised, at least in part, on the benefits she will receive pursuant to the settlement if it is approved by the Court.

The Court further finds that no party will be prejudiced by removing Williams as class representative. The Court appointed three other plaintiffs to serve as class representatives—Waldrup, Reaster, and Murphy—to represent the class. See ECF No. 248. These individuals have signed the Settlement Agreement and are prepared to fulfill their obligations to the class. See Pitoun Decl., ¶ 7.

Accordingly, Williams shall be removed as a class representative, and class counsel shall be permitted to withdraw from representing Williams in any capacity, other than as class counsel if she chooses to remain in the class. See Nunez, 292 F. Supp. 3d at 1059-60 (citing Heit v. Van Ochten, 126 F. Supp. 2d 487, 494 (W.D. Mich. 2001), which held that class counsel "cannot represent" a class representative "because he objects to the Proposed Settlement, which Plaintiff's counsel argues is in the class's interest").

### III. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** plaintiffs' motion to remove Williams as a class representative. Plaintiffs' counsel shall be permitted to withdraw from representing Williams in any capacity other than as class counsel, if she chooses to remain in the class.

IT IS SO ORDERED.

|  | 00 : 19 |
|---|---|
| Initials of Preparer | CMJ |