UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BARBARA WALDRUP, individually and on behalf of other members of the public similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTRYWIDE FINANCIAL CORPORATION, et al.,<br><br>    Defendants.<br><br>ELIZABETH WILLIAMS, et al.,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTRYWIDE FINANCIAL CORPORATION, et al.<br><br>    Defendants. | Case No. 2:13-cv-08833-CAS-AGRx<br>*lead case*<br><br>(Consolidated with Case No. 2:16-cv-04166-CAS-AGRx)<br><br>**FINAL ORDER APPROVING SETTLEMENT AND DISMISSING ACTION WITH PREJUDICE**<br><br>Date:   July 13, 2020<br>Dept:  8D (8th Floor)<br>Judge: Hon. Christina A Snyder<br>          350 W. First Street<br>          Los Angeles, CA 90012 |

ACTIVE/101559598.10

# FINAL ORDER APPROVING SETTLEMENT AND DISMISSING ACTION WITH PREJUDICE

This matter having come before the Court on July 13, 2020, upon the Motion of plaintiffs Barbara Waldrup, Becky Reaster, and Rebecca Murphy ("Representative Plaintiffs"), individually and on behalf of a class of persons, for final approval of a settlement reached between the Parties, and upon review and consideration of the Settlement Agreement dated January 17, 2020 (the "Settlement Agreement" or "Agreement"), the exhibits to the Settlement Agreement, the evidence and arguments of counsel presented at the final Court Approval Hearing, and the submissions filed with this Court in connection with the Court Approval Hearing, IT IS HEREBY ORDERED and adjudged as follows:

1. The Settlement Agreement is hereby incorporated by reference into this Final Order Approving Settlement, Certifying Settlement Class, and Dismissing Action with Prejudice ("Order"), and are hereby adopted by this Court. Capitalized terms in this Order shall, unless otherwise defined herein, have the same meaning as in the Agreement.

2. For settlement purposes only, the Class, as that term is defined in the paragraph 1.06 of the Agreement, is found to meet the relevant requirements of FED. R. CIV. P. 23(a) and (b)(3).

3. For settlement purposes and pursuant to FED. R. CIV. P. 23(a) and (b)(3), the Court finally certifies the Class as defined in Paragraph 1.06 of the Agreement. If, for any reason, the Settlement does not become effective, this final certification for settlement purposes shall be null and void, and shall not be used or referred to for any purpose in the Action or any other action or proceeding.

4. The Court appoints Representative Plaintiffs Barbara Waldrup, Becky Reaster, and Rebecca Murphy as representatives of the Class, and finds that they meet the requirements of FED. R. CIV. P. 23.

ACTIVE/101559598.10

1

1        5.     The Court appoints the following lawyers as counsel to the Class, and
2 finds that these counsel meet the requirements of Fed. R. Civ. P. 23:

| | |
|---|---|
| Roland Tellis (SBN 186269) | Steve W. Berman (pro hac vice) |
| rtellis@baronbudd.com | steve@hbsslaw.com |
| Daniel Alberstone (SBN 105275) | Hagens Berman Sobol Shapiro LLP |
| dalberstone@baronbudd.com | 1918 Eighth Avenue, Suite 3300 |
| Mark Pifko (SBN 228412) | Seattle, Washington 98101 |
| mpifko@baronbudd.com | Telephone: (206) 623-7292 |
| Evan Zucker (SBN 266702) | Facsimile: (206) 623-0594 |
| ezucker@baronbudd.com | |
| Baron & Budd, P.C. | Christopher R. Pitoun (SBN 290235) |
| 15910 Ventura Boulevard, Suite 1600 | christopherp@hbsslaw.com |
| Encino, California 91436 | Hagens Berman Sobol Shapiro LLP |
| Telephone: (818) 839-2333 | 301 North Lake Avenue, Suite 920 |
| | Pasadena, California 91101 |
| | Telephone: (213) 330-7150 |
| | Facsimile: (213) 330-7152 |

       6.     The Court hereby approves the list of Successful Opt-Outs attached hereto as Exhibit A and determines that the list of Successful Opt-Outs is a complete list of all persons who have timely and validly requested exclusion from the Settlement, and accordingly, who shall neither share in nor be bound by this Order or the Agreement.

       7.     As set forth in the Class Notice, this Court convened the Court Approval Hearing 10:00 a.m. on July 13, 2020 in Courtroom 8D of the United States District Court for the Central District of California.

       8.     Pursuant to FED. R. CIV. P. 23(e), the Settlement of the Action, as embodied in the terms of the Settlement Agreement, is hereby finally approved as a

fair, reasonable, and adequate settlement of the Action in light of the factual, legal, practical, and procedural considerations raised by them.

9. The Court finds that mailed and publication notice previously given to Class Members in the Action was the best notice practicable under the circumstances, and satisfies the requirements of due process and FED. R.. CIV. P. 23. The Court further finds that, because (a) adequate notice has been provided to all Class Members and (b) all Class Members have been given the opportunity to object to, and/or request exclusion from, the Settlement, it has jurisdiction over all Class Members. The Court further finds that all requirements of statute (including but not limited to 28 U.S.C. § 1715), rule, and state and federal constitutions necessary to effectuate this Settlement have been met and satisfied.

10. After due consideration of the Parties' likelihood of success at trial; the range of Representative Plaintiffs Barbara Waldrup, Becky Reaster, and Rebecca Murphy's possible recovery; the complexity, expense, and duration of the litigation; the minimal opposition to the Settlement; the small number of Successful Opt-outs from the Settlement; the positive reaction of Class Members to the Settlement; the state of proceedings at which the Settlement was achieved; the nature of the complex negotiations and numerous mediations with Eric Green (of Resolutions LLC) leading to the Settlement; the litigation risks to the Representative Plaintiffs Barbara Waldrup, Becky Reaster, and Rebecca Murphy, the Class Members, and Defendants arising from Defendants' motions for summary judgment and decertification; the litigation risks to Representative Plaintiffs Barbara Waldrup, Becky Reaster, and Rebecca Murphy and the Class Members of maintaining class treatment through decertification and appeal; the litigation risks to Representative Plaintiffs Barbara Waldrup, Becky Reaster, and Rebecca Murphy and the Class Members from summary judgment, trial, and appellate proceedings in the Actions; all written submissions, affidavits, and arguments of counsel; and after notice and a hearing, this Court finds that the terms of the Settlement, the Agreement, and all exhibits thereto are fair, adequate, and reasonable,

and are in the best interest of the Class. Accordingly, the Agreement should be and is approved and shall govern all issues regarding the Settlement and all rights of the Parties, including the Class Members.

11. Upon consideration of Class Counsel's application for attorneys' fees and litigation costs, the aggregate amount of the Attorneys' Fee Award/Litigation Cost Award is hereby fixed at fifty-one million seven hundred thirty-one thousand fifty dollars and eighty-six cents ($51,731,050.86) consisting of forty-nine million three hundred sixty-four thousand eight hundred dollars and six cents ($49,364,800.06) in attorneys' fees and two million three hundred sixty-six thousand two hundred fifty dollars and eighty cents ($2,366,250.80) in litigation costs. This aggregate award covers, without limitation, any and all claims for attorneys' fees and litigation costs incurred by (a) Plaintiffs' Counsel, (b) any other counsel representing (or purporting to represent) Representative Plaintiffs Barbara Waldrup, Becky Reaster, and Rebecca Murphy or Class Members (or any of them), and (c) Representative Plaintiffs Barbara Waldrup, Becky Reaster, and Rebecca Murphy or the Class Members (or any of them) in connection with or related to any matter in the Consolidated Actions, the Settlement, the administration of the Settlement, and any of the matters or claims within the scope of the Release.

12. Upon consideration of Representative Plaintiffs Barbara Waldrup, Becky Reaster, and Rebecca Murphy's application for service awards to them, the amount of the Representative Plaintiffs Award for Barbara Waldrup, Becky Reaster, and Rebecca Murphy is hereby fixed at fifteen thousand dollars each ($15,000.00).

13. In accordance with the Agreement, and to effectuate the Settlement, Defendants shall cause:

    a) the Benefit Checks to be provided to Class Members (other than Successful Opt-Outs) in accordance with the terms of the Agreement;

b) the aggregate Attorney Fee Award and Litigation Cost Award made in Paragraph 11 above to be disbursed to Class Counsel in accordance with the terms of the Agreement; and

c) the Representative Plaintiffs Award made in Paragraph 12 above to be disbursed to Representative Plaintiffs Barbara Waldrup, Becky Reaster, and Rebecca Murphy in accordance with the terms of the Agreement.

14. The Action and all claims against all Defendants are hereby dismissed on the merits and with prejudice, and the Clerk is directed to enter the Judgment to that effect in the Action. The judgment shall be without costs to any Party except as expressly awarded herein.

15. Representative Plaintiffs Barbara Waldrup, Becky Reaster, and Rebecca Murphy, Plaintiffs' Counsel, and each Class Member (except those who are Successful Opt-Outs and appear on Exhibit A) shall be forever bound by this Order and the Agreement, including the Release and covenants not to sue set forth in paragraphs 4.01 to 4.03 of the Agreement providing as follows:

> 4.01 Upon Final Approval, Representative Plaintiffs Barbara Waldrup, Becky Reaster, and Rebecca Murphy and each Class Member who is not a Successful Opt-out, and each of their respective co-borrowers, co-applicants, spouses, children, executors, representatives, guardians, wards, heirs, estates, successors, predecessors, next friends, joint tenants, tenants in common, tenants by the entirety, co-borrowers, co-obligors, co-debtors, legal representatives, attorneys, agents, and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf, and each of them (collectively and individually, the "Releasing Persons"), will be deemed to have completely released and forever discharged Defendants, Countrywide, LandSafe, each of the Fee Panel Appraisers and Staff Appraisers who prepared the appraisals at issue

in the Consolidated Actions, each of the brokers, builders or sellers who arranged or were involved with the Loans or the transactions underlying the Loans, any person, entity or trust that held or holds an interest in the Loans, and each of Defendants' past, present, and future parents, predecessors, successors, partners, assigns, subsidiaries, affiliates, divisions, owners, shareholders, officers, directors, vendors, employees, attorneys, insurers, and agents (alleged or actual) (collectively and individually, the "Released Persons"), from any claim, right, demand, charge, complaint, action, cause of action, obligation, or liability of any and every kind—including without limitation (i) those known or unknown or capable of being known, (ii) those which are unknown but might be discovered or discoverable based upon facts other than or different from those facts known or believed at this time, including facts in the possession of and concealed by any Released Person, (iii) those accrued, unaccrued, matured or not matured from the beginning of the world until today; and (iv) those asserted by any of Representative Plaintiffs Barbara Waldrup, Becky Reaster, and Rebecca Murphy, whether individually or on behalf of any class or putative class, in the Consolidated Actions (collectively, the "Released Rights")—that arise out of and/or in any way concern (a) Released Rights that were asserted, or attempted to be asserted, in the Consolidated Actions; (b) appraisals obtained by LSA in connection with a mortgage loan application made to Countrywide during the Class Period, including without limitation all claims in any way concerning (i) conduct, acts, disclosures (written or oral), representations, and/or omissions by any of the Released Parties relating to appraisals or appraisal-related services; (ii) any practice, policy, and/or procedure of any of the Released Parties challenged in

the Consolidated Actions in any way concerning appraisals or appraisal-related services; (iii) conduct, acts, disclosures (written or oral), representations, and/or omissions by any of the Released Parties relating to the content, character, quality, fitness, cost, USPAP-compliance, or valuation of any appraisals or appraisal-related services; (iv) conduct, acts, disclosures (written or oral), representations, and/or omissions by any of the Released Parties relating to the charging or collection of any fees, charges or other amounts for appraisals or appraisal-related services; and (v) appraisal or appraisal-related services obtained from LandSafe; (c) all claims asserted or that could have been asserted in the Consolidated Actions; (d) any claim or theory that any act or omission by any of the Released Parties in connection with the making of or application for any of the Loans in any way relating to appraisals or appraisal-related services violates or violated any statute, regulation, law, USPAP or any other professional standard, and/or contract; (e) any claim or theory that Defendants (or any of them) are liable, whether directly or indirectly, for the conduct, acts and/or omissions of any appraiser who performed or prepared any of appraisals obtained from LandSafe in connection with the making of or application for any of the Loans; and (f) any violation and/or alleged violation of state and/or federal law, whether common law or statutory, arising from or relating to the conduct, acts and/or omissions described in this paragraph or alleged or described in the Consolidated Actions. This Release shall be included as part of any judgment, so that all released claims and rights shall be barred by principles of res judicata, collateral estoppel, and claim and issue preclusion.

      4.02     Upon Final Approval, the Releasing Persons each will

1  waive and release any and all provisions, rights, and benefits conferred
2  either (a) by Section 1542 of the California Civil Code, or (b) by any
3  law of any state or territory of the United States, or principle of
4  common law, which is similar, comparable, or equivalent to section
5  1542 of the California Civil Code, with respect to the claims released
6  pursuant to the paragraph above. Section 1542 of the California Civil
7  Code reads: "A general release does not extend to claims that the
8  creditor or releasing party does not know or suspect to exist in his or
9  her favor at the time of executing the release and that, if known by him
10 or her, would have materially affected his or her settlement with the
11 debtor or released party." Whether a beneficiary of California law or
12 otherwise, Representative Plaintiffs Barbara Waldrup, Becky Reaster,
13 and Rebecca Murphy and each of the Releasing Persons agree and
14 acknowledge that he or she may hereafter discover facts other than or
15 different from those that he or she knows or believes to be true with
16 respect to the subject matter of the claims released pursuant to the
17 terms of paragraph 4.01 above, but each of those individuals expressly
18 agree that, upon entry of the final judgment, he and she shall have
19 waived and fully, finally, and forever settled and released any known
20 or unknown, suspected or unsuspected, asserted or unasserted,
21 contingent or non-contingent claim with respect to the claims released
22 pursuant to paragraph 4.01 above, whether or not concealed or hidden,
23 without regard to subsequent discovery or existence of such different
24 or additional facts.

25       4.03    Upon Final Approval and Class Counsel's receipt of
26 the Attorney Fee/Litigation Cost Award, if any, made by the Court,
27 Class Counsel, for themselves and upon behalf of each of his, her, or
28 their present and former owners, predecessors, successors, partners,

shareholders, agents (alleged or actual), experts, representatives, employees and affiliates ("Attorney Releasors"), will unconditionally and irrevocably remise, waive, satisfy, release, acquit, and forever discharge each of the Defendants and Released Parties from any and all right, lien, title or interest in any attorneys' fee or award or any claim for reimbursement of costs in connection with the Consolidated Actions or the Released Rights, except as otherwise provided in this Agreement.

16. The Release set forth in paragraph 15 above and in the Agreement shall have res judicata and other preclusive effect in all pending and future claims, lawsuits, other proceedings maintained by or on behalf of Representative Plaintiffs Barbara Waldrup, Becky Reaster, and Rebecca Murphy, Class Members (except the Successful Opt-Outs), and all Releasing Persons with respect to matters and claims that are encompassed within the scope of the Release, as embodied in paragraphs 4.01 to 4.03 of the Agreement.

17. Defendants and any and all Released Persons are hereby released and forever discharged by Representative Plaintiffs Barbara Waldrup, Becky Reaster, and Rebecca Murphy, Class Members (except the Successful Opt-Outs), and all Releasing Persons from all matters and claims within the scope of the Release, as embodied in paragraphs 4.01 to 4.03 of the Agreement.

18. All objections, including the Allen, Mack, Fineout, Harper and Garland objections submitted in connection with the Settlement of this matter are considered and overruled in their entirety, for the reasons stated on the record at the final approval hearing.

19. Representative Plaintiffs Barbara Waldrup, Becky Reaster, and Rebecca Murphy, Plaintiffs' Counsel, Class Counsel, and each and every Class Member who is not a Successful Opt-Out are permanently enjoined from bringing, joining, assisting in, or continuing to prosecute against any Defendant or any Released Person any claim

that was brought in the Consolidated Actions or for which a release and covenant not to sue is being given under the Agreement.

20. This Order, the Agreement, any document referred to in this Order, any action taken to carry out this Order, any negotiations or proceedings related to any such documents or actions, and the carrying out of and entering into the terms of the Agreement, shall not be construed as, offered as, received as or deemed to be evidence, impeachment material, or an admission or concession with regard to any fault, wrongdoing or liability on the part of any Defendant or as to the appropriateness or permissibility of the certification of any class against any party in this or in any other action, or in any other judicial, administrative, regulatory action or other proceeding; provided, however, this Order may be filed in any action or proceeding against or by any of the parties to enforce the Agreement or to support a defense of *res judicata*, collateral estoppel, release, accord and satisfaction, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

21. The Parties may, by mutual agreement, amend, modify or expand the provisions of the Agreement, including all exhibits thereto, subject to the conditions and limitations as set forth in the Agreement.

22. In the event that Final Approval is not achieved for any reason, then the Agreement, this Order, the certification of the Settlement Class and all other terms herein, together with any other orders or rulings arising from or relating to the Agreement, shall be rendered null and void and be vacated.

23. Except as expressly provided for in this Order, the Settlement Agreement shall govern all matters incident to the administration of the Settlement hereafter, including as to deadlines, until further order of this Court or agreement of the Parties.

24. Without in any way affecting the finality of this Order and Judgment for purposes of appeal, this Court hereby retains jurisdiction as to all matters relating to

1 | the interpretation, administration, implementation, effectuation and/or enforcement
2 | of the Agreement and this Order.

3      25.    Pursuant to Federal Rule of Civil Procedure 41(a), the Consolidated Actions are hereby dismissed with prejudice and, except as expressly set forth herein, without costs or attorneys' fees as to any party.

     **IT IS SO ORDERED.**

Dated: July 16, 2020

*/s/ Christina A. Snyder*

HON. CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

# Exhibit A

*Waldrup v. Countrywide Financial Corporation, et al.*

Case 2:13-cv-08833-CAS-AGR consolidated with 2:16-cv-04166-CAS-AGR

Comprehensive list of successful Opt-Outs

Exhibit A

| No. | Name |
|---|---|
| 1 | Abbott, Leeann |
| 2 | Angelique, Stephens |
| 3 | Beverley Taffe |
| 4 | Biehle, Michael |
| 5 | Bier, Marla |
| 6 | Blasingham, Shelly |
| 7 | Briggs, Joan |
| 8 | Bustamante, Cruz |
| 9 | Cedar, Clifford B |
| 10 | Ducasse, Jean |
| 11 | Edwards, Charles D |
| 12 | Farina, Edith |
| 13 | Gamahe, Douglas |
| 14 | Gilliam, Rickey |
| 15 | Hagood, Edward |
| 16 | Janney, Clifton G |
| 17 | Johnson, Roberta |
| 18 | Kaledo, Larry |
| 19 | Larkin, Joan |
| 20 | Lerman, Cathy |
| 21 | Williams, Mathyngale |
| 22 | Miyares, Sergio |
| 23 | Nees, George |
| 24 | Randall, Pamela |
| 25 | Pignataro, Michael |
| 26 | Richards, Kenneth |
| 27 | Shields, Candace |
| 28 | Shock, Michael |
| 29 | Szmania, Daniel |
| 30 | Tatem, Kirk |
| 31 | Thompson, James M |
| 32 | Thompson, John Andrew |
| 33 | Wood, Panzegna |